Case 3:14-cr-00196-CRB   Document 372-1   Filed 07/25/14   Page 1 of 4

**EXHIBIT D**

**\*E-Filed: July 24, 2014\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>  v.<br><br>MIGUEL MIRANDA, ET AL.,<br><br>  Defendants.<br>_____/ | No. CR 11-00355 DLJ (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO VACATE THE PROTECTIVE ORDER; GRANTING IN PART AND DENYING IN PART UNITED STATES' MOTION FOR PROTECTIVE ORDER**<br><br>**[Re: Docket Nos. 259, 267]** |

Twenty-eight defendants are charged with engaging in a racketeering conspiracy, among other violations. Twenty-three defendants have agreed to be bound by a stipulated protective order ("SPO"), which provides that all materials produced by the government are designated "Discovery Materials" subject to various restrictions, including that defendants may only examine them in the presence of counsel. *See* Second Stip. Prot. Order re Disc. Materials, Dkt. No. 236 ("SPO"). Nineteen defendants, some of whom have not signed the SPO, now move to vacate the SPO or modify its terms because it is overbroad and imposes an undue burden on defendants, counsel, and the CJA budget. *See* Mot. Vacate Prot. Order, Dkt. No. 259 ("Mot."). The government opposes the motion and concurrently moves the court to enter its proposed "final" protective order as against all defendants, which proposed order incorporates several changes requested by Defendants. U.S. Opp'n Def.'s Mot. Vacate Prot. Order & Mot. Prot. Order, Dkt. No. 267. In their reply, Defendants maintain that two issues remain before the Court: (1) whether a blanket protective order on all

1 discovery materials produced by the government is justified; and (2) whether in custody defendants
2 should be permitted to retain copies of police reports. *See* Reply re Mot. Vacate Prot. Order, Dkt.
3 No. 271. Based on the moving and responding papers, as well as the arguments of counsel at the
4 hearing on July 17, 2014, the Court enters against all defendants the attached modified version of
5 the government's proposed protective order, which further addresses Defendants' concerns.
6 Accordingly, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to vacate
7 or modify the protective order, and the Court GRANTS IN PART and DENIES IN PART the
8 government's motion for protective order against all defendants.

9     Defendants first argue that the SPO is overbroad because it indiscriminately applies to all
10 material produced by the government, and such a blanket order is only appropriate in very limited
11 circumstances which are not present here. For example, in *U.S. v. Williams*, No. 13-cr-00764-
12 WHO-1, Judge Orrick issued an "initial protective order" to facilitate immediate disclosure of
13 documents in view of the massive volume of information (8 terabytes of data); however, the order
14 also included provisions to "declassify" the materials produced by the government which were not
15 in need of protection. Similarly, in *U.S. v. Chow*, No. CR 14-00196 CRB, Judge Breyer issued a
16 blanket protective order to avoid the enormous cost to the government of redacting sensitive
17 information. Here, however, Defendants contend that the discovery is nowhere near as voluminous,
18 and the government has already redacted any information that would jeopardize witness safety. In
19 particular, Defendants take issue with the fact that even materials made public during state court
20 proceedings are subject to restrictions under the SPO.

21     On the other hand, the government asserts that it made a good faith attempt to hastily redact
22 the materials to produce the discovery as soon as possible with the understanding that the materials
23 would be subject to protection as agreed upon by twenty-three defendants. As a result, considerable
24 sensitive information that could be used to identify potential witnesses was not redacted, and having
25 to go back and review the materials line by line to make further redactions would cause significant
26 delay.

27     The Court agrees with Defendants that not every document produced by the government
28 warrants protection, including those which have been officially made public in state court

1  proceedings. However, Defendants' primary requested relief, simply vacating the SPO under whose
2  terms the materials were produced, is not tenable. Rather, the Court agrees with the government
3  that a process by which materials are de-designated is a more fair solution. That being said, the
4  government's proposed procedure places entirely too much, if not all, of the burden of determining
5  which materials should not be protected on Defendants. Accordingly, the Court has modified the
6  government's proposed protective order to impose on the government an obligation to review the
7  materials it has initially designated as protected and notify Defendants of those which do not
8  warrant protection under the order. At the same time, Defendants have the right to challenge the
9  government's designation of specific material, in which case the parties must first meet and confer
10 in person before they may seek judicial determination by way of a joint letter.

11 As for the second issue, whether in custody defendants may retain police reports, the
12 government's main concern is that paper copies of police reports would be circulated by inmates,
13 ultimately reaching higher level gang members who may then "green-light" individuals they believe
14 to be cooperating with law enforcement based on those reports. At the hearing, the parties agreed
15 that in custody defendants would be permitted to retain police reports so long as they were stored in
16 password protected electronic format on a tablet, e-reader, or other digital media player. The parties
17 represented that they would work in good faith with representatives from the jail to accommodate
18 this proposal, and it was understood at the hearing that the jail may be amenable in view of the fact
19 that it has previously allowed inmates to have mp3 players. Accordingly, the Court has modified
20 the government's proposed order to incorporate this agreement.

21 Making the above modifications to the government's proposed protective order, the Court
22 enters the following attached Protective Order as against all defendants. Accordingly, Defendants'
23 motion to vacate or modify the SPO is GRANTED IN PART and DENIED IN PART; the
24 government's motion for protective order as against all defendants is GRANTED IN PART and
25 DENIED IN PART.

26 **IT IS SO ORDERED.**
27 Dated: July 24, 2014

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3