MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
SUSAN BADGER (CABN 124365)
S. WAQAR HASIB (CABN 234818)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-6753
    William.Frentzen@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. CR 14-196 CRB |
| v. | ) |
| | ) UNITED STATES' OPPOSITION TO MOTION |
| KWOK CHEUNG CHOW, et. al. | ) FOR RENEWED DETENTION HEARING BY |
| | ) DEFENDANT SULLIVAN |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

**INTRODUCTION**

    Defendant Sullivan was arrested on March 26, 2014, pursuant to a warrant for arrest issued by this Court.  That warrant was obtained based upon a finding of probable cause stemming from the sworn Affidavit of FBI Special Agent Emmanuel Pascua.  Shortly after, on April 3, 2014, a Grand Jury returned an Indictment against defendant Sullivan and others.  On April 21, 2014, defendant Sullivan had a lengthy detention hearing represented by two very experienced and talented attorneys, Randolph Daar, Esq., and Kurt Robinson, Esq., who both argued on his behalf.  At the conclusion of the hearing, the Court ordered defendant Sullivan detained pending trial.  On May 7, 2014, the Court issued a

1   detention order spelling out the Court's rationale for the determination that Sullivan was a danger to the

2   community such that no conditions or combination of conditions could assure the safety of other persons

3   and the community.  Docket No. 278.  On November 21, 2014, Sullivan filed a Motion requesting an

4   additional hearing regarding his detention.  Since defendant Sullivan has not demonstrated any change

5   in circumstance warranting a new detention hearing, the government respectfully submits that the

6   Motion should be denied without any new hearing.

7                                                       **ARGUMENT**

8          As the Court noted in its detention order, Docket No. 278 at 2, defendant was detained because:

9   ■   This is a presumption case pursuant to 18 U.S.C. § 3142(e);

10  ■   The case involves trafficking narcotics as well as trafficking firearms – including a fully

11         automatic weapon – and two ballistic vest;

12  ■   Defendant was charged with participating in a conspiracy to commit murder for hire and

13         conducted surveillance of a purported murder victim in a public place;

14  ■   The defendant sold fraudulent access devices to an undercover agent and was found in

15         possession of false identification cards at his residence;

16         In addition, through the hearing, the Court heard that defendant discussed having access to

17  hitmen and other individuals willing to commit violence and other crimes on his behalf.  Defendant did

18  all of this despite having a good education, a job, and an apparent ability to make money through

19  legitimate means.  Defendant commented that he committed crimes for the thrill and that he was

20  prepared to serve 10 years in prison.  All of defendant's communications with the undercover agent

21  were recorded and, therefore, the evidence of the offenses is strong.  Defendant's prior arrests and

22  conviction involved domestic violence incidents and trafficking marijuana (which corroborated his

23  statements to the undercover agent that he had a narcotics trafficking operation ongoing when they met).

24         Defendant has simply not offered any new circumstances through his Motion.  That an uncle

25  wants to post additional money in the form of a retirement account is commendable, but defendant

26  Sullivan already had an offer to post his mother's home when he was detained originally.  He was

27  detained as a danger to the community, not because he did not have adequate or viable sureties.

28         Defendant states in his Motion that he waited to review the discovery in the case to make his

                                                            2

1   renewed motion for release.  But defendant does not quote any of the recordings provided to him by the

2   government to refute any point made by the government at the original hearing or to refute any of the

3   findings announced by this Court in the detention order.

4          Defendant's Motion makes broad conclusory statements in an effort to persuade the Court that

5   perhaps he was entrapped into selling guns and conspiring to commit murder for hire.  But Sullivan does

6   not cite any particular conversations for that claim, as it is inaccurate.  In fact, Sullivan – along with

7   defendants Keith Jackson and Brandon Jackson – sold firearms to the undercover agent for profit and

8   not due to any inducement on the part of the undercover agent.  And the murder for hire was originally

9   arranged with defendant Roeun until defendant Keith Jackson informed the undercover agent that he and

10  his son and Sullivan wanted the opportunity to profit from the murder for hire, rather than the

11  undercover agent continuing to work with Roeun on that contract.  Therefore, Sullivan and that group

12  actually solicited the murder for hire opportunity away from defendant Roeun and they were not

13  entrapped or induced.

14         More important, Sullivan does not even address the discovery related to the crime that carries the

15  presumption of detention, the conspiracy to traffic narcotics.  That is likely because Sullivan repeatedly

16  solicited the undercover agents to provide him with narcotics for his trafficking operation.  Sullivan also

17  delivered $275,000 in cash in Princeton, New Jersey, for the purchase of what he believed was 10

18  kilograms of cocaine.  In short, Sullivan's review of the discovery did not provide him with arguments

19  to counter the proffer made by the government at the detention hearing.

20         Since there are no truly new circumstances, the Court should not require the government to

21  return to a second hearing to simply rehash the same argument that was made at the original detention

22  hearing.

23         In fact, the only issue that has newly arisen since defendant was ordered detained is that

24  defendant Sullivan may have an opportunity for a very early trial.  At a hearing on November 12, 2014,

25  the Honorable District Judge Charles R. Breyer determined that there should be a first trial of defendants

26  Keith Jackson and Senator Leland Yee on the charges in Count Two of the Superseding Indictment (the

27  so-called "campaign RICO" charge) and any other defendants and charges that should logically be tried

28  with that Count.  Judge Breyer further opined that the first trial of defendants could occur sometime

1  "early next year."  On November 19, 2014, the government filed an election to try all of the Counts

2  (other than the Chee Kung Tong RICO charge in Count One) against the following defendants: Keith

3  Jackson, Senator Yee, Brandon Jackson, Marlon Sullivan, Rinn Roeun, and Barry House.  While the

4  defendants have not yet responded, defendant Sullivan will have the opportunity to elect and agree to a

5  much earlier trial than previously anticipated: "early next year."  Therefore, defendant Sullivan could

6  have a relatively prompt trial – thus, obviating the potential that he would be detained long term without

7  being able to go to trial.  That is, unless defendant Sullivan – of his own choosing – decides to try to

8  avoid the first trial.

9  **CONCLUSION**

10         The government respectfully submits that defendant Sullivan's Motion should be denied without

11  any further hearing, and that he should remain detained pending trial.

12  Date:  November 26, 2014                          Respectfully submitted,

13                                                    MELINDA HAAG
                                                      United States Attorney

14                                                    /s/ William Frentzen

15                                                    WILLIAM FRENTZEN
                                                      SUSAN BADGER

16                                                    S. WAQAR HASIB
                                                      Assistant United States Attorneys

17

18

19

20

21

22

23

24

25

26

27

28