1  KUANG-BAO P. OU-YOUNG
2  1362 Wright Avenue
3  Sunnyvale, California 94087
4  (408) 736-7793
5  kbouyoung@yahoo.com
6
7  Defendant-Intervenor Applicant Pro Se

FILED
DEC - 8 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RECEIVED
DEC - 8 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8
9
10               UNITED STATES DISTRICT COURT
11           NORTHERN DISTRICT OF CALIFORNIA
12               SAN FRANCISCO DIVISION
13
14

| | | |
|---|---|---|
| 15 UNITED STATES OF AMERICA, | ) | Case No. CR14-00196CRB |
| 16 | ) | |
| 17     Plaintiff, | ) | |
| 18 | ) | DEFENDANT-INTERVENOR |
| 19   vs. | ) | APPLICANT'S NOTICE OF MOTIONS |
| 20 | ) | AND FIFTH MOTION TO INTERVENE |
| 21 KWOK CHEUNG CHOW, a/k/a "Raymond | ) | AND FOURTH MOTION TO |
| 22 Chow," a/k/a "Hai Jai," a/k/a "Shrimpboy," | ) | DISQUALIFY JUDGE |
| 23 et al, | ) | |
| 24 | ) | |
| 25     Defendants, | ) | Date: December 23, 2014 |
| 26 | ) | Time: 2:00 p.m. |
| 27 KUANG-BAO P. OU-YOUNG, | ) | Courtroom 8, 19th Floor |
| 28 | ) | Judge: Hon. William Alsup |
| 29     Defendant-Intervenor Applicant. | ) | |
| 30 | ) | |

31

32               **NOTICE OF MOTIONS AND MOTIONS**

33  TO PLAINTIFF, DEFENDANTS, AND THEIR COUNSELS OF RECORD:

34        PLEASE TAKE NOTICE that on December 23, 2014, at 2:00 p.m., or as soon thereafter

35  as the matter may be heard, in Courtroom 8, 19th Floor, San Francisco Courthouse, located at

36  450 Golden Gate Avenue, San Francisco, California, the Honorable William Alsup presiding,

37  applicant Kuang-Bao P. Ou-Young will, and hereby does move, for the Court's permission to

38  intervene in the present litigation. Simultaneously, applicant will, and hereby does move, to

39  disqualify district judge Charles R. Breyer as presiding judge in the present case. The motion to

1 | intervene is based on Federal Rule of Criminal Procedure 12(b)(3)(B), Civil L.R. 7-1(c), this

2 | notice of motions and motions, the memorandum of points and authorities set forth below, the

3 | pleadings and records on file in this case, and upon such further evidence and argument as the

4 | Court may consider at the time of the hearing on these motions.

5 | **STATEMENT OF FACTS**

6 |    1.  On February 2, 2010, applicant filed a civil case against the United States Postal

7 | Service (the "Postal Service") (Case No. C10-00464RS, "Docket A"). On June 10, 2011, district

8 | judge Richard Seeborg issued a summary judgment and dismissed the case. Doc. Nos. A53, A54.

9 |    2.  On May 31, 2012, applicant filed a civil case against four postal employees (Case

10 | No. C12-02789LHK, "Docket B"). Case C12-02789LHK resulted from the postal employees'

11 | presentation of false declarations in defense of the Postal Service in case C10-00464RS. As

12 | defense counsel in the case, U.S. attorney Melinda Haag and assistant U.S. attorney James A.

13 | Scharf moved to dismiss case C12-02789LHK on August 9, 2012. Doc. No. B20. On November

14 | 9, 2012, district judge Lucy H. Koh dismissed case C12-02789LHK. Doc. No. B28. Judge Koh

15 | denied applicant's motion to vacate the judgment dismissing case C12-02789LHK on June 10,

16 | 2013. Doc. No. B48.

17 |    3.  In response to judge Koh's denial of the motion to vacate judgment in case C12-

18 | 02789LHK, applicant filed a civil action on September 25, 2013 (Case No. C13-04442EMC,

19 | "Docket E"). As defense counsel in the case, U.S. attorney Haag and assistant U.S. attorney

20 | Claire T. Cormier moved to dismiss case C13-04442EMC on November 5, 2013. Doc. No. E24.

21 | On December 20, 2013, district judge Edward M. Chen dismissed case C13-04442EMC. With

22 | the same order, judge Chen subjected applicant's further complaints to "pre-filing review" by the

23 | "general duty judge." Doc. No. E40.

1    4.    Acting under judge Chen's order dismissing case C13-04442EMC, district judges

2    Ronald M. Whyte, Richard Seeborg, and Jeffery S. White dismissed applicant's subsequent

3    complaints before allowing applicant to file (Case Nos. C14-80017RMW, C14-80018RS, and

4    C14-80028JSW). These rulings were rendered solely to deny applicant procedural due process in

5    defiance of the Fifth Amendment of the Constitution. As a result, applicant submitted his second

6    petition for impeachment against named judges to members of the House Judicial Committee on

7    April 25, 2014.

8    5.    Substantial grounds for impeachment were left out of the April 25, 2014 petition

9    for the sake of brevity. Hence applicant brought a more detailed civil complaint to the San Jose

10   division on June 10. Still acting under judge Chen's order dismissing case C13-04442EMC,

11   deputy clerk Betty Walton assigned the complaint to district judge Beth Labson Freeman for

12   pre-filing review (Case No. C14-80174BLF, "Docket MF").

13   6.    As a follow-up to case C14-80174BLF, applicant submitted his third petition for

14   impeachment to members of the House Judicial Committee on July 2, 2014.

15   7.    As a second follow-up to case C14-80174BLF, applicant moved on July 7, 2014

16   to intervene in the present case. Doc. No. 344. On July 8, Judge Breyer denied the initial motion

17   to intervene before and without opposition from the U.S. attorney's office for the northern

18   district of California ("said U.S. attorney's office"). Doc. No. 345.

19   8.    In response to applicant's initial motion to intervene, judge Freeman dismissed

20   case C14-80174BLF on July 8, 2014 before allowing applicant to file. Doc. No. MF2.

21   9.    On July 22, 2014, applicant moved to intervene again and to disqualify judge

22   Breyer from the present case. Doc. No. 367. Judge Breyer denied the second motion to intervene

23   on July 24 before and without opposition from said U.S. attorney's office. Doc. No. 368.

1     10.     On July 24 or 25, 2014, said U.S. attorney's office filed a superceding indictment

2  against all defendants in the present case. Doc. Nos. 370, 371. In response, applicant moved to

3  intervene for the third time and to disqualify judge Breyer again on July 29. Doc. No. 385. Judge

4  Breyer denied the third motion to intervene on August 1 before and without opposition from said

5  U.S. attorney's office. Doc. No. 404.

6     11.     Applicant moved to intervene for the fourth time and to disqualify judge Breyer

7  for the third time on August 6, 2014. Doc. No. 411. Judge Breyer denied the fourth motion to

8  intervene on September 8 without opposition from said U.S. attorney's office. Doc. No. 472.

9     12.     On April 9, 2014, the U.S. Department of Justice ("USDOJ") instituted a criminal

10  action against ZAO Hewlett-Packard A. O. ("HP") (Case No. CR14-00201DLJ, "Docket CC").

11  As another follow-up to case C14-80174BLF, applicant moved on August 5 to intervene in case

12  CR14-00201DLJ and to vacate judge Chen's order dismissing case C13-04442EMC. Doc. No.

13  CC21. District judge D. Lowell Jensen denied both motions on August 21 without opposition

14  from USDOJ. Doc. No. CC22.

