MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

WILLIAM FRENTZEN ( LABN 24421)
SUSAN E. BADGER (CABN 124365)
S. WAQAR HASIB (CABN 234818)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    William.frentzen@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.: CR 14- 0196 CRB |
| Plaintiff, | UNITED STATES' SECOND REPORT RE STATUS OF DISCOVERY; REPORT RE STATUS OF SECOND SUPERSEDING INDICTMENT |
| v. | |
| KWOK CHEUNG CHOW et al., | |
| Defendants. | |

On December 16, 2014, the Court ordered the government to file by 5:00 p.m. on December 17, 2014 a report regarding the status of discovery in the instant case. The United States hereby files a statement which provides an update on, and supplements, the information provided to the Court in the government's Statement re Discovery, Document 591, filed on November 10, 2014. The government additionally provides an update on the status of the second superseding indictment.

**A.  Recent developments in terms of providing discovery are as follows**:

- The government has a standing offer to make all evidence obtained during execution of search warrants and acquired over the course of the investigation, e.g. weapons sold by defendants to

undercover agents, available to defense counsel for review. In order to conduct the review in an orderly manner, the government recently made arrangements for counsel for Leland Yee, Keith Jackson, Brandon Jackson, Marlon Sullivan, Rinn Rouen, and Barry House to view the evidence. Those viewings took place within the past three weeks.

- The government has completed the mirror imaging of all electronic media that it intends to image and is in the process of returning the electronic items to defendants. Thus far, media has been returned to counsel for Leland Yee, Keith Jackson, Barry House, and Marlon Sullivan.

**B. The government is processing additional discovery and anticipates producing the following discovery no later than December 31, 2014:**

- Approximately 200 additional FD-302 reports, thereby completing production of most 302s pre-dating the arrests on March 26, 2014. A number of 302s pertaining to post-arrest interviews and events have been provided previously.
- Documents associated with execution of the search warrants, including photographs and property receipts listing items seized.
- Telephone toll record data, primarily that associated with defendants Leland Yee and Keith Jackson.
- Evidence, including audio, video, and surveillance, from Boston in connection with money laundering offenses.

**C. The government anticipates producing additional discovery as follows no later than January 30, 2015:[1]**

- Reports to date from FBI lab regarding examination of firearms.
- Copies of documents seized in searches of office and home of defendant Leland Yee and in search of Chee Kung Tong offices, as requested by counsel for Yee and Keith Jackson.
- Additional FD-302s pertaining to post-arrest investigation.
- Additional telephone toll record data.

---

[1] These items may be delivered in more than one production between today's date and January 30, 2015.

U.S. SECOND REPORT RE DISCOVERY; REPORT
RE SECOND SUP. INDICTMENT
CR 14 0196 CRB                   2

- Photographs from surveillances in connection with Chee Kung Tong investigation.
- Reports of reviews of digital evidence.
- Return of remaining electronic items.
- Audio copies of jail calls of in-custody defendants that have been reviewed to date. These items will be turned over to the individuals who were intercepted.
- Documents obtained through grand jury subpoena, including bank records, records from California State Senate, and campaign fund-raising records.
- Results of search warrant for e-mail account held by Keith Jackson.
- E-mails between defendants and undercover agents / confidential human sources.

**D. Continuing duty to provide discovery:**

The government is continuing its investigation in this case, which includes acquiring evidence and interviewing witnesses. As the government acquires, examines, and/or processes additional items that fall within its discovery obligations, including any additional reports on examinations of firearms and jail calls, it will provide those to defendants. Additionally, the government will continue to comply with its obligations pursuant to *Brady* and *Giglio*.

**E. Status re Second Superseding Indictment**

Because it might be useful for the Court and defendants, the government takes this opportunity advise the Court of its intentions regarding the second superseding indictment in this case. The government anticipates that the second superseding indictment will be returned by the grand jury by January 31, 2015. The second superseding indictment will cure defects noted by the Court at the hearing on November 12, 2014. At that hearing, the Court found that the weapons conspiracy charge in Count 222 was defective because it failed to plead the level of *scienter* required for a substantive violation. *See*, Transcript of 11/12/14 hearing at 14-15. The Court also found there was a failure to allege materiality in Counts 215 through 221. *Id.* at 15. As to these defects, the Court dismissed the counts pending the superseding indictment. *Id*. The government anticipates that those defects will be cured in the second superseding indictment and the counts at issue will remain charged against the defendants.

1  As noted above, the government is continuing to investigate this case, including offenses relating
2  to Count Two such as money laundering in connection with the routing and concealment of money paid
3  as part of the racketeering offenses.  With that said, the government does not anticipate that the evidence
4  related to Count Two will expand substantially.  The investigation is currently developing and active,
5  which is the reason the government has not sought to obtain the second superseding indictment
6  immediately.  The return date by the end of January 2015 should balance the need for sufficient time to
7  conduct further investigation with the interests in the case moving forward.

9  DATED: December 17, 2014                    Respectfully submitted,

10                                              MELINDA HAAG
                                                United States Attorney

12                                                     /s/
                                                SUSAN E. BADGER
                                                WILLIAM FRENTZEN
13                                              S. WAQAR HASIB
                                                Assistant United States Attorneys

U.S. SECOND REPORT RE DISCOVERY; REPORT
RE SECOND SUP. INDICTMENT
CR 14 0196 CRB                              4