BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
SUSAN E. BADGER (CABN 124365)
S. WAQAR HASIB (CABN 234818)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    William.frentzen@usdoj.gov
    Susan.badger@usdoj.gov
    Waqar.hasib@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.: CR 14-0196 CRB |
| v. | UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR ONE WEEK NOTICE OF WITNESSES WITHOUT DEVIATION |
| KWOK CHEUNG CHOW, et al. | |
| Defendants. | Court:  Honorable Charles R. Breyer |

## I. INTRODUCTION

Defendant Chow has opposed any continuance of his trial. Now that trial is set to begin, he requests an outlandish (in the experience of undersigned government counsel) one week notice of witnesses that would be "actual, full, and final" "and the Court will not allow deviation . . . ." Def.'s Mot. at 2. This is an unrealistic request without any basis, and the request should be denied. The government is willing to enter into a reciprocal 48 hour good faith notice of witnesses, however, if defendant Chow is agreeable.

## II. ARGUMENT

Despite Chow's repeated claims that his case is somehow special and that he receive special treatment from the Court, this is a normal criminal case and will be a normal criminal trial. There is no basis to require one week inviolable notice of witnesses in any criminal trial. Defendant Chow has had the government's evolving witness lists for a long period of time.[1] To the extent that new witnesses are being added in light of new charges, defendant Chow was aware of that event at the time that he insisted on maintaining the current trial date. Counsel for defendant Chow has consistently reassured this Court that it will be prepared for trial and it should be prepared.

There is simply no basis to require an entire week of notice of witnesses. As experienced trial counsel and the Court know, witness scheduling needs to be constantly adjusted based upon length of examination and cross-examination, rulings of the Court, people's schedules, transportation of prisoners by the U.S. Marshals, traffic, weather, and any other number of issues that can cause witness schedules to be readjusted. Counsel for Chow cites no authority for one week witness schedules without deviation. Defendant Chow's defense – currently unknown to the government as Chow has elected not to claim entrapment, has produced zero discovery pursuant to Fed. R. Crim. P. 16(b) and the Court's pretrial orders, and has produced zero witness statements pursuant to Fed. R. Crim. P. 26.2 and the Court's

---

[1] While defendant Chow seems to complain about the government's witness list, his own list contained 99 names in alphabetical order (some names duplicated), with vague, inaccurate, or confusing information regarding the witness' expected testimony. And, again, Chow has produced no discovery or witness statements from any of the 99 proposed witnesses.

USA OPPOSITION
CR 14-0196 CRB                                                    1

pretrial orders – will also play into the scheduling.  Additionally, the government is still mindful that the defendant might agree to stipulations once the trial begins and he and the jurors realize that his decision not to enter into stipulations is wasting everyone's time.  As this Court is aware, because of the adversarial process, trials are fluid and unpredictable presentations by both parties – not a static, pre-planned and rehearsed theatrical production.  For all these reasons, the Court should deny defendant Chow's unusual and unrealistic request.

The government is not opposed, however, to a more standard good faith and reciprocal exchange of anticipated witnesses during the following 48 hours.  Under such an agreement, the government would provide 48 hours notice of anticipated witnesses on a rolling basis.  Undersigned government counsel Frentzen recalls this being the arrangement during the last trial with Mr. Serra before the Honorable U.S. District Judge Chen, and a very normal and workable arrangement for both parties.  Of course, counsel for Chow must also be willing to agree to a similar good faith 48 hours notice to the government if they present any witnesses.

### III.  CONCLUSION

For the reasons stated above, the government hereby respectfully requests that the Court deny Chow's Motion.

DATED: October 29, 2015                                  Respectfully submitted,

BRIAN J. STRETCH
Acting United States Attorney

   /s/
SUSAN E. BADGER
WILLIAM FRENTZEN
S. WAQAR HASIB
Assistant United States Attorneys