BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
SUSAN E. BADGER (CABN 124365)
S. WAQAR HASIB (CABN 234818)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    William.frentzen@usdoj.gov
    Susan.badger@usdoj.gov
    Waqar.hasib@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.: CR 14-0196 CRB |
| v. | UNITED STATES' OPPOSITION REGARDING ALLEGED INFORMANTS |
| KWOK CHEUNG CHOW, et al. | |
| Defendants. | Court:  Honorable Charles R. Breyer |

# I. INTRODUCTION

The government previously filed a notice laying out some of the evidence that connected defendant Chow to the murder of Allen Leung and to a conspiracy to murder Jim Tat Kong. That document was filed on October 12, 2015 (Doc. 1059). On October 28, 2015, defendant Chow filed a Motion for Revelation and Production of Confidential Informants Labeled Individual A, B, C, D, and E. Defendant noticed the Motion for hearing on November 2, 2015, without conferring with government counsel and in violation of Criminal Local Rule 47-2(a). As explained below, the government intends to disclose previously unnamed individuals who are expected to testify at trial. Other unnamed individuals described in the government's notice are not government informants and fall outside of the scope of defendant Chow's Motion. Therefore, defendant's Motion should be denied without any hearing as improperly filed, inaccurate, and moot.

# II. ARGUMENT

Defendant's Motion badly mischaracterizes the government's proof of Chow's involvement in the murder of Allen Leung and the solicitation to murder Jim Tat Kong. Relevant to this motion, however, Chow describes Individuals A through E as informants. That is incorrect, rank speculation, and Chow provides no basis for his assertions. Individuals A through E were not identified by name but they were also **not** all identified as government informants. Chow's motion should, therefore, be denied as completely inaccurate.

To the extent that any of Individuals A through E will be testifying witnesses at trial, they were set to be identified to defendant Chow as soon as they became cooperating witnesses by entering into a guilty plea with a cooperation provision. That was the timing established by the Court and counsel for disclosure of cooperators and *Giglio* materials. The government is, however, willing to make early disclosure of those individuals described as Individuals A through E that it currently expects will testify at trial. The government will do so via letter prior to November 2, 2015, although that will be earlier than the time established by the Court. To the extent, therefore, that any of the unnamed individuals are cooperators who will testify, the government will make the appropriate disclosures prior to the time set

USA OPPOSITION RE: ALLEGED INFORMANTS
CR 14-0196 CRB                                                  1

for such disclosures. Those described as Individuals A through E are simply **not** informants, are not expected to testify for the government, and their identities need not be disclosed.

Defendant Chow's motion should therefore be denied without further hearing.

### III.  CONCLUSION

For the reasons stated above, the government hereby respectfully requests that the Court deny Chow's Motion without further hearing.

DATED: October 29, 2015							Respectfully submitted,

BRIAN J. STRETCH
Acting United States Attorney

            /s/
SUSAN E. BADGER
WILLIAM FRENTZEN
S. WAQAR HASIB
Assistant United States Attorneys