1  BRIAN J. STRETCH (CABN 163973)
   Acting United States Attorney
2
   DAVID R. CALLAWAY (CABN 121782)
3  Chief, Criminal Division

4  WILLIAM FRENTZEN (LABN 24421)
   SUSAN E. BADGER (CABN 124365)
5  S. WAQAR HASIB (CABN 234818)
   Assistant United States Attorneys
6
         450 Golden Gate Avenue, Box 36055
7        San Francisco, California 94102-3495
         Telephone: (415) 436-7200
8        FAX: (415) 436-7234
         William.frentzen@usdoj.gov
9        Susan.badger@usdoj.gov
         Waqar.hasib@usdoj.gov
10

11 Attorneys for United States of America

12                 UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14                   SAN FRANCISCO DIVISION

15

16 UNITED STATES OF AMERICA,              )  No.: CR 14 0196 CRB
                                          )
17       v.                               )  UNITED STATES' FIRST PROPOSED JURY
                                          )  INSTRUCTIONS
18 KWOK CHEUNG CHOW, et al.,              )
                                          )
19       Defendants.                      )
                                          )  Date:   November 2, 2015
20                                        )  Time:   8:30 a.m.
                                          )  Court:  Honorable Charles R. Brever
21                                        )
                                          )
22 _____)

23

24

25

26

27

28

**1.1 DUTY OF JURY**

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed [written] instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

**1.2 THE CHARGE—PRESUMPTION OF INNOCENCE**

This is a criminal case brought by the United States government. The government charges the defendant with [*specify crime[s] charged*]. The charge[s] against the defendant [is] [are] contained in the indictment. The indictment simply describes the charge[s] the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charge[s] and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

[In order to help you follow the evidence, I will now give you a brief summary of the elements of the crime[s] which the government must prove to make its case: [*supply brief statement of elements of crime[s]*].]

**1.3 WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:
(1) the sworn testimony of any witness; [and]
(2) the exhibits which are received in evidence[.] [; and]
[(3) any facts to which the parties agree.]

**1.4 WHAT IS NOT EVIDENCE**

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**1.5 DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

1   **1.6 RULING ON OBJECTIONS**

2       There are rules of evidence that control what can be received in evidence. When a lawyer
3   asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not
    permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the
4   question may be answered or the exhibit received. If I sustain the objection, the question cannot
    be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question,
5   you must ignore the question and must not guess what the answer would have been.

6       Sometimes I may order that evidence be stricken from the record and that you disregard
7   or ignore the evidence. That means that when you are deciding the case, you must not consider
    the evidence that I told you to disregard.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**1.7 CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**1.8 CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.

But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

**1.9 NO TRANSCRIPT AVAILABLE TO JURY**

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

1

**1.10 TAKING NOTES**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

      If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

      Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**1.11 OUTLINE OF TRIAL**

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

**1.12 JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION**

[A language] [Languages] other than English will be used for some evidence during this trial. [When a witness testifies in another language, the witness will do so through an official court interpreter.] [When recorded evidence is presented in another language, there will be an official court translation of the recording.]

The evidence you are to consider and on which you must base your decision is only the English-language [interpretation] [translation] provided through the official court [interpreters] [translators]. Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official [interpretation] [translation].

[You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.]

**INSTRUCTIONS AT THE CONCLUSION OF THE CASE**

**3.1 DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**3.2 CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF**

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

### 3.3 DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.

**3.4 DEFENDANT'S DECISION TO TESTIFY**

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

**3.5 REASONABLE DOUBT—DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

## 3.6 WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness; [and]

(2) the exhibits received in evidence[.] [; and]

[(3) any facts to which the parties have agreed.]

**3.7 WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**3.8 DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**3.9 CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**3.10 ACTIVITIES NOT CHARGED**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

**3.11 SEPARATE CONSIDERATION OF MULTIPLE COUNTS—SINGLE DEFENDANT**

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

**3.17 POSSESSION—DEFINED**

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

[More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.]

**3.19 JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION**

The Cantonese language has been used during this trial.

The evidence you are to consider is only that provided through the official court interpreters and translators. Although some of you may know the Cantonese language, it is important that all jurors consider the same evidence. Therefore, you must accept the evidence presented in the English interpretation and translation and disregard any different meaning.

**4.1 STATEMENTS BY DEFENDANT**

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

## 4.3 OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

You have heard evidence that the defendant committed other [crimes] [wrongs] [acts] not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident] and for no other purpose. [You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.]

