BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
SUSAN E. BADGER (CABN 124365)
S. WAQAR HASIB (CABN 234818)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    William.frentzen@usdoj.gov
    Susan.badger@usdoj.gov
    Waqar.hasib@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.: CR 14-0196 CRB |
| v. | UNITED STATES' MOTION FOR VICTIM FAMILY ATTENDANCE DURING TRIAL PURSUANT TO THE CRIME VICTIMS' RIGHTS ACT |
| KWOK CHEUNG CHOW, et al. | |
| Defendants. | |
| | Court: Honorable Charles R. Breyer |

## I. INTRODUCTION

The government assumes that the parties will move for the sequestration of witnesses pursuant to Fed. R. Evid. 615. There are, however, exceptions to the Rule. One such exception is for victims and family members of victims pursuant to Title 18, United States Code, Section 3771(a)(3) and (b)(1). The government hereby moves for permission for the family members of Allen Leung to attend any reasonable portions of the trial, including opening statement.

## II. ARGUMENT

Part of the Crime Victims' Rights Act allows for victims to attend trials even when the victim will be a percipient witness. Title 18 United States Code Section 3771(a)(3) provides for "[a] crime victim has the following rights . . . [t]he right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding." Section 3771(b)(1) provides that "[b]efore making a determination described in subsection (a)(3), the court shall make every effort to permit the fullest attendance possible by the victim and shall consider reasonable alternatives to the exclusion of the victim from the criminal proceeding." The definition of crime victim "means a person directly and proximately harmed as a result of the commission of a Federal offense . . . . In the case of a crime victim who is . . . deceased, the . . . family members . . . may assume the the crime victim's rights under this chapter . . . ." 18 U.S.C. § 3771(e). This is an important right and ignoring the rights of the victims has been reversible error where the procedures were not followed. *In re: Mikhel*, 453 F.3d 1137 (9th Cir. 2006).

The government currently expects that members of Allen Leung's immediate family will testify at this trial. Those family members also seek to attend portions of the trial. The government currently seeks permission, in accordance with their rights, for those family members to attend the opening statement and testimony of witnesses. The government would agree with the testifying family members not attending the testimony of witnesses whose testimony overlaps directly with the testimony of the

USA MOT. RE: CVRA
CR 14-0196 CRB                           1

family member. An example would include the wife of Allen Leung – who was present when Mr. Leung was murdered – not attending testimony regarding the actual events of the murder, but being allowed to attend portions of the trial related to other testimony. Furthermore, once those witnesses have testified and been relieved from trial subpoenas, then they should reasonably be permitted to attend the remainder of the trial.

### III. CONCLUSION

For the reasons stated above, the government hereby respectfully requests that the Court permit the family members of Allen Leung to attend the opening statement and any testimony that does not bear on the subject matter of their testimony.

DATED: November 5, 2015            Respectfully submitted,

BRIAN J. STRETCH
Acting United States Attorney

              /s/
SUSAN E. BADGER
WILLIAM FRENTZEN
S. WAQAR HASIB
Assistant United States Attorneys