J. TONY SERRA #32639
CURTIS L. BRIGGS #284190
TYLER R. SMITH #289188
506 Broadway
San Francisco CA 94133
Telephone: 415/986-5591

Attorneys for Defendant
KWOK CHEUNG CHOW

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | 14-CR-00196-CRB-001 |
| Plaintiff, | NOTICE OF MOTION AND MOTION TO PRECLUDE TESTIMONY BY JOE CHANTHAVONG AND ANDY LI |
| v. | |
| KWOK CHEUNG CHOW, | Date: November 9, 2015<br>Time: 8:30 a.m. |
| Defendant. | Dept: Judge Breyer |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO THE UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that on the date and at the time indicated above, defendant KWOK CHEUNG CHOW, through counsel, will and hereby does move to preclude forthcoming testimony from cooperating witnesses Kongphet "Joe" Chanthavong and Andy Li. This motion is predicated on the files and records herein and the following memorandum attached hereto.

Dated: November 6, 2015

                                              /s/ J. TONY SERRA
                                              CURTIS BRIGGS
                                              J. TONY SERRA
                                              TYLER SMITH
                                              Attorneys for Defendant
                                              KWOK CHEUNG CHOW

## RELEVANT FACTS

Predicated on information and belief derived from a reliable person, defense proffers the following facts:

That both Joe Chanthavong and Andy Li are "housed" in the Glenn E. Dyer Correctional Facility (Oakland, California). That each of their "cells" are located on the fourth floor. That one of the said persons is in Pod A, and the other is in Pod B.

Further, that Joe Chanthavong has "trustee" or an equivalent preferred inmate status and is freely allowed access to the Pod wherein Andy Li is housed. That they have been observed speaking for protracted periods of time on numerous occasions.

Further, Andy Li, who is not a trustee, is allowed out of his cell and has been seen meeting with Joe Chanthavong. With Li's status, to be out of his cell is special treatment for no apparent reason.

Predicated on the above, it is believed that the two of them are preparing false testimony that will be mutually corroborative.

## REQUEST FOR HEARING

Defense, as a consequence of the above, requests a Hearing wherein the separate witnesses can be examined on the subject matter to ascertain to what extent their collusion has already progressed.

This issue could obviously have been avoided if the prosecution had held these witnesses in different jail facilities or issued a sequestration mandate that the jail staff would be compelled to follow. As a consequence, defendant

believes he has been seriously deprived of the fair presentation by these witnesses. If the hearing corroborates the above, there will be a motion made to this Court to preclude the testimony of both Joe Chanthavong and Andy Li because they have compromised the integrity of their portending testimony in this case.

MEMORANDUM OF POINTS AND AUTHORITIES

I

### THIS COURT MUST DISQUALIFY TESTIMONY FROM ANDY LI AND KONGPHET CHANTANVOG BECAUSE IT IS WHOLLY UNRELIABLE AS A PRODUCT OF COLLUSION AND COLLABORATION

A. *Sequestration and Separation of Co-Defendant's Was Critical in This Matter*.

First, defendant asserts that a sequestration order was appropriate in this matter and should apply to co-defendants that will testify on behalf of the Government.

At the outset, the determination of whether to sequester witnesses at all is a matter for the District Court's discretion, and Chanthavong and Li should have been separated by a sequestration order from the outset.

The judge's power to control the progress and, within the limits of the adversary system, the shape of the trial includes "broad power to sequester witnesses before, during, and after their testimony." Holder v. United States, 150 U.S. 91, 92 (1893); and Geders v. United States, 425 U.S. 80, 87-88 (U.S. 1976).

The practice of sequestration of witnesses "already had in English practice an independent and continuous existence, even in the time of those earlier modes of trial which preceded the

1 jury and were a part of our inheritance of the common Germanic
2 law." 6 J. Wigmore, Evidence § 1837, p. 348 (3d ed., 1940).
3     Separating witnesses, particularly co-defendant witnesses,
4 is critical because it "exercises a restraint on witnesses
5 'tailoring' their testimony to that of earlier witnesses; and it
6 aids in detecting testimony that is less than candid;" and keeps
7 co-defendants from colluding and collaborating on testimony. *See*
8 Wigmore, supra, § 1838; F. Wharton, Criminal Evidence § 405 (C.
9 Torcia ed., 1972); and <u>Geders v. United States</u>, 425 U.S. 80, 87-
10 88 (U.S. 1976).
11     Complete separation of Andy Li and Chanthavong was
12 necessary to ensure reliable testimony and to avoid scripted
13 testimony, in collusion against Mr. Chow.
14     B.  *Collusion and Collaboration Renders Testimony*
15 *Untrustworthy and Disqualifies The Co-Defendants' Testimony.*
16     Mr. Chow's due process rights and his right to a fair trial
17 will be violated if Li and Chanthavong are permitted to testify
18 because these defendants were not separated, and rather colluded
19 to ensure that their concocted stories remained consistent.
20     In <u>United States v. Cruz</u>, the court did not overturn the
21 verdict where the government's case was "heavily" based on the
22 testimony of the cooperating co-defendants -- all of whom
23 "believed that they had to please the attorney for the
24 government in order to obtain a sentence reduction" in their own
25 cases, had been incarcerated together, and were aware of each
26 other's pretrial statements, becuase there was no evidence of
27 collusion. <u>United States v. Cruz</u>, 270 Fed. Appx. 393, 395-396
28 (6th Cir. Mich. 2008). Conversely, in the present matter, Mr.

