J. TONY SERRA #32639
CURTIS L. BRIGGS #284190
TYLER R. SMITH #289188
506 Broadway
San Francisco CA 94133
Telephone: 415/986-5591

Attorneys for Defendant
KWOK CHEUNG CHOW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

KWOK CHEUNG CHOW, aka
RAYMOND CHOW,

        Defendant
_____/

14-CR-196 CRB

NOTICE OF MOTION AND MOTION TO
UNSEAL GRAND JURY PROCEEDING
ON THE THIRD SUPERCEDING
INDICTMENT

Date: November 9, 2015
Time: 8:30 a.m.
Dept: Judge Breyer

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO THE UNITED
STATES ATTORNEY FOR THE NORTHERN DISTRICT OF CALIFORNIA:

    PLEASE TAKE NOTICE that on the date and at the time
indicated above, defendant KWOK CHEUNG CHOW, by and through
counsel, will and hereby does move the Court for an order
unsealing the grand jury proceedings that held Mr. Chow to
answer for the charges brought by the Government in the Third
Superceding Indictment. The Government's submission of evidence
supporting charges of solicitation of murder by Chow, as
thereafter charged in the superceding Indictment, relied
substantially and significantly on known untrustworthy and
unreliable informants. It was the same persons who testified in

1   the grand jury proceedings, and the Government knew at the time

2   of the testimony that these persons had clear and identified

3   motives to lie during the grand jury proceedings.

4        Defendant therefore requests the unsealing of the grand

5   jury proceeding on the Third Superseding Indictment.

6        This motion is based on this notice, the attached

7   memorandum of points and authorities and supporting declaration

8   of counsel, the files and records herein, and such additional

9   evidence and/or authorities as may be hereafter presented.

10       Dated: November 6, 2015

11

12                                   ___/s/ CURTIS BRIGGS___
                                     J. TONY SERRA
13                                   CURTIS BRIGGS
                                     TYLER SMITH
14                                   Attorneys for Defendant
                                     KWOK CHEUNG CHOW
15

16

17

18

19

20

21

22

23

24

25

26

27

28

### MEMORANDUM OF POINTS AND AUTHORITIES

<u>STATEMENT OF THE CASE</u>

More than eighteen months after the initial Indictment against Kwok "Raymond" Chow and two weeks before trial was set to start, the Government indicted Raymond Chow in the Third Superceding Indictment on October 15, 2015; charges include: 18 U.S.C. section 1962(d), conspiracy to conduct the affairs through a pattern of racketeering activity; 18 U.S.C section 1959(a)(1), murder in aid of racketeering; 18 U.S.C. section 1959(a)(5), conspiracy to commit murder in aid of racketeering; 18 U.S.C section 1956, money laundering; and 18 U.S.C. section 371, conspiracy. (Doc. 1072).

Despite the fact that no additional facts have surfaced, the Government submits threads of attenuated evidence of solicitation to commit murders by defendant Chow.  (Doc. 1059). To support the new charges, the Government relies heavily and erroneously on unreliable witnesses: Andy Li, Cam Wong and Joe Chanthavong. By information and belief, these same witnesses were presented to the grand-jury. Unsealing and disclosure of the grand-jury proceedings of the Third Superseding Indictment is critical, and warranted under Fed. Crim. Proc. Rule 6 to promote justice and to determine the reliance on unreliable witnesses; safeguards taken to advise and warn the grand-jury of the witnesses' credibility; and to the extent such measures were not taken, disclosure is necessary to examine prosecutorial misconduct and due process violations.

<u>STATEMENT OF FACTS</u>

On information, belief and deduction, defense asserts herein that the Government put on witnesses at the Grand Jury proceeding that were unreliable, with motives to lie to this Court, including but limited to Andy Li; Cam Wong and Joe Chanthavong. These witnesses, by the Government's own proclamation, are dangerously untrustworthy and offering up their testimony without precautionary safeguards and warnings amounts to an abuse of the grand-jury proceedings, a violation of defendant's due process rights and prosecutorial misconduct. An essential component of the Government's support of charges substantiating the third indictment, which defense submits is not based on new evidence or changed circumstance, is the reliance on Andy Li, whom, on information and belief, defense believes testified at the grand-jury proceedings.

