BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
SUSAN E. BADGER (CABN 124365)
S. WAQAR HASIB (CABN 234818)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    William.frentzen@usdoj.gov
    Susan.badger@usdoj.gov
    Waqar.hasib@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.: CR 14-0196 CRB |
| v. | UNITED STATES' SUPPLEMENTAL MOTIONS *IN LIMINE* |
| KWOK CHEUNG CHOW, et al. | |
| Defendants. | Court:   Honorable Charles R. Breyer |

## I. INTRODUCTION

The government previously filed Motions *in Limine*. These supplemental Motions *in Limine* are being filed due to recent filings by defendant Chow and out of an abundance of caution. Government counsel does not want to be in the position of making objections during defense counsel's opening statement and is filing this Motion in order to hopefully avoid that occurance.

## II. MOTIONS IN LIMINE

### A. Defendant Chow Was Previously Barred from Arguing Selective Prosecution or Outrageous Government Misconduct and the Court's Order Should be Enforced During Trial

On September 28, 2015, the Court unambiguously granted the Motions *in Limine* by the government to preclude irrelevant and inaccurate arguments regarding outrageous government misconduct and selective prosecution. *See* Tr. at 4-6. Counsel for defendant Chow, Mr. Serra, was not present at the hearing. There should be no mistake or miscommunication regarding that Order and any such arguments by defendant Chow during opening statement or during trial should be summarily cut off and stricken from the record. The Court has already properly held that such issues are for the Court as legal matters and not for the jury. *Id.*

### B. Defendant Chow Elected not to Argue Entrapment to the Jury and Should be Barred from Doing So During Trial

Defendant Chow elected not to argue entrapment during this case. He clearly did so because (1) he can't demonstrate inducement, and (2) the evidence of Chow's predisposition is lengthy and compelling. Therefore, Chow should be barred from making entrapment arguments and examinations related to that subject matter during trial.

### C. Defendant Chow Should not be Permitted to Make a Duress Argument Or, In the Alternative, Chow's Conduct Would Become Admissible to Explain the Government's Actions

Defendant Chow's recent filing regarding alleged Outrageous Government Misconduct is lengthy but baseless. Nonetheless, Chow makes the unsubstantiated claim that he was somehow forced into a life of crime and return to criminal organizations by the government. In part, he seems to claim

that the FBI's withdrawal of support for an S-Visa, lack of an ability to find work, and that he did not go into the Witness Security ("WitSec") program was what caused him to turn back to his old ways. These claims are false, and can easily be refuted by the government if necessary.

The claims, however, are also totally irrelevant. Chow cannot possibly make out a claim of duress, justification, or necessity, however, each of which require not only imminent threat of death or great bodily harm, but also require reporting to law enforcement at the earliest possible time, no reasonable legal alternative, and other elements that Chow cannot possibly demonstrate. *See Ninth Circuit Manual of Model Jury Instructions*, Instructions 6.5, 6.6, and 6.7. Since Chow's apparent claims – even if they were true – do not constitute an affirmative defense, the jurors need not consider the claims and they are rendered irrelevant.

In the alternative, however, should Chow seek to pursue this line of argument and/or evidence, then it would open the door to the admission of reporting by various sources and witnesses – including Allen Leung – to the FBI and to the San Francisco Police Department regarding Chow. Not for the truth of the reports themselves, but to explain the FBI's determination that it could no longer support Chow's S-Visa application in good faith. That information includes Allen Leung's repeated interviews with FBI that Chow was in the process of attempting to take over the Hop Sing Tong and the Chee Kung Tong and then subsequently that Chow was extorting Mr. Leung. Despite FBI's offers to assist in further investigating the threats to Mr. Leung, he declined to wear a recording device against Chow out of fear for his safety. Additionally, FBI was receiving other credible reports of Chow's return to organized criminal activity and that Chow was surrounding himself with individuals who were involved in criminal activity. These reports would become admissible should Chow try to accuse the FBI of withdrawing support for his S-Visa without cause.

**D. Defendant Chow Should be Precluded from Argument Regarding Polygraph Results**

During the course of the government's investigation, one of the witnesses elected to submit to a polygraph examination. By that witness' own admission, he was not being completely truthful with the government at the point that he submitted to the examination. The fact that the witness was previously withholding information, of course, will be presented to the jury and has been disclosed to the defendant. The administration and results of the polygraph examination, however, are not admissible in evidence and are not appropriate for opening statements or for argument by counsel. *United States v. Bowen*, 857 F.2d 1337, 1341 (9th Cir. 1988) ("It is well settled in this Circuit that polygraph evidence is disfavored and cannot be introduced into evidence to establish the truth of the statements made during the examination"). For this reason, defendant should not make any reference to polygraph examinations and the results during trial. Furthermore, the government notes that Chow was given an opportunity to submit to a polygraph examination regarding the Leung homicide during that investigation and he declined to do so, as was his right. It would be inappropriate, however, for Chow to now try to make reference to inadmissible evidence regarding a polygraph examination when Chow himself refused to do so.

**E.  Statements by Counsel Should not be the Subject of Argument or Evidence**

Chow has previously referenced statements by counsel and matters that were submitted in writing, but not under seal, in his pleadings. Chow also attempted to claim that he would call at least one government attorney to testify, but has not issued a subpoena to that attorney or followed the appropriate regulations to be able to call that attorney to testify. Nor would any such efforts be appropriate – rather it would demonstrate a fear of opposing counsel and an effort to have counsel recused. Obviously, the statements by counsel and the written work of counsel would be inappropriate to argue if they will not be admitted into evidence. It further puts counsel in the position of having to explain prior statements and/or writings in context. For these reasons, Chow should be barred from

making such references.  Alternatively, the statements of Chow's counsel would, in theory, be admissible and that would place Chow at a grave disadvantage in defending his case at trial.

### III.  CONCLUSION

For the reasons stated above, the government hereby respectfully requests that the Court grant the government's Motions *in Limine*.

DATED: November 8, 2015                                    Respectfully submitted,

BRIAN J. STRETCH
Acting United States Attorney

              /s/
SUSAN E. BADGER
WILLIAM FRENTZEN
S. WAQAR HASIB
Assistant United States Attorneys