BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
SUSAN E. BADGER (CABN 124365)
S. WAQAR HASIB (CABN 234818)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    William.frentzen@usdoj.gov
    Susan.badger@usdoj.gov
    Waqar.hasib@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.: CR 14-0196 CRB |
| v. | UNITED STATES' NOTICE REGARDING POTENTIAL VIOLATION OF RULE 2-100 OF CALIFORNIA RULES OF PROFESSIONAL CONDUCT – COMMUNICATION WITH REPRESENTED PARTY |
| KWOK CHEUNG CHOW, et. al., | |
| Defendants. | |

The government hereby provides the Court with notice of a potential violation of Rule 2-100 of the California Rules of Professional Conduct. Rule 2-100 provides that '[w]hile representing a client, a member shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer." Cal. Rules of Professional Conduct Rule 2-100.

UNITED STATES' NOTICE
CR 14-0196 CRB                    1

1  Thau Benh Cam is a witness cooperating with the government and is due to testify this upcoming
2  week at trial.  Mr. Cam is currently represented by a CJA panel defense attorney from Sacramento,
3  attorney Michael Hansen, and was previously represented by Assistant Federal Public Defender
4  Matthew Bockmon of the Eastern District of California.  The government understands from attorney
5  Hansen that counsel for defendant CHOW was notified that Mr. Cam was represented.  It appears that
6  after being so notifed, counsel for defendant CHOW nonetheless approached Mr. Cam and attempted to
7  interview him, eliciting some substantive answers.  The government is unaware of any information
8  indicating that counsel for defendant CHOW obtained permission from attorney Hansen to speak
9  directly to Mr. Cam.  Accordingly, the government approached counsel for CHOW to inquire as to the
10  nature of the contact with Mr. Cam.  The following email exchange occurred (read from bottom to top):

> **From:** Curt Briggs [mailto:curt.briggs@briggslawsanfrancisco.com]
> **Sent:** Friday, December 04, 2015 4:14 PM
> **To:** Frentzen, William (USACAN)
> **Cc:** Tony Serra (jtonyserra@gmail.com); smithtyler42@gmail.com; Hasib, Waqar (USACAN); Badger, Susan (USACAN)
> **Subject:** Re: contacts issue
>
> I am trying to answer to the best of my ability but work-product is involved.  I admit that I was informed he was represented.  I admit I instructed that we visit him in custody.  Those are independent of each other.  Other than that I would be divulging strategy which I expect to be material during the cross examination of Mr. Cam.  That is the best I can give you at this point.
>
> **************
> On Fri, Dec 4, 2015 at 3:33 PM, Frentzen, William (USACAN) <William.Frentzen@usdoj.gov> wrote:
> You were told that he was represented and then made contact with him regardless.  Do you deny that?  Or do you have an explanation?  Thanks.
>
> **************
> On Dec 4, 2015, at 3:14 PM, "Curt Briggs" <curt.briggs@briggslawsanfrancisco.com<mailto:curt.briggs@briggslawsanfrancisco.com>> wrote:
>
> Thank you for the opportunity to clarify.  No ethical rules were violated in connection with our interview with Mr. Cam. I would be happy to look into this further and provide a more detailed response if you would forward me any documentation or support for the position that we wrongfully communicated with Mr. Cam.
>
> **************
>
> On Fri, Dec 4, 2015 at 1:05 PM, Frentzen, William (USACAN) <William.Frentzen@usdoj.gov<mailto:William.Frentzen@usdoj.gov>> wrote:
> Counsel, we are concerned that it appears that contact was made with a represented party in this case -- Thau Benh Cam at ▇▇▇▇▇▇▇▇▇▇▇▇ -- after you were already informed that Mr. Cam was represented by counsel.  As you know, that type of contact would be an

ethical violation.  We would like to give you an opportunity to explain what occurred.  Please respond in writing or give us a call regarding this issue.  Thanks, WF

Exclusion of any cross-examiantion material obtained in violation of Rule 2-100 is a potential remedy.  *See, e.g.*, *United States v. Powe*, 9 F.3d 68 (9th Cir. 1983)(noting that court is empowered to use its supervisory powers to exclude evidence obtained in violation of Rule 2-100).  Nonetheless, the government does not hereby seek suppression; rather, the government merely seeks to notify the Court of the apparent violation of the ethics rules so that the Court can proceed as it sees fit.

DATED: December 14, 2015              Respectfully submitted,

BRIAN J. STRETCH
Acting United States Attorney

_____/s/_____
SUSAN E. BADGER
WILLIAM FRENTZEN
S. WAQAR HASIB
Assistant United States Attorneys