15     13.     On September 10, 2014, HP waived its right to prosecution by indictment and

16  consented to prosecution by information. Doc. No. CC25. On September 11, judge Jensen

17  sentenced HP to a $58,772,250.00 fine and a $ 1,600.00 special assessment. Doc. No. CC26.

18     14.     On September 25, 2014, U.S. attorney general, Eric H. Holder, Jr., announced his

19  resignation. Still, attorney general Holder would remain in office until the U.S. Senate confirmed

20  his replacement.

21     15.     On October 10, 2014, applicant submitted his fourth petition for impeachment to

22  members of the House Judicial Committee to replace his third petition for impeachment, ¶ 6.

23  Exhibit I.

24     16.     On October 31, 2014, judge Jensen retired from office.

17.     Applicant moved to intervene for the fifth time and to disqualify judge Breyer for the fourth time on November 12, 2014. Doc. No. 593. The hearing was set for November 26, but failed to take place. As a result, applicant filed both motions again on November 26. Doc. No. 607. The new hearing was set for December 11.

18.     On December 3, 2014, deputy clerk Barbara Espinoza put forth a notice vacating the December 11 hearing on plaintiff's November 26 motions, ¶ 17. Doc. No. 610.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. Said U.S. Attorney's Office Lacks Standing in Practicing before the Court

On July 8, 2014, judge Freeman dismissed the complaint in case C14-80174BLF before allowing applicant to file, ¶ 8. Because the dismissal was rendered without answer from said U.S. attorney's office, judge Freeman has acknowledged all claims in the complaint.

Claim 21 in the complaint in case C14-80174BLF shows that the motion to dismiss case C12-02789LHK interferes with *Scheuer v. Rhodes*, 416 U.S. 232 (1974). Claim 105 in the same complaint shows that the motion to dismiss case C13-04442EMC interferes with *Scheuer* as well as *Mireles v. Waco*, 502 U.S. 9 (1991). Accordingly, said U.S. attorney's office has fabricated both the motion to dismiss case C12-02789LHK and the motion to dismiss case C13-04442EMC in violation of 18 U.S.C. §§ 1509, 1512(b), and 1512(c).

Civil L.R. 11-6(a) provides:

**General.** In the event that a Judge has cause to believe that an attorney has engaged in unprofessional conduct, in addition to any action authorized by applicable law, the Judge may do any or all of the following:

(1) Refer the matter to the Court's Standing Committee on Professional Conduct; or
(2) Refer the matter to the Chief District Judge with the recommendation that an order to show cause be issued under Civil L.R. 11-7. ...

Until said violations of 18 U.S.C. 1509, 1512(b), and 1512(c) are resolved under Civil L.R. 11-6(a), said U.S. attorney's office lacks standing in practicing before the Court. Accordingly, the

1  current indictment filed by said U.S. attorney's office on July 24 or 25, ¶ 10, represents a defect.

2  More importantly, said U.S. attorney's office lacks jurisdiction in filing the current indictment.

3  The present case must be dismissed for lack of jurisdiction under Federal Rule of Criminal

4  Procedure 12(b)(3)(B).

5  **B. Attorney General Holder Has Acknowledged the Improprieties at Said U.S. Attorney's**
6     **Office**

7          Attorney general Holder's resignation shows his inability to justify the authorization of

8  the motion to dismiss case C13-04442EMC. Exhibit I at ¶¶ 67-68. Thus, attorney general Holder

9  himself has acknowledged the improprieties at said U.S. attorney's office. The present case must

10  be dismissed for lack of jurisdiction under Federal Rule of Criminal Procedure 12(b)(3)(B).

11  **C. Judge Jensen Has Covered up the Improprieties at Said U.S. Attorney's Office**

12          Judge Jensen denied applicant's motion to intervene in case CR14-00201DLJ as well as

13  applicant's motion to vacate judge Chen's dismissal of case C13-04442EMC, ¶ 12, on August

14  21, 2014 without opposition from USDOJ. Judge Jensen ruled that applicant filed both motions

15  to evade the pre-filing order embedded in judge Chen's dismissal of case C13-04442EMC. Doc.

16  No. CC22. Applicant's fourth petition for impeachment claims that the denial was rendered to

17  cover up the aforementioned improprieties at said U.S. attorney's office. Exhibit I at ¶¶ 137-139.

18  Unable to justify the denial, judge Jensen retired from office on October 31, 2014 to evade the

19  impending impeachment by the House Judiciary Committee. Thus, judge Jensen himself has

20  acknowledged cover-up of the aforementioned improprieties at said U.S. attorney's office.

21  **D. Judge Breyer Has Also Covered up the Improprieties at Said U.S. Attorney's Office**

22          Judge Breyer denied applicant's first, second, third, and fourth motions to intervene

23  without opposition from said U.S. attorney's office. As a result, judge Breyer will have to justify

24  the denials before the House Judiciary Committee. Exhibit I at ¶¶ 109-111, 115-120, 124-125.

25  Because judge Jensen was unable to justify his denial of the motion to intervene in case CR14-

1 | 00201DLJ, it stands to reason that judge Breyer will be unable to defend his denials of the first,

2 | second, third, and fourth motions to intervene in the present case. Hence the House Judiciary

3 | Committee will be obligated to impeach judge Breyer. And judge Breyer will be removed from

4 | office after conviction.

**E. Judge Breyer Should Recuse Himself from the Present Litigation**

6 | When judge Breyer is removed from office, all his orders in the present case will have to

7 | be vacated. The present case will be dismissed. USDOJ will incur substantial civil liabilities due

8 | to defendants in the present case as a result. There is no point in letting the present case drag on

9 | any longer to delay the inevitable.

**F. Judge Alsup Should Adjudicate on the Present Motion as the General Duty Judge**

28 U.S.C. § 455(a) provides:

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

Since it is reasonable to question judge Breyer's impartiality in ruling on applicant's second, third, and fourth motions to intervene and to disqualify judge, judge Breyer should have referred these motions to another judge for adjudication. Instead, judge Breyer denied applicant's second, third, and fourth motions to intervene and to disqualify judge in defiance of 28 U.S.C. § 455(a). Further, Civil L.R. 3-15 provides:

> Whenever an affidavit of bias or prejudice directed at a Judge of the Court is filed pursuant to 28 U.S.C. § 144, and the Judge has determined not to recuse him or herself and found that the affidavit is neither legally insufficient nor interposed for delay, the Judge shall refer the request for disqualification to the Clerk for random assignment to another Judge.

Instead of referring applicant's fifth motion to intervene and fourth motion to disqualify judge to the Clerk for random assignment to another Judge, judge Breyer directed deputy clerk Espinoza to vacate the November 26 hearing on these motions without notice, ¶ 17. Judge Breyer next

1  directed deputy clerk Espinoza to vacate the December 11 hearing on these motions with a notice

2  on December 3, ¶ 18.

3       Civil L.R. 7-1(c) provides:

4  **Unassigned Case or Judge Unavailable**. A motion may be presented to the
5  General Duty Judge or, if unavailable, to the Chief Judge or Acting Chief
6  Judge when:
7
8      (1) The assigned Judge is unavailable as defined in Civil L.R. 1-5(p) and an
9          emergency requires prompt action; or
10
11      (2) An order is necessary before an action can be filed.
12
13  Judge Breyer has avoided referring applicant's fifth motion to intervene and fourth motion to

14  disqualify judge to another judge, in defiance of Civil L.R. 3-15. Hence judge Alsup should rule

15  on both motions as the general duty judge at the San Francisco division for this month, pursuant

16  to Civil L.R. 7-1(c).