**4.6 IMPEACHMENT, PRIOR CONVICTION OF DEFENDANT**

You have heard evidence that the defendant has previously been convicted of a crime. You may consider that evidence only as it may affect the defendant's believability as a witness. You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.

**4.8 IMPEACHMENT EVIDENCE—WITNESS**

You have heard evidence that [*name of witness*], a witness, [*specify basis for impeachment*]. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

**4.9 TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES—IMMUNITY, BENEFITS, ACCOMPLICE, PLEA**

You have heard testimony from [*name of witness*], a witness who

[received immunity]. That testimony was given in exchange for a promise by the government that [the witness will not be prosecuted] [the testimony will not be used in any case against the witness]];

[received [benefits] [compensation] [favored treatment] from the government in connection with this case];

[[admitted being] [was alleged to be] an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime];

[pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability].

For [this] [these] reason[s], in evaluating the testimony of [*name of witness*], you should consider the extent to which or whether [his] [her] testimony may have been influenced by [this] [any of these] factor[s]. In addition, you should examine the testimony of [*name of witness*] with greater caution than that of other witnesses.

## 4.10 GOVERNMENT'S USE OF UNDERCOVER AGENTS AND INFORMANTS

You have heard testimony from [an undercover agent] [an informant] who was involved in the government's investigation in this case. Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, in order to investigate criminal activities. Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

**4.11 EYEWITNESS IDENTIFICATION**

You have heard testimony of eyewitness identification. In deciding how much weight to give to this testimony, you may consider the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also consider:

(1) the capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation, including lighting and distance;

(2) whether the identification was the product of the eyewitness's own recollection or was the result of subsequent influence or suggestiveness;

(3) any inconsistent identifications made by the eyewitness;

(4) the witness's familiarity with the subject identified;

(5) the strength of earlier and later identifications;

(6) lapses of time between the event and the identification[s]; and

(7) the totality of circumstances surrounding the eyewitness's identification.

**4.14 OPINION EVIDENCE, EXPERT WITNESS**

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**4.16 CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

**5.1 AIDING AND ABETTING**

A defendant may be found guilty of [*specify crime charged*], even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, [*specify crime charged*] was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of [*specify crime charged*]; and

Third, the defendant acted before the crime was completed. It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit [*specify crime charged*].

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

**5.6 KNOWINGLY—DEFINED**

An act is done knowingly if the defendant is aware of the act and does not [act] [fail to act] through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that [his] [her] acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**5.7 DELIBERATE IGNORANCE**

You may find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant:

1.      was aware of a high probability that [*e.g.*, drugs were in the defendant's automobile], and

2.      deliberately avoided learning the truth

You may not find such knowledge, however, if you find that the defendant actually believed that [*e.g.* no drugs were in the defendant's automobile], or if you find that the defendant was simply careless.

**7.1 DUTY TO DELIBERATE**

When you begin your deliberations, elect one member of the jury as your [presiding juror] [foreperson] who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**7.2 CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

**7.3 USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**7.4 JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**7.5 VERDICT FORM**

A verdict form has been prepared for you. [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

**7.6 COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**8.20 RACKETEERING CONSPIRACY—ELEMENTS**

The defendant is charged in Count One of the indictment with conspiring to conduct the affairs of an enterprise through a pattern of racketeering activity, in violation of Section 1962(d) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, beginning on or about 2005, and ending on or about March 24, 2014, there was an agreement between two or more persons to commit the crime of conducting the affairs of an enterprise through a pattern of racketeering activity.  The elements of that crime are:

One, there was an on-going enterprise with some sort of formal or informal framework for carrying out its objectives consisting of a group of persons associated together for a common purpose of engaging in a course of conduct;

Two, the defendant was employed by or associated with the enterprise;

Three, the defendant conducted or participated, directly or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity.  To conduct or participate means that the defendant had to be involved in the operation or management of the enterprise; and

Four, the enterprise engaged in or its activities in some way affected commerce between one state and another state, or between the United States and a foreign country; and

**Second**, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed. A conspiracy to commit a crime does not require completion of the intended underlying offense.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand,

one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

**8.152 RACKETEERING ENTERPRISE—ENTERPRISE AFFECTING INTERSTATE COMMERCE—DEFINED (18 U.S.C. § 1959)**

With respect to the term "enterprise" that was engaged in or had an effect on interstate commerce, an enterprise is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. This group of people, in addition to having a common purpose, must have an ongoing organization, either formal or informal. The personnel of the enterprise, however, may change and need not be associated with the enterprise for the entire period alleged in the indictment. This group of people does not have to be a legally recognized entity, such as a partnership or corporation. This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose. The name of the organization itself is not an element of the offense and does not have to be proved.