**LAW OFFICES**
506 BROADWAY
SAN FRANCISCO
(415) 986-5591
Fax: (415) 421-1331

4

Chow has direct evidence that Chanthavong and Li have taken multiple opportunities to meet, confer, plot, evaluate and reevaluate their testimony - Li and Chanthavong have colluded in this matter.

If this Court allows testimony of severed co-defendants that have collaberated and colluded against Mr. Chow, it is impossible for him "to make his own case stand on its own merits in the minds of jurors who are ready to believe that birds of a feather are flocked together," and he will not receive a fair trial. Krulewitch v. United States, 336 U.S. 440, 454 (U.S. 1949).

II

IMPACT OF COLLUSION BETWEEN TESTIFYING GOVERNMENT WITNESSES

Normally, when a witness violates a sequestration order and defense counsel timely objects to his testimony, the district court has the discretion to either admit or exclude the evidence, United States v. Buchanan, 787 F.2d 477, 485 (10th Cir. 1986),  or to declare a mistrial, United States v. Covelli, 738 F.2d 847 (7th Cir. 1984), cert. denied, 469 U.S. 867, 105 S. Ct. 211, 83 L. Ed. 2d 141 (1984).

Absent a sequestration order, Mr. Chow argues that he will be substantially prejudiced by the collaborating witnesses and that the subsequent testimony is tainted and nothing more that a farce to continue to appease the Government to receive the most favorable outcome.

Mr. Chow herein asserts that the collusion between Li and Chanthavong render their testimony inadmissible and its exclusion is within the court's sound discretion. 3 Weinstein's

LAW OFFICES
506 BROADWAY
SAN FRANCISCO
(415) 986-5591
Fax: (415) 421-1331

1  Evidence 615-17. United States v. Ell, 718 F.2d 291, 293 (9th
2  Cir. Mont. 1983) United States v. Prichard, 781 F.2d 179 (10th
3  Cir. Colo. 1986)(Probable prejudice should be shown for such
4  exclusion to occur).
5      Mr. Chow faces great prejudice if the tainted witness
6  testimony is presented to the jury. The Government has made
7  substantial claims that both of these co-defendants are
8  cooperating witnesses and highly motivated to present unreliable
9  testimony, based on lies, omissions and mistatements. By the
10 Government's own proclamations, Andy Li presented false
11 declarations and he is "incredible," "inconsistent,"
12 "illogical," "nonsensical," and wholly "untrustworthy." (*See* Doc
13 462). Likewise, Kongphet Chanthavong, is a cooperating witness
14 with significant motive to lie in light of his plea agreement.
15 (Doc 1059, 1: 25-27).
16     Both Li and Chanthavong's must be disqualified from
17 testifying in the present matter because of their ongoing
18 collaboration, proven unreliability and in light of the grave
19 prejudice that Mr. Chow will fact in violation of his due
20 process rights.

**LAW OFFICES**
506 BROADWAY
SAN FRANCISCO
(415) 986-5591
Fax: (415) 421-1331

CONCLUSION

Based on the foregoing, Mr. Chow respectfully requests that this Court disqualify Andy Li and Kongphet Chathavong from testifying in this matter, and exclude all such testimony because it is unreliable and a product of collusion and collaboration.

Dated: November 6, 2015

Respectfully submitted,


/s/ J. TONY SERRA
CURTIS BRIGGS
J. TONY SERRA
TYLER SMITH
Attorneys for Defendant
KWOK CHEUNG CHOW

**LAW OFFICES**
506 BROADWAY
SAN FRANCISCO
(415) 986-5591
Fax: (415) 421-1331

7

1 DECLARATION OF COUNSEL

2     I, TONY SERRA, declare:

3     1.   I am an attorney licensed to practice in the State of
4 California, and counsel of record for defendant KWOK CHEUNG CHOW
5 herein.

6     2.   The statements in the accompanying NOTICE OF MOTION
7 AND MOTION TO PRECLUDE TESTIMONY BY JOE CHANTHAVONG AND ANDY LI
8 are true and correct to the best of my knowledge, based on my
9 information and belief.

10     I declare under penalty of perjury that the foregoing is
11 true and correct.  Executed this 5th day of November, 2015, at
12 San Francisco, California.

14                                      /s/ J. TONY SERRA

**LAW OFFICES**
506 BROADWAY
SAN FRANCISCO
(415) 986-5591
Fax: (415) 421-1331

8