The Government characterized and attributed the following to Andy Li:

> [D]efendant has knowingly submitted false declarations to this Court in his effort to gain release (Doc. 462, 1: 11-13);

> That defendant will say or do anything to try to get out of jail should give the Court great pause about releasing him. If a person cannot be trusted to give the Court straight information, that person cannot be trusted to comply with the Court's conditions and directions. (Doc. 462, 3: 25-27);

> In short, the declarations provided by the defendant are incredible and inconsistent because they are false. According to the defendant himself, it would appear that the Officer and defendant's wife are highly compromised and should be given minimal credibility by this Court. It also is clear that defendant filed declarations from his wife and the Officer that he knew were false. Again, defendant's efforts to weave

LAW OFFICES
506 BROADWAY
SAN FRANCISCO
(415) 986-5591
Fax: (415) 421-1331

4

1    illogical stories with compromised witnesses
     demonstrate that the defendant is not
2    straight with the Court." (Doc. 462, 6:18-23); and

3    [D]efendant's argument is simply nonsensical.
     (Doc. 8:11).
4

5    By the Government's own proclamations, Andy Li presented

6    false declarations and he is "incredible," "inconsistent,"

7    "illogical," "nonsensical," and wholly "untrustworthy."

8    Second, on information and belief, defense contends that

9    CW.C. testified at the grand-jury proceedings. Defense asserts

10   that CW.C.

11   The Government purports in its' submission to this Court

12   supporting the Third Superceding Indictment that CW.C. set forth

13   the events and circumstances directly related to the murder of

14   Allen Leung, although he wholly lacks credibility and the

15   Government readily admitted so.  The Government stated that

16   Individual C is a Government informant, a former Hop Sing Tong

17   member, and he is serving a lengthy prison term for murdering a

18   rival gang member and another individual. He is cooperating and

19   testifying against Chow because he is embittered that Chow and

20   CW.A. did not provide sufficient legal support for his case.

21   (Doc. 1059, 4: 4-10).

22   It is defense's belief that CW.C. testified that he

23   followed CW.A.'s orders and CW.A. followed Chow's orders. He

24   testified that CW.A. asked him to murder Leung, and his

25   initially agreed and then declined because it was too close to

26   his work. (Doc. 1059, 5: 5-16). A day or two prior to the

27   murder, CI.C. stated that he picked up two men, CW.D. and CW.E.

28   and brought them to a meeting with CW.A. and Chow.

LAW OFFICES
506 BROADWAY
SAN FRANCISCO
(415) 986-5591
Fax: (415) 421-1331

1   CW.C. further stated that on February 2, 2006, he drove CW.
2   D. and E. to Chinatown, where they got out of the car and after
3   sometime returned. After they drove away, the men broke down two
4   guns and threw them over the Bay Bridge into the San Francisco
5   Bay. (Doc. 1059, 6: 1-10).

6   Critically, the Government admits that CW.C. is not a
7   trustworthy witness and he set forth "various different
8   iterations" of the murder. The inconsistencies range from the
9   number of persons in the car, to how the events unfolded, to the
10  extent of his involvement. The Government confirms that CW.C.
11  gave false information about CW.A. being the shooter and a
12  polygraph revealed further deception as to whether or not he was
13  the shooter. (Doc. 1059, 6: 19-20; and footnote 6).

14  Likewise, Kongphet Chanthavong, is a cooperating witness
15  with significant motive to lie in light of his plea agreement.
16  (Doc 1059, 1: 25-27).

17  In this case, disclosure of the grand-jury proceedings is
18  necessary and warranted. In supporting the charges herein, the
19  Government relied heavily on the theory that Raymond Chow
20  orchestrated a racketeering enterprise; yet, the Government
21  relies not on direct evidence, but rather, the lack thereof, to
22  support its theory. In supporting the charges in the Third
23  Superseding Indictment, the Government relies heavily on
24  admittedly untrustworthy evidence, and contrived guesswork to
25  support allegations that Raymond Chow solicited the murders of
26  Allen Leung and Jim Tat Kong.

27  Therefore, unsealing and disclosure of the grand-jury
28  proceedings is warranted in this case in the interests of

justice, and to address questionable due process violations as well as prosecutorial misconduct.