17                          **CONCLUSION**

18       Based on the above arguments, the Court should allow applicant to intervene in the

19  present litigation. At the same time, judge Breyer should be disqualified from the present case.

20       Respectfully submitted this 8th day of December 2014.

21
22  KUANG-BAO P. OU-YOUNG
23  1362 Wright Avenue
24  Sunnyvale, California 94087
25  (408) 736-7793
26  kbouyoung@yahoo.com
27
28  Defendant-Intervenor Applicant

# Exhibit I

## IN THE UNITED STATES HOUSE OF REPRESENTATIVES

## PETITION FOR IMPEACHMENT

Complainant Kuang-Bao P. Ou-Young, a citizen of the State of California and the United States, petitions the honorable House of Representatives of the United States for impeachment against the following civil officers:

D. Lowell Jensen, district judge, U.S. district court for the northern district of California;

Charles R. Breyer, district judge, U.S. district court for the northern district of California;

Ronald M. Whyte, district judge, U.S. district court for the northern district of California;

Jeffrey S. White, district judge, U.S. district court for the northern district of California;

Edward M. Chen, district judge, U.S. district court for the northern district of California;

Lucy H. Koh, district judge, U.S. district court for the northern district of California;

Richard Seeborg, district judge, U.S. district court for the northern district of California;

Edward J. Davila, district judge, U.S. district court for the northern district of California;

Beth L. Freeman, district judge, U.S. district court for the northern district of California;

Eric H. Holder, Jr., U.S. attorney general;

Melinda Haag, U.S. attorney for the northern district of California;

James A. Scharf, assistant U.S. attorney ("AUSA"), U.S. attorney's office for the northern district of California;

Claire T. Cormier, AUSA, U.S. attorney's office for the northern district of California;

Stacia Hylton, director of U.S. Marshals Service;

Donald M. O'Keefe, U.S. marshal for the northern district of California;

Mark Harwell, supervisory deputy U.S. marshal at the San Jose office of the U.S. marshal for the northern district of California;

Patrick R. Donahoe, U.S. postmaster general;

David A. Lebryk, commissioner for fiscal service (successor of financial management service ("FMS")), U.S. Department of the Treasury.

This petition is based on the federal criminal statutes against obstruction of justice in 18 U.S.C. §§ 1509, 1512(b), and 1512(c) as well as Section 4, Article II of the Constitution.

18 U.S.C. § 1509 prohibits interfering with the due exercise of rights under any order, judgment or decree of a court of the United States. 18 U.S.C. § 1512(b) prohibits tampering with witness in federal official proceedings. And 18 U.S.C. § 1512(c) prohibits tampering with federal official records. As a result of violation of any of these statutes, federal officials are subjected to impeachment under Section 4, Article II of the Constitution:

> The President, Vice President, and all civil Officers of the United States, shall be removed from Office on Impeachment for, and Conviction of, Treason, Bribery, or other high Crimes and Misdemeanors.

This petition asserts that the aforementioned federal officers have violated 18 U.S.C. §§ 1509, 1512(b), and 1512(c) in a series of lawsuits which complainant filed with the U.S. district court for the northern district of California (the "district court"). Upon proof of liability for the claimed **criminal offenses, these civil officers must be impeached and removed from office.**

This petition for impeachment represents an amendment to the petition that complainant submitted on July 2, 2014. As a result, the present petition replaces the July 2 petition.

## STATEMENT OF FACTS

1.      On February 2, 2010, complainant filed a civil case against the United States Postal Service (the "Postal Service", "USPS") with the district court (Case No. 5:10-cv-00464-RS (C10-00464RS), "Docket A"). On June 10, 2011, judge Seeborg issued a summary judgment and dismissed the case. Doc. Nos. A53, A54.

2.      On May 31, 2012, complainant filed a civil case against four postal employees (Case No. 5:12-cv-02789-LHK (C12-02789LHK), "Docket B"). Case C12-02789LHK resulted

from the postal employees' presentation of false declarations in defense of the Postal Service in case C10-00464RS.

3.      On August 9, 2012, U.S. attorney Haag and AUSA Scharf moved to dismiss case C12-02789LHK. Doc. No. B20.

4.      On November 9, 2012, judge Koh dismissed case C12-02789LHK. Doc. No. B28.

5.      On December 5, 2012, complainant moved to vacate the judgment dismissing case C12-02789LHK and to disqualify judge Koh from the case. Doc. Nos. B34, B36.

6.      On June 10, 2013, judge Koh denied complainant's December 5, 2012 motions to vacate judgment and to disqualify herself from case C12-02789LHK. Doc. No. B48.

7.      In response to judge Koh's denial of the motion to vacate judgment in case C12-02789LHK, complainant filed a civil action on September 25, 2013 (Case No. 3:13-cv-04442-EMC (C13-04442EMC), "Docket E").

8.      On November 5, 2013, U.S. attorney Haag and AUSA Cormier moved to dismiss case C13-04442EMC. Doc. No. E24.

9.      On November 14, 2013, U.S. attorney Haag and AUSA Cormier moved to declare complainant a vexatious litigant in case C13-04442EMC. Doc. No. E28.

10.      On December 13, 2013, complainant moved to disqualify judge Chen from case C13-04442EMC for the third time. Doc. No. E38.

11.      Judge Chen denied complainant's third motion to disqualify judge Chen himself from case C13-04442EMC on December 20, 2013. Simultaneously, judge Chen dismissed case C13-04442EMC. Doc. No. E40. Judge Chen then subjected complainant's further complaints to "pre-filing review" by the "general duty judge" based on the November 14 motion to declare complainant a vexatious litigant, ¶ 9. *Ditto* at 16-17.

> Plaintiff must obtain leave of court before filing any further suits alleging any violations of the federal criminal statutes, pursuant to 18 U.S.C. § 1512(b), 18

U.S.C. § 1512(c), and 18 U.S.C. § 371, and the FTCA, codified at 28 U.S.C. § 2671 *et seq.*, involving parties that he named in the current case, or *Ou-Young I*, *Ou-Young II*, *Ou-Young III*, and *Ou-Young IV*, previously filed in the Court. The clerk of this Court shall not accept for filing any further complaints filed by Plaintiff alleging any claims described herein until that complaint has first been reviewed by a judge of this court and approved for filing. The pre-filing review will be made by the general duty judge who will determine whether Plaintiff has stated a potentially cognizable claim in a short intelligible and plain statement.

12.     In response to judge Chen's dismissal of case C13-04442EMC, complainant

lodged a complaint at the clerk's office of the San Jose division of the district court on January

23, 2014 (Case No. 5:14-mc-80017-RMW (C14-80017RMW), "Docket MA"). Rule 1-5(m) of

the district court's Civil Local Rules defines "lodge" as:

> When a statute, rule or order permits a document to be submitted to the Court but does not permit the document to be "filed" (e.g., settlement conference statement, deposition transcripts or a proposed trial exhibit), the document may be "lodged" with the Clerk's office. The Clerk will stamp the document "received" and promptly deliver it to the Chambers of the Judge for whom the document is intended.