To demonstrate an enterprise, the government must show a group of people (1) associated for a common purpose of engaging in a course of conduct; (2) that the association of these people was an ongoing formal or informal organization, and (3) the group was engaged in or had an effect upon interstate or foreign commerce. The government need not prove that the enterprise had any particular organizational structure.

Interstate commerce includes the movement of goods, services, money and individuals between states. These goods can be legal or illegal. Only a minimal effect on commerce is required and the effect need only be probable or potential, not actual. It is not necessary to prove that the defendant's own acts affected interstate commerce as long as the enterprise's acts had such effect.

**8.153 RACKETEERING ACTIVITY—DEFINED (18 U.S.C. § 1959)**

"Racketeering activity" means the commission of certain crimes. These include dealing in controlled substances, collection of unlawful debt through extortion, money laundering, interstate sale of stolen property and receipt of stolen property, dealing in contraband cigarettes, murder for hire, murder, and conspiracy to commit murder.

**8.157 RICO—PATTERN OF RACKETEERING ACTIVITY (18 U.S.C. § 1961(5))**

To establish a pattern of racketeering activity, the government must prove each of the following beyond a reasonable doubt:

First, at least two acts of racketeering were committed within a period of ten years;

Second, the acts of racketeering had a relationship to each other which posed a threat of continued criminal activity; and

Third, the acts of racketeering embraced the same or similar purposes, results, participants, victims, or methods of commission, or were otherwise interrelated by distinguishing characteristics.

Sporadic, widely separated, or isolated criminal acts do not form a pattern of racketeering activity.

Two racketeering acts are not necessarily enough to establish a pattern of racketeering activity.

**8.23 CONSPIRACY - KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS**

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

**First**, the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

**Second**, the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

**Third**, the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

Not all of the conspirators must be named or charged in the indictment. If you find that the defendant entered into a criminal agreement with one or more persons, you may find him guilty of conspiracy even if the person with whom you find he conspired is not charged or named in the indictment.  A single conspiracy can be established even though it took place during a long period of time during which new members joined and old members dropped out.

Citation: 8.23; 8.23 Comment

**8.25 CONSPIRACY - LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY COCONSPIRATOR (*PINKERTON* CHARGE)**

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find a defendant guilty of the substantive offenses charged in the Indictment if the government has proved each of the following elements beyond a reasonable doubt:

1.      a person committed the substantive crime charged in the Indictment;

2.      the person was a member of a conspiracy charged in the Indictment;

3.      the person committed the substantive crime charged in furtherance of a charged conspiracy;

4.      the defendant was a member of the same conspiracy at the time the substantive crime was committed; and

5.      the substantive offense charged fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

**8.151 VIOLENT CRIME IN AID OF RACKETEERING ENTERPRISE (18 U.S.C. § 1959)**

The defendant is charged in Count Two of the indictment with committing a crime of violence, specifically murder in aid of a racketeering enterprise in violation of Section 1959 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, on or about the time period described in Count Two, an enterprise affecting interstate commerce existed;

**Second**, the enterprise engaged in racketeering activity;

**Third**, the defendant committed the following crime of violence: murder, as defined in California Penal Code Section 187 and 189, the elements of that offense are:

One, the defendant committed an act that caused the death of another person; and

Two, when the defendant acted, he had a state of mind called malice aforethought. There are two kinds of malice aforethought, express malice and implied malice. Proof of either is sufficient to establish the state of mind required for murder.
The defendant acted with express malice if he unlawfully intended to kill.
The defendant acted with implied malice if he committed an act; the natural and probable consequences of the act were dangerous to human life; at the time he acted he knew his act was dangerous to human life; and he deliberately acted with conscious disregard for human life.
Malice aforethought does not require hatred or ill will toward the victim. It is a mental state that must be formed before the act that causes death is committed. It does not require deliberation or the passage of any particular period of time.
An act causes death if the death is the direct, natural, and probable consequence of the act and the death would not have happened without the act. A natural and probable consequence is one that a reasonable person would know is likely to happen if nothing unusual intervenes. In deciding whether a consequence is natural and probable, consider all of the circumstances established by the evidence. There may be more than one cause of death. An act causes death only if it is a substantial factor in causing the death. A substantial factor is more than a trivial or remote factor. However, it does not need to be the only factor that causes the death.