**ARGUMENT**

I

DISCLOSURE OF THE GRAND-JURY PROCEEDINGS, RESULTING IN THE THIRD SUPERSEDING INDICTMENT, MUST BE DISCLOSED TO THE DEFENDANT

Federal Rule of Criminal Procedure Rule 6 states that the court "may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter ... at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury[.]" Fed Rule of Criminal Procedure Rule 6(e)(3)(E)(ii). Moreover, the "court must afford a reasonable opportunity to appear and be heard to "the parties to the judicial proceeding." Fed Rule of Criminal Procedure Rule 6(e)(3)(F)(ii).

Under Fed Rule of Criminal Procedure Rule 6(e)(6): "Records, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury," and this rule continues the traditional practice of secrecy on the party of members of the grand jury, except when the court permits a disclosure and courts have long recognized that grand-jury disclosure is appropriate in certain circumstances.

The Supreme Court of the United States has confirmed the trial court's power under Rule 6 (e) of the Federal Rules of Criminal Procedure to direct disclosure of grand jury testimony

LAW OFFICES
506 BROADWAY
SAN FRANCISCO
(415) 986-5591
Fax: (415) 421-1331

1 "preliminarily to or in connection with a judicial proceeding."

2 <u>Dennis v. United States</u>, 384 U.S. 855, 869-870 (U.S. 1966).

3      In <u>United States v. Socony-Vacuum Oil Co.</u>, 310 U.S. 150,

4 234, the Court acknowledged that "after the grand jury's

5 functions are ended, disclosure is wholly proper where the ends

6 of justice require it." 310 U.S. 150, 234 (U.S. 1940); *see also*

7 After an indictment has been found and the accused apprehended,

8 the veil of secrecy surrounding grand jury proceedings may

9 safely be lifted where justice so requires. <u>Metzler v. United</u>

10 <u>States</u>, 64 F.2d 203, 206 (9th Cir. Cal. 1933); other districts

11 followed such line of reasoning: <u>United States v. Amazon</u>

12 <u>Industrial Chem. Co.</u>, D.C.Md., 55 F.2d 254, 261; <u>United States</u>

13 <u>v. Perlman</u>, D.C.S.D., N.Y., 247 F. 158, 160; <u>Atwell v. United</u>

14 <u>States,</u> 4 Cir., 162 F.97, 17 L.R.A.,N.S., 1049, 15 Ann.Cas. 253.

15 Rule 6(e) of the New Federal Rules of Criminal Procedure also

16 recognizes, at least by implication, that the court has power

17 'in connection with a criminal proceeding' to compel disclosure

18 of matters occurring before the grand jury. <u>United States v.</u>

19 <u>Alper</u>, 156 F.2d 222, 226 (2d Cir. N.Y. 1946).

20      The burden is on the defense to show that "a particularized

21 need" exists to unseal the grand-jury proceedings, which

22 outweighs the policy of secrecy. <u>Pittsburgh Plate Glass v. U.S.</u>,

23 360 U.S. 395, 400-405 (U.S. 1959): where four members of the

24 Court concluded that even on the special facts of that case the

25 witness' grand jury testimony should have been supplied to the

26 defense, the entire Court was agreed that upon a showing of

27 "particularized need" defense counsel might have access to

28 relevant portions of the grand jury testimony of a trial

**LAW OFFICES**
506 BROADWAY
SAN FRANCISCO
(415) 986-5591
Fax: (415) 421-1331

1  witness. Id. at 400 and 405; *see also* Dennis v. United States,

2  384 U.S. 855, 869-870 (U.S. 1966).

3      Moreover, in Procter & Gamble, 356 U.S. 677 (U.S. 1958),

4  the Court stated that "problems concerning the use of the grand

5  jury transcript at the trial to impeach a witness, to refresh

6  his recollection, to test his credibility ..." are "cases of

7  particularized need where the secrecy of the proceedings is

8  lifted discretely and limitedly." 356 U.S., at 683.