Acting under judge Chen's dismissal order, the receiving clerk assigned the lodged complaint to

judge Whyte for pre-filing review.

13.     In response to judge Chen's dismissal of case C13-04442EMC, complainant

lodged a complaint at the clerk's office of the San Francisco division of the district court on

January 24, 2014 (Case No. 3:14-mc-80018-RS (C14-80018RS), "Docket MB"). Acting under

judge Chen's dismissal order, the receiving clerk assigned the lodged complaint to judge Seeborg

for pre-filing review.

14.     On January 30, 2014, judge Whyte dismissed case C14-80017RMW, ¶ 12, before

allowing complainant to file. Doc. No. MA4.

15.     In response to judge Chen's dismissal of case C13-04442EMC, ¶ 11, complainant

lodged a complaint at the clerk's office of the Oakland division of the district court on February

3, 2014 (Case No. 4:14-mc-80028-JSW (C14-80028JSW), "Docket MC"). Acting under judge

Chen's dismissal order, the lodged complaint was later assigned to judge Davila for pre-filing review. The lodged complaint was assigned to judge White immediately after judge Davila recused himself from the case. Doc. Nos. MC2, MC3.

16.     In response to judge Whyte's dismissal of case C14-80017RMW, complainant filed a complaint against judge Whyte and judge Chen at the San Jose division of the district court on February 6, 2014. Upon receipt of the complaint, deputy clerk Betty Walton issued a summons, a scheduling order, and a case number to complainant (Case No. C14-00567HRL). Exhibits I-III. Deputy clerk Betty Walton was mistakenly identified as Betty Watson previously.

17.     The complaint in case C14-00567HRL asserts just one claim: (Exhibit III at 6)

> Judge Whyte's January 30, 2014 dismissal order in conjunction with judge Chen's December 20, 2013 dismissal order have denied plaintiff procedural due process in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.

The claim alleged no violations of 18 U.S.C. §§ 371, 1512(b), 1512(c) or 28 U.S.C § 2671 *et seq*. Further, the claim named only judge Whyte and judge Chen as defendants. Neither judge Whyte nor judge Chen was named a defendant in case C14-04442EMC or the preceding cases. As a result, pre-filing review does not apply to the complaint in case C14-00567HRL under judge Chen's order dismissing case C13-04442EMC, ¶ 11. Still, deputy clerk Walton later cancelled case C14-00567HRL and assigned the complaint to judge White for pre-filing review (Case No. 3:14-mc-80030-JSW (C14-80030JSW), "Docket ME").

18.     On February 7, 2014, judge Seeborg dismissed case C14-80018RS, ¶ 13, before allowing complainant to file. Doc. No. MB2.

19.     On February 13, 2014, complainant brought a criminal complaint against clerk Walton to the San Jose courthouse of the district court. Exhibit IV. Complainant had intended to swear to the truthfulness of the complaint before judge Jensen under Rule 3 of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."). Specifically, Rule 3 provides:

> The complaint is a written statement of the essential facts constituting the offense charged. Except as provided in Rule 4.1, it must be made under oath before a magistrate judge or, if none is reasonably available, before a state or local judicial officer.

Rule 1(c) of Fed. R. Crim. P., in turn, provides: "When these rules authorize a magistrate judge to act, any other federal judge may also act."

20.     After security at the courthouse entrance cleared complainant, deputy marshal Harwell ordered complainant to file the criminal complaint at the clerk's office. Deputy clerk Walton herself received the complaint and issued a receipt to complainant afterwards.

21.     On February 25, 2014, complainant mailed a crime report to both director Hylton and marshal O'Keefe concerning deputy marshal Harwell's misconduct on February 13 (USPS Tracking Nos. 9114901230801375041513, 37). Exhibit V.

22.     Due to the lack of response from either director Hylton or marshal O'Keefe, complainant submitted a petition for impeachment against judge Whyte, judge Chen, director Hylton, marshal O'Keefe, and deputy marshal Harwell to the House Judiciary Committee on March 11, 2014. The petition was sent initially to six members of the Committee by the Postal Service's priority mail on March 10, 2014 (USPS Tracking Nos. 9114901230801375051284, 307). Exhibit VI.

23.     On March 18, 2014, USPS tracking showed that complainant's March 11 petition for impeachment was available for pickup at 11:49 a.m. Eastern time. *See* Exhibit VI.

24.     On March 19, 2014, Financial Management Service ("FMS") of the Treasury Department notified complainant about collecting certain debts referred by the Postal Service (Case Nos. 2014083221A, 3486A, 3493A, 3749A, 3879A, 3967A, 4066A, 4303A). Exhibit VII. The Postal Service started sending complainant monthly notice about these debts on September 27, 2010, while case C10-00464RS was pending. The Postal Service mailed the last monthly notice on January 22, 2014, after judge Chen dismissed case C14-04442EMC, ¶ 11. Exhibit VIII.

25.     On March 21, 2014, USPS tracking showed that complainant's March 11 petition for impeachment, ¶ 22, was delivered on March 18 at 7:38 a.m. Eastern time. Exhibit IX.

26.     On March 24, 2014, complainant sent the March 11 petition for impeachment to nine additional members of the House Judiciary Committee by Fedex ground. Exhibit X.

27.     Also on March 24, 2014, complainant informed FMS that the debts referred by the Postal Service, ¶ 24, were still under litigation. FMS replied that the collection process would continue regardless.

28.     Still on March 24, 2014, the U.S. Department of Justice ("USDOJ") instituted a criminal action against a certain individual a/k/a "Raymond Chow" and others (Case No. 3:14-cr-00196-CRB (CR14-00196CRB), "Docket CA").

29.     On March 26, 2014, judge White dismissed case C14-80028JSW, ¶ 15, before allowing complainant to file. Doc. No. MC4.

30.     Also on March 26, 2014, judge White dismissed case C14-80030JSW, ¶¶ 16-17, before allowing complainant to file. Doc. No. ME2.

31.     On March 28, 2014, Fedex tracking showed that the petition for impeachment sent on March 24, ¶ 26, was delivered at 1:15 p.m. Eastern time. *See* Exhibit X.

32.     On April 3, 2014, FMS informed complainant that collection of the debts still under litigation, ¶ 27, had been suspended.

33.     On April 9, 2014, USDOJ instituted a criminal action against ZAO Hewlett-Packard A.O. ("HP") (Case No. 5:14-cr-00201-DLJ (CR14-00201DLJ), "Docket CC").

34.     On April 25, 2014, complainant submitted a revised petition for impeachment to those members of the House Judiciary Committee who had received the March 11 petition for impeachment, ¶¶ 22, 26.

35.     For the sake of brevity, substantial grounds for impeachment were left out of the April 25, 2014 petition. As a result, complainant brought a more detailed complaint to the district court on June 10, 2014. Acting under judge Chen's order dismissing case C13-04442EMC, the receiving clerk assigned the complaint to judge Freeman for pre-filing review (Case No. 5:14-mc-80174-BLF (C14-80174BLF), "Docket MF").

36.     On July 1, 2014, Continental Service Group, Inc. ("ConServe"), a private debt collection agency, notified complainant about collecting certain debts referred by FMS, ¶¶ 24, 32, (Case Nos. 2014083221, 3486, 3493, 3879, 3967, 4066, 4303). Exhibit XI.

37.     As a follow-up to case C14-80174BLF, complainant submitted a third petition for impeachment on July 2, 2014 to those members of the House Judiciary Committee who received the April 25 petition, ¶ 34, previously (Fedex Tracking No. 448373710025615).