**Fourth**, that the defendant's purpose in committing murder was to gain entrance to, or to maintain, or to increase his position in the enterprise.

Authority: CALCRIM 520: Judicial Council of California Jury Instructions, updated May of 2015, "First or Second Degree Murder with Malice Aforethought (Pen. Code, § 187)

**8.152 RACKETEERING ENTERPRISE—ENTERPRISE AFFECTING INTERSTATE COMMERCE—DEFINED (18 U.S.C. § 1959)**

With respect to the first element in Instruction 8.151, the government must prove that an "enterprise" existed that was engaged in or had an effect on interstate commerce. An enterprise is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. This group of people, in addition to having a common purpose, must have an ongoing organization, either formal or informal. The personnel of the enterprise, however, may change and need not be associated with the enterprise for the entire period alleged in the indictment. This group of people does not have to be a legally recognized entity, such as a partnership or corporation. This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose. The name of the organization itself is not an element of the offense and does not have to be proved.

Therefore, the government must prove beyond a reasonable doubt that this was a group of people (1) associated for a common purpose of engaging in a course of conduct; (2) that the association of these people was an ongoing formal or informal organization, and (3) the group was engaged in or had an effect upon interstate or foreign commerce. The government need not prove that the enterprise had any particular organizational structure.

Interstate commerce includes the movement of goods, services, money and individuals between states. These goods can be legal or illegal. Only a minimal effect on commerce is required and the effect need only be probable or potential, not actual. It is not necessary to prove that the defendant's own acts affected interstate commerce as long as the enterprise's acts had such effect.

**8.153 RACKETEERING ACTIVITY—DEFINED (18 U.S.C. § 1959)**

With respect to the second element in Instruction 8.151, the government must prove that the enterprise was engaged in racketeering activity. "Racketeering activity" means the commission of certain crimes. These include dealing in controlled substances, collection of unlawful debt through extortion, money laundering, interstate sale of stolen property and receipt of stolen property, dealing in contraband cigarettes, murder for hire, murder, and conspiracy to commit murder.

The government must prove beyond a reasonable doubt that the enterprise was engaged in at least one of the crimes named above.

**8.157 RICO—PATTERN OF RACKETEERING ACTIVITY (18 U.S.C. § 1961(5))**

To establish a pattern of racketeering activity, the government must prove each of the following beyond a reasonable doubt:

First, at least two acts of racketeering were committed within a period of ten years;

Second, the acts of racketeering had a relationship to each other which posed a threat of continued criminal activity; and

Third, the acts of racketeering embraced the same or similar purposes, results, participants, victims, or methods of commission, or were otherwise interrelated by distinguishing characteristics.

Sporadic, widely separated, or isolated criminal acts do not form a pattern of racketeering activity.

Two racketeering acts are not necessarily enough to establish a pattern of racketeering activity.

**8.154 RACKETEERING ENTERPRISE—PROOF OF PURPOSE (18 U.S.C. § 1959)**

With respect to the fourth element in Instruction 8.151, the government must prove beyond a reasonable doubt that the defendant's purpose was to gain entrance to, or to maintain, or to increase his position in the enterprise.

It is not necessary for the government to prove that this motive was the sole purpose, or even the primary purpose of the defendant in committing the charged crime. You need only find that enhancing his status in the enterprise was a substantial purpose of the defendant or that he committed the charged crime as an integral aspect of membership in the enterprise.

In determining the defendant's purpose in committing the alleged crime, you must determine what he had in mind. Since you cannot look into a person's mind, you have to determine purpose by considering all the facts and circumstances before you.

**8.151 VIOLENT CRIME IN AID OF RACKETEERING ENTERPRISE (18 U.S.C. § 1959)**

The defendant is charged in Count Three of the indictment with conspiracy to commit a crime of violence, specifically, murder in aid of a racketeering enterprise in violation of Section 1959 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, on or about the time period described in Count Three, an enterprise affecting interstate commerce existed;

**Second**, the enterprise engaged in racketeering activity;

**Third**, the defendant conspired to commit the following crime of violence: murder, as defined in California Penal Code, Sections 182 and 187, the elements of conspiracy to commit murder are that:

One, the defendant intended to agree and did agree with one or more other people to intentionally and unlawfully kill;

Two, at the time of the agreement, the defendant and one or more other conspirators intended that one of them would intentionally and unlawfully kill; and

Three, one of the conspirators committed an overt act to accomplish the killing;

**Fourth**, that the defendant's purpose in conspiring to commit murder was to gain entrance to, or to maintain, or to increase his position in the enterprise.