9      In the present case, defendant acknowledges that grand-jury

10  proceedings are secret in nature in light of tradition, efficacy

11  and practicality; however, it does not follow that "grand jury

12  minutes should never be made available to the defense." See

13  Pittsburgh Plate Glass v. U.S. , *supra* at 400.

14      **A. Ends of Justice Require Disclosure**

15      First, "disclosure is wholly proper" because the "ends of

16  justice require it." Sacony-Vacuum Oil Co.*, supra* at 234*.* In the

17  present case, it is the defense's contention, based on

18  information and belief, that the Government presented the grand-

19  jury with witnesses, including Andy Li, Cam Wong, and Kongphet

20  Chanthavong, whom, by the Government's own proclamations are

21  "unreliable;" "untrustworthy;" "illogical;" "nonsensical;" and

22  whom have lied to the Government and to this Court. These are

23  not simply bias witness leaning towards an altered truth or

24  offering inconsequential exaggerations. These are highly

25  motivated, proven liars, with dangerous incentives to offer

26  misleading and false testimony.

27      Unsealing and disclosure of the grand-jury proceedings is

28  proper and required by justice to determine if the entire grand-

LAW OFFICES
506 BROADWAY
SAN FRANCISCO
(415) 986-5591
Fax: (415) 421-1331

1  jury was based completely on testimony from these inconsistent

2  and deceitful witnesses.

3       **B. Particularized Need**

4       Second, the defense has shown_show that "a particularized

5  need" exists to unseal the grand-jury proceedings, which

6  outweighs the policy of secrecy. Pittsburgh Plate Glass v. U.S.,

7  *supra* at 400 & 405.

8       In Pittsburgh Plate Glass, the defendants made no showing

9  of any need to unseal the grand-jury proceedings, rather the

10  defendant proceeded as a matter of absolute right, and they

11  "contended only that they had a 'right' to the transcript

12  because it dealt with subject matter generally covered at the

13  trial." Id. at 400-401. Conversely, in the present case, Mr.

14  Chow does not claim an absolute right to unseal the grand-jury

15  proceedings, and rather he asserts a particularized and

16  compelling need as the proceedings will reflect the fact that

17  the Government set forth witnesses that they knew were

18  unreliable, untrustworthy, and compelled to act with dishonest

19  motives, whether or not, those same witnesses testify at trial.

20       Moreover, if the grand-jury witnesses also testify at

21  trial, the grand-jury testimony must be unsealed to ensure that

22  Mr. Chow may impeach the Government's witnesses on the basis of

23  prior inconsistent statements before the grand jury. As noted in

24  the opinion of Oakes, J., in United States v. Cramer:

25          First since *Dennis v. United States*, 384
        U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973

26          (1966), a defendant has been entitled to
        examine the grand jury testimony of

27          witnesses against him. On this point, the
        Court was unanimous, holding that there was

28          "no justification" for the District of
        Columbia Court of Appeals' "relying upon

**LAW OFFICES**
506 BROADWAY
SAN FRANCISCO
(415) 986-5591
Fax: (415) 421-1331

1    [the] 'assumption'" that "no inconsistencies
     would have come to light." The Court's
2    decision was based on the general
     proposition that "[i]n our adversary system
3    for determining guilt or innocence, it is
     rarely justifiable for the prosecution to
4    have exclusive access to a storehouse of
     relevant facts." In the case at bar the
5    prosecution did have exclusive access to the
     grand jury testimony of the witness Sager,
6    by virtue of being present, and the defense
     had none—to determine whether there were any
7    inconsistencies with, say, his subsequent
     testimony as to damaging admissions by the
8    defendant and his attorney Richard Thaler.
     The Government claims, and it is supported
9    by the majority here, that there is no
     problem since defendants were given the
10   benefit of Sager's subsequent statements
     including these admissions as Jencks Act
11   materials. But assuming this to be true, it
     does not cure the basic infirmity that the
12   defense could not know whether the witness
     testified inconsistently before the grand
13   jury.

14   United States v. Cramer, 447 F.2d 210, 222-223 (2d Cir.
     N.Y. 1971)

15

16   Defendant further points to the following recognized

17   safeguards of recording or transcribing a grand-jury proceeding

18   and highlights that disclosure is necessary herein because 1)

19   the testimony was untrustworthy as set forth above; and 2) the

20   Government engaged in prosecutorial misconduct.

21        1. *Testimony Received in Grand-Jury Proceeding was*

22   *Untrustworthy*

23   In United States v. Cramer, the court observed: "The

24   recording of testimony is in a very real sense a circumstantial

25   guaranty of trustworthiness. Without the restraint of being

26   subject to prosecution for perjury, a restraint which is wholly

27   meaningless or nonexistent if the testimony is unrecorded, a

28   witness may make baseless accusations founded on hearsay or

**LAW OFFICES**
506 BROADWAY
SAN FRANCISCO
(415) 986-5591
Fax: (415) 421-1331

11

1 false accusations, all resulting in the indictment of a fellow

2 citizen for a crime." Id. at 221.