38.     As a second follow-up to case C14-80174BLF, complainant moved on July 7, 2014 to intervene in case CR14-00196CRB, ¶ 28. On July 8, judge Breyer denied the motion without and before USDOJ's opposition. Doc. Nos. CA344, CA345.

39.     In response to complainant's initial motion to intervene in case CR14-00196CRB, judge Freeman dismissed case C14-80174BLF on July 8, 2014, before allowing complainant to file. Doc. No. MF2.

40.     On July 17, 2014, complainant lodged a civil complaint against judge Breyer as well as a civil complaint against judge Freeman at the San Jose division of the district court. Acting under judge Chen's order dismissing case C12-04442EMC, deputy clerk Walton assigned both complaints to judge Davila for pre-filing review (Case No. 5:14-cv-80214-EJD (C14-80214EJD), "Docket MG" & Case No. 5:14-cv-80215-EJD (C14-80215EJD), "Docket MH").

41.     Also on July 17, 2014, USDOJ instituted a criminal action against Fedex Corp. as well as its two subsidiaries (Case No. 3:14-cr-00380-CRB (CR14-00380CRB), "Docket CB").

42.     On July 22, 2014, complainant moved to intervene in case CR14-00196CRB again, ¶ 38, and to disqualify judge Breyer from the case. On July 24, Judge Breyer denied the second motion to intervene without and before USDOJ's opposition. Doc. Nos. CA367, CA368.

43.     On July 29, 2014, plaintiff moved to intervene in case CR14-00196CRB for the third time and to disqualify judge Breyer again from the case. On August 1, judge Breyer denied the motion to intervene without and before USDOJ's opposition. Doc. Nos. CA385, CA404.

44.     Also on July 29, 2014, judge Davila dismissed case C14-80214EJD as well as case C14-80215EJD, ¶ 40, before allowing complainant to file. Doc. Nos. MG2, MH2.

45.     On August 6, 2014, complainant moved to intervene in case CR14-00196CRB for the fourth time and to disqualify judge Breyer from the case for the third time. Doc. No. CA411. On August 14, deputy clerk Barbara Espinoza put forth a notice vacating the August 20 hearing on both motions. Doc. No. CA420.

46.     Also on August 14, 2014, defendant Keith Jackson in case CR14-00196CRB moved to compel USDOJ to produce documents and information about former FBI undercover agent 4733 ("UCE-4733"). Doc. No. CA424.

47.     On September 8, 2014, judge Breyer denied the fourth motion to intervene in case CR14-00196CRB, ¶ 45, without USDOJ's opposition. Doc. No. CA472.

48.     On September 10, 2014, USDOJ opposed the motion to compel in case CR14-00196CRB, ¶ 46. Doc. No. CA479. In the opposition, USDOJ stated that it was ready for an *ex-parte* submission of the information concerning UCE-4733 for judge Breyer's *in camera* review. On September 16, judge Breyer granted USDOJ's request for *ex-parte* submission and continued the September 24 hearing on the motion to compel until a later date. Doc. No. CA485.

49.     As a third follow-up to case C14-80174BLF, complainant moved on August 1, 2014 to intervene in case CR14-00380CRB, ¶ 41, and to disqualify judge Breyer from the case.

Judge Breyer denied the motion to intervene without and before USDOJ's opposition on August

5. Doc. Nos. CB23, CB26.

     50.     On August 19, 2014, complainant moved to intervene in case CR14-00380CRB

and to disqualify judge Breyer from the case again. On August 27, judge Breyer denied the

second motion to intervene without USDOJ's opposition. Doc. Nos. CB33, CB35.

     51.     Also on August 27, 2014, judge Breyer issued a pre-filing order in case CR14-

00380CRB directing that the clerk of the court should not accept for filing any further motions

to intervene in any criminal cases filed by complainant until that motion was first reviewed by

judge Breyer himself. Doc. No. CB36.

     52.     As a fourth follow-up to case C14-80174BLF, complainant moved on August 5,

2014 to intervene in case CR14-00201DLJ, ¶ 33, and to vacate judge Chen's order dismissing

case C13-0442EMC, ¶ 11. Without USDOJ's opposition, judge Jensen denied both motions on

August 21. Doc. Nos. CC21, CC22.

     53.     On September 10, 2014, HP, the defendant in case CR14-00201DLJ, waived its

right to prosecution by indictment and consented to prosecution by information. Doc. No. CC25.

On September 11, judge Jensen sentenced HP to a $58,772,250.00 fine as well as a $1,600.00

special assessment. Doc. No. CC26.

     54.     On September 25, 2014, attorney general Holder announced his resignation. Still,

attorney general Holder would remain in office until the U.S. Senate confirmed his replacement.

### GROUNDS FOR IMPEACHMENT

     55.     On August 9, 2012, U.S. attorney Haag and AUSA Scharf moved to dismiss case

C12-02789LHK, ¶ 3, based essentially on the private right of action theory. Doc. No. B20 at 18.

However, the Supreme Court has held:

> These considerations suggest that, in varying scope, a qualified immunity is
> available to officers of the executive branch of government, the variation being

dependent upon the scope of discretion and responsibilities of the office and all the circumstances as they reasonably appeared at the time of the action on which liability is sought to be based.

*Scheuer v. Rhodes*, 416 U.S. 232, 247 (1974). Based on the ruling, all defendants in case C12-02789LHK lacked immunity from the criminal claims in the complaint. "Further proceedings, either by way of summary judgment or by trial on the merits, are required. The complaining parties are entitled to be heard more fully than is possible on a motion to dismiss a complaint." *Ditto* at 250. Hence the motion to dismiss case C12-02789LHK interferes with *Scheuer*. U.S. attorney Haag and AUSA Scharf have violated 18 U.S.C. § 1509.

56.     Because the motion to dismiss case C12-02789LHK interferes with *Scheuer*, U.S. attorney Haag and AUSA Scharf have fabricated the motion and violated 18 U.S.C. § 1512(c).

57.     U.S. attorney Haag and AUSA Scharf moved to dismiss case C12-02789LHK to intimidate complainant into abandoning the case, thereby violating 18 U.S.C. § 1512(b).

58.     On November 9, 2013, judge Koh dismissed case C12-02789LHK based on the private right of action theory as well, ¶ 4. Doc. No. B28 at 6-7. Because judge Koh dismissed case C12-02789LHK without a motion for summary judgment from either U.S. attorney Haag or AUSA Scharf, the dismissal order interferes with *Scheuer*. Accordingly, judge Koh has violated 18 U.S.C. § 1509.

59.     Because dismissal of case C12-02789LHK interferes with *Scheuer*, judge Koh has fabricated the order and violated 18 U.S.C. § 1512(c).

60.     Judge Koh dismissed case C12-02789LHK in order to intimidate complainant into abandoning the case, thereby violating 18 U.S.C. § 1512(b).

61.     28 U.S.C. § 144 provides:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any

adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Judge Koh should have recused herself from case C12-02789LHK after complainant's December 5, 2012 motion to disqualify judge Koh herself from the case. ¶ 5. Yet on June 10, 2013, judge Koh persisted in denying complainant's December 5, 2012 motion to vacate judgment in case C12-02789LHK. ¶ 6. Thus, judge Koh's order denying complainant's motion to vacate judgment in case C12-02789LHK interferes with 28 U.S.C. § 144 and violates 18 U.S.C. § 1509.