The definitions of the elements above are the same as for Count Two, which I have already instructed you on.


Authority: For the elements of Conspiracy to Murder, CALCRIM 563: Judicial Council of California Jury Instructions, updated May of 2015, "Conspiracy to Commit Murder (Pen. Code, § 182)

**74.4 MONEY LAUNDERING STING 18 U.S.C. § 1956(a)(3)(A) or (a)(3)(B)**

The defendant is charged in Counts 4 through 133 of the indictment with conducting a financial transaction to promote or conceal unlawful activity in violation of Section 1956(a)(3)(A) and (B) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, the defendant knowingly conducted a financial transaction;

**Second**, the transaction involved property that a law-enforcement officer represented as coming from a specified unlawful activity; and

**Third**, the defendant engaged in the transaction with the intent to promote the carrying on of specified unlawful activity.

or

**Third**, the defendant engaged in the transaction with the intent to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of specified unlawful activity.

The Government alleges that the property involved in the financial transaction was represented as coming from narcotics trafficking and illegal gambling operations. For purposes of this case, narcotics trafficking and illegal gambling operations are a kind of specified unlawful activity.

The government also alleges that the Defendant was involved in the the transaction with the intent to promote the carrying on of and to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of narcotics trafficking and illegal gambling operations, which I remind you is a kind of specified unlawful activity.

A "representation" is any communication made by a law-enforcement officer or by another person directed by, or with the approval of, a federal official authorized to investigate or prosecute violations of this law.

To "conduct" a transaction means to start or finish a transaction or to participate in a transaction at any point.

A "transaction" means a purchase, sale, loan, promise, gift, transfer, delivery, or other disposition of money or property. A transaction with a financial institution also includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, use of a safe deposit box, or purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument.

A "financial transaction" means—

a transaction that in any way or to any degree affects interstate or foreign commerce by sending or moving money by wire or other means; or

a transaction that in any way or to any degree affects interstate or foreign commerce by involving one or more "monetary instruments." the phrase "monetary instruments" includes coins or currency of any country, travelers or personal checks, bank checks or money orders, or investment securities or negotiable instruments in a form that allows ownership to transfer on delivery; or

a transaction involving the use of a financial institution that is involved in interstate or foreign commerce, or whose activities affect interstate or foreign commerce, in any way or degree. The phrase "financial institution": includes [give appropriate reference from 31 U.S.C. § 5312(a)(2) or the regulations promulgated under it].

The term "with the intent to promote the carrying on of specified unlawful activity" means that the defendant must have conducted the financial transaction for the purpose of making easier or helping to bring about the specified unlawful activity.

Authority: Pattern Crim. Jury Instr. 11th Cir. OI 74.4 (2010); Federal Jury Practice And Instructions; Pattern Jury Instructions: Eleventh Circuit, Criminal Cases With Annotations and Comments; Prepared by Committee on Pattern Jury Instructions of the Judicial Council of the Eleventh Circuit.

**8.20, 8.189, 8.190  CONSPIRACY TO TRAFFIC IN STOLEN PROPERTY**

The defendant is charged in Count 134 of the indictment with conspiring to commit interstate transportation of stolen property, or to commit receipt or sale of stolen property in interstate commerce, or both, in violation of Section 371 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, beginning on or about December 13, 2011, through on or about March 13, 2012, there was an agreement between two or more persons to commit the crimes of interstate transportation of stolen property, or receipt or sale of stolen property in interstate commerce, or both of these crimes.  The elements of each of these crimes are as follows:

Interstate transportation of stolen property

One, the defendant transported stolen property between one state and another or a foreign nation and the United States;

Two, at the time the property crossed the state or country border, the defendant knew it was stolen;

Three, the defendant intended to deprive the owner of the ownership of the property temporarily or permanently; and

Four, the money or property was of the value of $5,000 or more.

The government need not prove who stole the property.

Sale or receipt of stolen property in interstate commerce

One, the defendant received, possessed, sold, or disposed of property that had crossed a state or United States boundary after having been stolen;

Two, at the time defendant did so he knew that the property had been stolen; and

Three, the property was of a value of $5,000 or more.

The government need not prove defendant knew the property was in interstate commerce; it need only prove defendant knew it was stolen.