3      Defense contends that is precisely what occurred in the

4 present matter. The witnesses set forth herein, stood before the

5 grand-jury and made baseless accusations founded on hearsay and

6 false accusations, with no suggested safeguards of trust-

7 worthiness and defendant was held to answer for such crimes.

8 Unsealing of the proceedings is necessary and required to

9 determine such.

10      *2.   Restraining Prosecutorial Abuses Before the Grand*

11 *Jury*

12      As noted in United States v. Gramolini:

13           In no way does recordation inhibit the grand
             jury's investigation. True, recordation
14           restrains certain prosecutorial practices
             which might, in its absence be used, but
15           that is no reason not to record. Indeed, a
             sophisticated prosecutor must acknowledge
16           that there develops between a grand jury and
             the prosecutor with whom the jury is
17           closet[] a rapport—a dependency
             relationship—which can easily be turned into
18           an instrument of influence on grand jury
             deliberations. Recordation is the most
19           effective restraint upon such potential
             abuses.
20
     United States v. Gramolini, 301 F. Supp. 39, 41-42 (D.R.I.
21 1969).

22      In the present case, the grand jury was based entirely on

23 hearsay and unreliable witnesses with motives for dishonesty,

24 previous known and acknowledged by the Government.

25      It is imperative that the Government specifically call to

26 the attention of the grand jury the nature of the evidence

27 presented - the grand-jury must be told that the evidence is

28 hearsay and unreliability of the witnesses and courts recognize.

1  Such precautionary measures taken by the Government is disputed

2  herein and defendant is greatly handicapped by the absence of

3  grand-jury transcript. It is defendant's contention that the

4  whole case was developed before the grand-jury by FBI Agents and

5  the Government at the guise of such deceitful witnesses, and

6  without such, no indictment could have been obtained. It is

7  unclear if the Government gave a general statement as to the

8  grand-jury's treatment of unreliable witnesses and statements

9  based on hearsay, guesswork and conjecture or if specific

10 warnings as to the nature of the evidence presented was given.

11      It is defense's contention that the Government will

12 directly suborn or supervise their team in presenting perjured

13 testimony from Andy Li and the other witnesses. Specifically,

14 Mr. Frentzen has previously argued to this Court in this matter

15 that Andy Li could not be trusted and that he would do and say

16 anything to get out of jail.  Obviously, the stakes are much

17 higher for him now that he is facing federal prison and it is a

18 clear instance of prosecutorial misconduct to offer his

19 testimony to the jury.

20      Mr. Chow has set forth a particularized need for this Court

21 to unseal and disclose the grand-jury proceedings in light of

22 untrustworthy testimony, prosecutorial misconduct and because

23 the interests of justice mandate such disclosure.

24

25

26

27

28

1                                CONCLUSION

2        Based on the foregoing, Mr. Chow respectfully requests that

3   this Court unseal and disclose the grand-jury proceeding, which

4   resulted in the Third Superceding Indictment.

5        Dated: November 6, 2015

6                                    Respectfully submitted,

7

8                                    ____/s/ CURTIS BRIGGS_____
                                     CURTIS BRIGGS
9                                    J. TONY SERRA
                                     TYLER SMITH
10                                   Attorneys for Defendant
                                     KWOK CHEUNG CHOW
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**LAW OFFICES**
506 BROADWAY
SAN FRANCISCO
(415) 986-5591
Fax: (415) 421-1331
28

                                        14

## DECLARATION OF COUNSEL

I, CURTIS BRIGGS, declare:

1.   I am an attorney licensed to practice in the State of California, and counsel of record for defendant KWOK CHEUNG CHOW herein.

2.   The statements in the accompanying NOTICE OF MOTION AND MOTION TO UNSEAL GRAND JURY PROCEEDING ON THE THIRD SUPERCEDING INDICTMENT are true and correct to the best of my knowledge, based on my information and belief.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 5th day of November, 2015, at San Francisco, California.

/s/ CURTIS BRIGGS
CURTIS BRIGGS