62.     Since denial of complainant's motion to vacate judgment in case C12-02789LHK interferes with 28 U.S.C. § 144, judge Koh has fabricated the order and violated 18 U.S.C. § 1512(c).

63.     Judge Koh denied the motion to vacate judgment in case C12-02789LHK so as to intimidate complainant into abandoning the case, thereby violating 18 U.S.C. § 1512(b).

64.     On November 5, 2013, U.S. attorney Haag and AUSA Cormier moved to dismiss case C13-04442EMC, ¶ 8, based in part on the presumption that judge Koh was "absolutely immune from civil liability for damages for [her] judicial acts." Doc. No. E24 at 6. Yet the Supreme Court has held that "a judge is not absolutely immune from criminal liability." *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Ex parte Virginia*, 100 U.S. 339, 348-349 (1880)). "Further proceedings, either by way of summary judgment or by trial on the merits, are required. The complaining parties are entitled to be heard more fully than is possible on a motion to dismiss a complaint." *Scheuer* at 250. Because the motion to dismiss case C13-04442EMC interferes with both *Mireles* and *Scheuer*, U.S. attorney Haag and AUSA Cormier have violated 18 U.S.C. § 1509.

65.     Because the motion to dismiss case C13-04442EMC interferes with both *Mireles* and *Scheuer*, U.S. attorney Haag and AUSA Cormier have fabricated the motion and violated 18 U.S.C. § 1512(c).

66. U.S. attorney Haag and AUSA Cormier moved to dismiss case C13-04442EMC to intimidate complainant into abandoning the case, thereby violating 18 U.S.C. § 1512(b).

67. As a defendant in the case, attorney general Holder authorized the motion to dismiss case C13-04442EMC, thereby violating 18 U.S.C. § 1512(c).

68. Attorney general Holder authorized the motion to dismiss case C13-04442EMC to intimidate complainant into abandoning the case, thereby violating 18 U.S.C. § 1512(b).

69. On November 14, 2013, U.S. attorney Haag and AUSA Cormier moved to declare complainant a vexatious litigant in case C13-04442EMC, ¶ 9, based in part on the fact that judge Koh dismissed case C12-02789LHK on November 9, 2012. Doc. No. E28 at 5. Because judge Koh's order dismissing case C12-02789LHK interferes with *Scheuer*, *see* ¶ 58, so does the motion to declare complainant a vexatious litigant in case C13-04442EMC. Thus, U.S. attorney Haag and AUSA Cormier have violated 18 U.S.C. § 1509.

70. Because the motion to declare complainant a vexatious litigant in case C13-04442EMC interferes with *Scheuer*, U.S. attorney Haag and AUSA Cormier have fabricated the motion and violated 18 U.S.C. § 1512(c).

71. U.S. attorney Haag and AUSA Cormier moved to declare complainant a vexatious litigant in case C13-04442EMC so as to intimidate complainant into abandoning the case, thereby violating 18 U.S.C. § 1512(b).

72. As a defendant in the case, attorney general Holder authorized the motion to declare complainant a vexatious litigant in case C13-04442EMC, thereby violating 18 U.S.C. § 1512(c).

73. Attorney general Holder authorized the motion to declare complainant a vexatious litigant in case C13-04442EMC to intimidate complainant into abandoning the case, thereby violating 18 U.S.C. § 1512(b).

74.     Judge Chen should have recused himself from case C13-04442EMC after complainant's third motion to disqualify judge Chen himself from the case, ¶ 10. Still, judge Chen persisted in dismissing case C13-04442EMC on December 20, 2013 without a motion for summary judgment from either U.S. attorney Haag or AUSA Cormier, ¶ 11. Hence the order dismissing case C13-04442EMC interferes with 28 U.S.C § 144 as well as *Scheuer*. Judge Chen has violated 18 U.S.C. § 1509.

75.     Because dismissal of case C13-04442EMC interferes with 28 U.S.C § 144 as well as *Scheuer*, judge Chen has fabricated the order and violated 18 U.S.C. § 1512(c).

76.     Judge Chen dismissed case C13-0442EMC so as to intimidate complainant into abandoning the case, thereby violating 18 U.S.C. § 1512(b).

77.     Acting under color of judge Chen's order dismissing case C13-04442EMC, judge Whyte dismissed case C14-80017RMW on January 30, 2014 before allowing complainant to file, ¶ 14. Because judge Chen's order dismissing case C13-04442EMC interferes with *Scheuer*, *see* ¶ 74, so does judge Whyte's order dismissing case C14-80017RMW. Besides, by dismissing case C14-80017RMW before allowing complainant to file, judge Whyte has denied complainant procedural due process guaranteed by the Fifth Amendment of the Constitution. Judge Whyte has violated 18 U.S.C. § 1509.

78.     Because dismissal of case C14-80017RMW interferes with *Scheuer* as well as denies complainant procedural due process, judge Whyte has fabricated the order and violated 18 U.S.C. § 1512(c).

79.     Judge Whyte dismissed case C14-80017RMW so as to intimidate complainant into abandoning the case, thereby violating 18 U.S.C. § 1512(b).

80.     Acting under color of judge Chen's order dismissing case C13-04442EMC, judge Seeborg dismissed case C14-80018RS on February 7, 2014 before allowing complainant to file,

¶ 18. Because dismissal of case C14-80018RS interferes with *Scheuer* and the Fifth Amendment of the Constitution, *see* ¶ 77, judge Seeborg has violated 18 U.S.C. § 1509.

81.     Because dismissal of case C14-80018RS interferes with *Scheuer* as well as denies complainant procedural due process, judge Seeborg has fabricated the order and violated 18 U.S.C. § 1512(c).

82.     Judge Seeborg dismissed case C14-80018RS so as to intimidate complainant into abandoning the case, thereby violating 18 U.S.C. § 1512(b).

83.     On February 13, 2014, deputy marshal Harwell misdirected complainant at the entrance of the San Jose courthouse of the district court, ¶¶ 19-20. In so doing, deputy marshal Harwell has interfered with Rule 3 of Fed. R. Crim. P. and violated 18 U.S.C. § 1509.

84.     Deputy marshal Harwell knowingly prevented complainant's criminal complaint against deputy clerk Walton from reaching judge Jensen, thereby violating 18 U.S.C. § 1512(c).

85.     Deputy marshal Harwell prevented complainant's criminal complaint against deputy clerk Walton from reaching judge Jensen so as to intimidate complainant into abandoning case C14-00567HRL. In so doing, deputy marshal Harwell has violated 18 U.S.C. § 1512(b).

86.     Marshal O'Keefe has failed to respond to complainant's crime report in case C14-00567HRL against deputy marshal Harwell, ¶¶ 19-22, thereby violating 18 U.S.C. § 1512(c).

87.     Marshal O'Keefe refused to respond to complainant's crime report in case C14-00567HRL to intimidate complainant into abandoning the case, thereby violating 18 U.S.C. § 1512(b).

88.     As a defendant in case C13-04442EMC, attorney general Holder authorized marshal O'Keefe's inaction in case C14-00567HRL, ¶ 86, thereby violating 18 U.S.C. § 1512(c).

89.     Attorney general Holder authorized marshal O'Keefe's inaction in case C14-00567HRL to intimidate complainant into capitulation, thereby violating 18 U.S.C. § 1512(b).