**Second**, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

**Third**, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed. A conspiracy to commit a crime does not require completion of the intended underlying offense.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

**8.20, 8.190  CONSPIRACY TO TRAFFIC IN STOLEN PROPERTY**

The defendant is charged in Count 135 of the indictment with conspiring to commit the crime of receipt or sale of stolen property in interstate commerce, in violation of Section 371 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, beginning on or about June 20, 2012, through on or about September 19, 2012, there was an agreement between two or more persons to commit the crime of receipt or sale of stolen property in interstate commerce.  The elements of that crime are:

Sale or receipt of stolen property in interstate commerce

One, the defendant received, possessed, sold, or disposed of property that had crossed a state or United States boundary after having been stolen;

Two, at the time defendant did so he knew that the property had been stolen; and

Three, the property was of a value of $5,000 or more.

The government need not prove defendant knew the property was in interstate commerce; it need only prove defendant knew it was stolen.

**Second**, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

**Third**, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed. A conspiracy to commit a crime does not require completion of the intended underlying offense.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand,

one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful.  A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not required to prove that the defendant personally did one of the overt acts.

**8.20, 8.190  CONSPIRACY TO TRAFFIC IN STOLEN PROPERTY AND CONTRABAND CIGARETTES**

The defendant is charged in Counts 136 through 138 of the indictment with conspiring to commit the crime of trafficking in contraband cigarettes, or to commit the crime of receipt or sale of stolen property in interstate commerce, or both, in violation of Section 371 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, during the time period described in the Indictment, there was an agreement between two or more persons to commit the crimes of trafficking in contraband cigarettes, or receipt or sale of stolen property in interstate commerce, or both.  The elements of those crimes are as follows:

Trafficking in contraband cigarettes

One, that the defendant knowingly received, possessed, transported, sold or distributed a quantity of contraband cigarettes in excess of 10,000 cigarettes.

Two, that the cigarettes bore no evidence of the payment of applicable state or local sales taxes.

The term "contraband cigarette" means a quantity in excess of 10,000 cigarettes, which bear no evidence of the payment of applicable State or local cigarette taxes in the State or locality where such cigarettes are found, if the State or local government requires a stamp, impression, or other indication to be placed on packages or other containers of cigarettes to evidence payment of cigarette taxes.

You are further instructed as a matter of law that the State of New York, and the City of New York require a stamp, impression, or other indication to be placed on packages or other containers of cigarettes to evidence payment of cigarette taxes.

The government is not required to prove that the defendant was aware of the State or local taxation requirements, only that the defendant knew that the cigarettes bore no indication of payment of State or local taxes.

Sale or receipt of stolen property in interstate commerce

One, the defendant received, possessed, sold, or disposed of property that had crossed a state or United States boundary after having been stolen;

Two, at the time defendant did so he knew that the property had been stolen; and

Three, the property was of a value of $5,000 or more.

The government need not prove defendant knew the property was in interstate commerce; it need only prove defendant knew it was stolen.

**Second**, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

**Third**, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed. A conspiracy to commit a crime does not require completion of the intended underlying offense.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful.  A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not required to prove that the defendant personally did one of the overt acts.

Citation: For elements of 18 U.S.C. § 2342(a), *see United States v. Elshenawy*, 801 F.2d 856 (6th Cir. 1986); *United States v. Nguyen*, 758 F.3d 1024 (8th Cir. 2014); *United States v. Zakharyan*, Crim. No. WDQ-13-0662 (D.Md. 2013).

**8.146, 8.147 FINANCIAL TRANSACTION TO PROMOTE UNLAWFUL ACTIVITY (18 U.S.C. § 1956(a)(1)(A)); MONEY LAUNDERING (18 U.S.C. § 1956(a)(1)(B))**

The defendant is charged in Counts 139 through 162 of the indictment with conducting a financial transaction to promote narcotics trafficking and with laundering money in violation of Section 1956(a)(1)(A) and (a)(1)(B) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, the defendant conducted a financial transaction involving property that represented the proceeds of narcotics trafficking;

**Second**, the defendant knew that the property represented the proceeds of narcotics trafficking; and

**Third**, the defendant acted with the intent to promote the carrying on of narcotics trafficking;

or

**Third**, the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of narcotics trafficking.

A financial transaction is a transaction involving the movement of funds by wire or other means that, one or more monetary instruments that, the use of a financial institution that is engaged in, or the activities of which, affects interstate or foreign commerce in any way.

Proceeds means any property derived from, or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

With respect to the second element of the instruction, the government must prove that the defendant knew that the property represented the proceeds of the specific prior, separate criminal activity but need not prove that the defendant knew that the act of laundering the proceeds was unlawful.