90.     Director Hylton has failed to respond to complainant's crime report in case C14-00567HRL against deputy marshal Harwell, ¶¶ 19-22, thereby violating 18 U.S.C. § 1512(c).

91.     Director Hylton refused to respond to complainant's crime report in case C14-00567HRL to intimidate complainant into abandoning the case, thereby violating 18 U.S.C. § 1512(b).

92.     As a defendant in case C13-04442EMC, attorney general Holder authorized director Hylton's inaction in case C14-00567HRL, ¶ 90, thereby violating 18 U.S.C. § 1512(c).

93.     Attorney general Holder authorized director Hylton's inaction in case C14-00567HRL to intimidate complainant into abandoning the case, thereby violating 18 U.S.C. § 1512(b).

94.     On March 18, 2014, USPS tracking showed that complainant's March 11 petition for impeachment was available for pickup at 11:49 a.m. Eastern time, ¶ 23. Yet on March 21, USPS tracking showed that the same petition was delivered on March 18 at 7:38 a.m. Eastern time. ¶ 25. The inconsistency shows that postmaster general Donahoe authorized fabrication of USPS tracking of the March 11 petition, thereby violating 18 U.S.C. § 1512(c).

95.     Postmaster general Donahoe authorized fabrication of USPS tracking record of complainant's March 11 petition for impeachment to intimidate complainant into abandoning case C12-02789LHK as well as the succeeding cases, thereby violating 18 U.S.C. § 1512(b).

96.     As the substitute defendant in case C10-00464RS, postmaster general Donahoe authorized referral of the debts under litigation to FMS for collection, ¶ 24, thereby violating 18 U.S.C. § 1512(c).

97.     Postmaster general Donahoe authorized referral of the debts under litigation to FMS for collection so as to intimidate complainant into abandoning case C12-02789LHK as well as the succeeding cases, thereby violating 18 U.S.C. § 1512(b).

98.    On March 24, 2014, FMS insisted on collecting the debts referred by the Postal Service even though the debts were under litigation, ¶ 27. Commissioner Lebryk has authorized FMS's notices of collection and violated 18 U.S.C. § 1512(c).

99.    Commissioner Lebryk authorized FMS's notices of collection of debts so as to intimidate complainant into abandoning case C12-02789LHK as well as the succeeding cases, thereby violating 18 U.S.C. § 1512(b).

100.   On March 24, 2014, FMS insisted on collecting the debts referred by the Postal Service even though the debts were under litigation. ¶ 27. FMS reversed itself only after Fedex delivered complainant's March 11 petition for impeachment on March 28. ¶¶ 31-32. The reversal shows that commissioner Lebryk authorized FMS's earlier refusal to suspend collection of the debts under litigation, thereby violating 18 U.S.C. § 1512(c).

101.   Commissioner Lebryk authorized FMS's refusal to suspend collection of the debts under litigation so as to intimidate complainant into abandoning case C12-02789LHK as well as succeeding cases, thereby violating 18 U.S.C. § 1512(b).

102.   Acting under color of judge Chen's order dismissing case C13-04442EMC, judge White dismissed case C14-80028JSW on March 26, 2014 before allowing complainant to file, ¶ 29. Since dismissal of case C14-80028JSW interferes with *Scheuer* and the Fifth Amendment of the Constitution, *see* ¶ 77, judge White has violated 18 U.S.C. § 1509.

103.   Because dismissal of case C14-80028JSW interferes with *Scheuer* as well as denies complainant procedural due process, judge White has fabricated the order and violated 18 U.S.C. § 1512(c).

104.   Judge White dismissed case C14-80028JSW so as to intimidate complainant into abandoning the case, thereby violating 18 U.S.C. § 1512(b).

105.    Acting under color of judge Chen's order dismissing case C13-04442EMC, judge White dismissed case C14-80030JSW on March 26, 2014 before allowing complainant to file, ¶ 30. Because dismissal of case C14-80030JSW interferes with *Scheuer* and the Fifth Amendment of the Constitution, *see* ¶ 77, judge White has violated 18 U.S.C. § 1509.

106.    Because dismissal of case C14-80030JSW interferes with *Scheuer* as well as denies complainant procedural due process, judge White has fabricated the order and violated 18 U.S.C. § 1512(c).

107.    Judge White dismissed case C14-80030JSW so as to intimidate complainant into abandoning the case, thereby violating 18 U.S.C. § 1512(b).

108.    Commissioner Lebryk authorized referral of debts under litigation to ConServe for collection, ¶ 36, thereby violating 18 U.S.C. § 1512(c).

109.    The district court's criminal local rule 47-2(d) provides:

> **Opposition or Reply**. Any opposition to a noticed motion shall be served and filed not more than 7 days after the motion is filed. Any reply shall be served and filed not more than 4 days after the opposition is due. ...

Because judge Breyer denied complainant's initial motion to intervene in case CR14-00196CRB without and before USDOJ's opposition, ¶ 38, the denial interferes with said local rule. Judge Breyer has violated 18 U.S.C. § 1509.

110.    Judge Breyer denied the initial motion to intervene in case CR14-00196CRB to cover up USDOJ's misconduct in case C14-80174BLF, thereby violating 18 U.S.C. 1512(c).

111.    Judge Breyer denied the initial motion to intervene in case CR14-00196CRB to intimidate complainant into abandoning case C14-80174BLF, thereby violating 18 U.S.C. § 1512(b).

112.    Acting under color of judge Chen's order dismissing case C13-04442EMC, judge Freeman dismissed case C14-80174BLF on July 8, 2014 before allowing complainant to file, ¶

39. Because dismissal of case C14-80174BLF interferes with *Scheuer* as well as the Fifth Amendment of the Constitution, *see* ¶ 77, judge Freeman has violated 18 U.S.C. § 1509.

113.    Because dismissal of case C14-80174BLF interferes with *Scheuer* as well as denies complainant procedural due process, judge Freeman has fabricated the order and violated 18 U.S.C. § 1512(c).

114.    Judge Freeman dismissed case C14-80174BLF to intimidate complainant into abandoning the case, thereby violating 18 U.S.C. § 1512(b).

115.    As denial of complainant's second motion to intervene in case CR14-00196CRB, ¶ 42, interferes with criminal local rule 47-2(d), *see* ¶ 109, as well as 28 U.S.C. §144, *see* ¶ 61, judge Breyer has violated 18 U.S.C. § 1509.

116.    Judge Breyer denied the second motion to intervene in case CR14-00196CRB to cover up USDOJ's misconduct in case C14-80174BLF, thereby violating 18 U.S.C. § 1512(c).

117.    Judge Breyer denied the second motion to intervene in case CR14-00196CRB to intimidate complainant into abandoning case C14-80174BLF, thereby violating 18 U.S.C. § 1512(b).

118.    As denial of complainant's third motion to intervene in case CR14-00196CRB, ¶ 43, interferes with criminal local rule 47-2(d), *see* ¶ 109, as well as 28 U.S.C. §144, *see* ¶ 61, judge Breyer has violated 18 U.S.C. § 1509.

119.    Judge Breyer denied the third motion to intervene in case CR14-00196CRB to cover up USDOJ's misconduct in case C14-80174BLF, thereby violating 18 U.S.C. § 1512(c).

120.    Judge Breyer denied the third motion to intervene in case CR14-00196CRB to intimidate complainant into abandoning case C14-80174BLF, thereby violating 18 U.S.C. § 1512(b).

121.    Acting under color of judge Chen's order dismissing case C13-04442EMC, judge Davila dismissed case C14-80214EJD as well as case C14-80215EJD on July 29, 2014 before allowing complainant to file, ¶ 44. Because dismissal of either case C14-80214EJD or case C14-80215EJD interferes with *Scheuer* as well as the Fifth Amendment of the Constitution, *see* ¶ 77, judge Davila has violated 18 U.S.C. § 1509.

122.    Because dismissal of either case C14-80214EJD or case C14-80125EJD interferes with *Scheuer* as well as denies complainant procedural due process, judge Davila has fabricated the order and violated 18 U.S.C. § 1512(c).

123.    Judge Davila dismissed case C14-80214EJD or case C14-80215EJD so as to intimidate complainant into abandoning either case, thereby violating 18 U.S.C. § 1512(b).

124.    On September 8, 2014, judge Breyer denied the fourth motion to intervene in case CR14-00196CRB without USDOJ's opposition, ¶ 47, to cover up USDOJ's misconduct in case C14-80174BLF, thereby violating 18 U.S.C. § 1512(c).

125.    Judge Breyer denied the fourth motion to intervene in case CR14-00196CRB to intimidate complainant into capitulation, thereby violating 18 U.S.C. § 1512(b).

126.    On September 16, 2014, judge Breyer granted USDOJ's request for *ex-parte* submission of the information concerning UCE-4733, ¶ 48, to cover up USDOJ's misconduct in case C14-80174BLF, thereby violating 18 U.S.C. § 1512(c).

127.    Judge Breyer granted USDOJ's request for *ex-parte* submission of information concerning UCE-4733 to intimidate complainant into abandoning case C14-80174BLF, thereby violating 18 U.S.C. § 1512(b).

128.    As denial of complainant's initial motion to intervene in case CR14-00380CRB, ¶ 49, interferes with criminal local rule 47-2(d), *see* ¶ 109, as well as 28 U.S.C. §144, *see* ¶ 61, judge Breyer has violated 18 U.S.C. § 1509.

129. Judge Breyer denied the initial motion to intervene in case CR14-00380CRB to cover up USDOJ's misconduct in case C14-80174BLF, thereby violating 18 U.S.C. § 1512(c).

130. Judge Breyer denied the initial motion to intervene in case CR14-00389CRB to intimidate complainant into abandoning case C14-80174BLF, thereby violating 18 U.S.C. § 1512(b).

131. On August 27, 2014, judge Breyer denied the second motion to intervene in case CR14-00380CRB while the second motion to disqualify judge Breyer himself from the case was still pending, ¶ 50. In so doing, judge Breyer has interfered with 28 U.S.C. § 144 and violated 18 U.S.C. § 1509.

132. Judge Breyer denied the second motion to intervene in case CR14-00380CRB to cover up USDOJ's misconduct in case C14-80174BLF, thereby violating 18 U.S.C. § 1512(c).

133. Judge Breyer denied the second motion to intervene in case CR14-00380CRB to intimidate complainant into abandoning case C14-80174BLF, thereby violating 18 U.S.C. § 1512(b).

134. The district court's criminal local rule 47-1(b) provides:

**To Whom Made.** Unless otherwise ordered by the assigned judge, all motions in criminal cases shall be noticed in writing on the criminal motions calendar of the assigned judge.

However, on August 27, 2014, judge Breyer issued a pre-filing order in case CR14-00380CRB directing that the clerk of the court should not accept for filing any further motions to intervene in any criminal cases filed by complainant until that motion was first reviewed by judge Breyer himself, ¶ 51. Thus, the pre-filing order interferes with said criminal local rule. Judge Breyer has violated 18 U.S.C. § 1509.

135. Judge Breyer issued the pre-filing order in case CR14-00380CRB to cover up USDOJ's misconduct in case C14-80174BLF, thereby violating 18 U.S.C. § 1512(c).

136.    Judge Breyer issued the pre-filing order in case CR14-00380CRB to intimidate complainant into abandoning case C14-80174BLF, thereby violating 18 U.S.C. § 1512(b).

137.    On August 21, 2014, judge Jensen denied the motion to intervene in case CR14-00201DLJ without USDOJ's opposition, ¶ 52. Acting under color of judge Chen's order dismissing case C13-04442EMC, judge Jensen also ruled in the denial order that complainant should "make no further filings in this case." Because denial of the motion to intervene interferes with *Scheuer* as well as the Fifth Amendment of the Constitution, *see* ¶ 77, judge Jensen has violated 18 U.S.C. § 1509.

138.    Judge Jensen denied the motion to intervene in case CR14-00201DLJ to cover up USDOJ's misconduct in case C14-80174BLF, thereby violating 18 U.S.C. § 1512(c).

139.    Judge Jensen denied the motion to intervene in case CR14-00201DLJ so as to intimidate complainant into abandoning case C14-80174BLF, thereby violating 18 U.S.C. § 1512(b).

140.    Clerk Walton's exclusion from the present petition for impeachment is based on her non-officer status.

141.    Substantial grounds for impeachment have been left out of this petition for the sake of brevity. Based on the aforementioned cases, another civil action will be filed at the district court to comprehensively document the improprieties that have occurred.

142.    The motion to declare complainant a vexatious litigant in case C13-04442EMC refers to two additional actions besides the aforementioned cases: C13-03118PSG as well as C13-03676SI, ¶ 9. Additional petitions for impeachment based on these two actions will be presented to members of the House Judiciary Committee in due course.

**CONCLUSION**

Judge Whyte, judge White, judge Chen, judge Koh, judge Seeborg, judge Davila, judge Freeman, attorney general Holder, U.S. attorney Haag, AUSA Scharf, and AUSA Cormier have abused their authorities to obstruct civil proceedings at the district court. Judge Jensen, judge Breyer, attorney general Holder, director Hylton, marshal O'Keefe, and deputy marshal Harwell have abused their authorities to obstruct criminal proceedings at the district court. Postmaster general Donahoe as well as commissioner Lebryk have abused their authorities to obstruct impeachment proceedings before the House. Accordingly, the aforementioned officers must be impeached and removed from office under Section 4, Article II of the Constitution.

Respectfully submitted this 10th day of October 2014.

*Kuang-bao Ou-young*

Kuang-Bao P. Ou-Young
1362 Wright Avenue
Sunnyvale, California 94087
(408) 736-7793
kbouyoung@yahoo.com

Complainant

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| KWOK CHEUNG CHOW, a/k/a "Raymond | ) |
| Chow," a/k/a "Hai Jai," a/k/a "Shrimpboy," | ) |
| et al, | ) |
| | ) |
| Defendants. | ) |

Case No. CR14-00196CRB

PROOF OF SERVICE

This is to certify that a true and correct copy of the following:

Defendant-Intervenor Applicant's Notice of Motions and Fifth Motion to Intervene and Fourth Motion to Disqualify Judge

was delivered in person to the following:

William Frentzen
Assistant United States Attorney
Susan Badger
Assistant United States Attorney
S. Waqar Hasib
Assistant United States Attorney
U.S. Attorney's Office
450 Golden Gate Avenue
San Francisco, CA 94102

James J. Brosnahan
Somnath Raj Chatterjee
Seth A. Schreiberg
Chris W. Magna
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105

Date: December 8, 2014

Kuong Lin Ou Young
Kuong Lin Ou-Young
260 N. Pastoria Avenue
Sunnyvale, CA 94086