BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
SUSAN E. BADGER (CABN 124365)
S. WAQAR HASIB (CABN 234818)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    William.frentzen@usdoj.gov
    Susan.badger@usdoj.gov
    Waqar.hasib@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.: CR 14-0196 CRB |
| v. | UNITED STATES' MOTION *IN LIMINE* REGARDING WITNESS CLIFTON LEUNG |
| KWOK CHEUNG CHOW, et al. | |
| Defendants. | Court:  Honorable Charles R. Breyer |

## I. **INTRODUCTION**

The government hereby moves to preclude questioning of witness Clifton Leung regarding ongoing allegations of fraud related to a civil lawsuit filed by investors in a business, Sugarmade, associated with Mr. Leung.  The government respectfully submits that questioning regarding an ongoing civil lawsuit that has not been resolved would be inappropriate in this case under Fed. R. Evid. 608(b) and 403.  Should the Court determine that questions regarding the allegations of fraud were appropriate in this case, the Court should still uphold Fed. R. Evid. 608(b) and ensure that no extrinsic evidence is utilized to address this collateral matter.

## II. **ARGUMENT**

Clifton Leung will be called as a witness in this case to cover several issues.  First, he is the son of murder victim Allen Leung and was a witness to certain events that preceded the murder of his father on February 27, 2006.  Second, Mr. Leung was present for certain power struggles within the Hop Sing Tong involving defendant Chow as he ascended to the position of President of the Hop Sing Tong in 2011.  Third, Mr. Leung can testify regarding certain relevant behavior by defendant Chow.  Fourth, Mr. Leung can confirm that his mother told him about Jack Lee's presence during the murder much earlier than represented by counsel for defendant Chow.

Sugarmade is a company that attempts to produce "tree-less" paper from sugarcane mulch and other products.  Mr. Leung was a board member and officer of Sugarmade in 2013.  Mr. Leung remains a shareholder in Sugarmade.  According to a civil suit filed by investors, they claim that Mr. Leung and others made misrepresentations regarding ownership of a factory in China.  Complaint, *Lovitt & Hannan, Inc., et. al., v. Sugarmade, Inc., et. al.*, Case No. CGC-13-536535 (San Francisco Sup. Ct.). Those claims are currently in court and pending.  Mr. Leung has denied that he deceived any investors and has raised other defenses to the allegations.  Joint Case Management Conference Statement, *Lovitt & Hannan, Inc., et. al., v. Sugarmade, Inc., et. al.*, Case No. CGC-13-536535 (San Francisco Sup. Ct.). Documents related to the civil suit were provided by the government to defendant Chow as soon as they

1    were provided to the AUSAs in this case.[1]  Mr. Leung is represented by counsel in connection with the

2    civil suit.

3            The government does not view these allegations as sufficient to raise a mini-trial regarding

4    whether Mr. Leung deceived any investors or not.  At its core, Mr. Leung denies the allegations and

5    would deny that he deceived anyone.  In the event that Mr. Leung made such a statement upon

6    questioning, defendant Chow could not further inquire of Mr. Leung without waste of time, prejudice to

7    Mr. Leung, and potential to confuse the jury.  Furthermore, allegations of "other bad acts" cannot be

8    proved through extrinsic evidence as to collateral matters such as this.  Fed. R. Evid. 608(b).  That Rule

9    provides that:

10

11              "[e]xcept for a criminal conviction under Rule 609, extrinsic evidence is
12              not admissible to prove specific instances of a witness's conduct in order
                to attack or support the witness's character for truthfulness.  But the court
13              may, on cross-examination, allow them to be inquired into if they are
                probative of the character for truthfulness or untruthfulness of: (1) the
14              witness, or (2) another witness whose character the witness being cross-
                examined has testified about.  By testifying on another matter, a witness
15              does not waive any privilege against self-incrimination for testimony that
                relates only to the witness's character for truthfulness."
16

    *Id.*  The Rule therefore contemplates that the Court has discretion to permit the questioning or not.

17   However, even if the Court were to permit questioning on the subject of the lawsuit as potentially

18   "probative of the character for . . . untruthfulness" of Mr. Leung, the answer to the question would have

19   to be accepted by defendant Chow without further litigation through extrinsic evidence.  This is the very

20   purpose of 608(b): to prevent mini-trials on collateral issues from eating up the time and energy of the

21   Court and the jurors.

22           It is also worth noting that Mr. Leung may well have a right against self-incrimination in the

23   sense that the right provides for protecting ones financial interests in a pending lawsuit as well as

24   protecting against any potential criminal exposure.  The government leaves the issue of invocation of the

25

26

27   _____
     [1]   Government counsel can bring the referenced documents to Court rather than attaching these
28   voluminous exhibits in the event that the Court wishes to examine the filings.  They have been produced
     to defendant Chow.

right against self-incrimination for counsel for Mr. Leung, but it would appear that the nature of Mr. Leung's anticipated testimony would not foreclose his ability to invoke a privilege on this collateral issue.  In that event, it should not be the subject of questioning by defendant Chow in front of the jury.

Finally, the Court has the authority to rule that this whole inquiry relates to a pending and unresolved lawsuit on a collateral matter and, therefore, should be foreclosed by Fed. R. Evid. 403.

### III.  CONCLUSION

For the reasons stated above, the government hereby respectfully requests that the Court grant the government's Motions *in Limine* to prevent questioning of Mr. Leung regarding the pending Sugarmade lawsuit.  In the alternative, the Court should make clear that any questions permitted regarding this issue should not be accompanied by any efforts to introduce extrinsic evidence on the matter.

DATED: December 15, 2015                                        Respectfully submitted,

BRIAN J. STRETCH
Acting United States Attorney

_____/s/_____
SUSAN E. BADGER
WILLIAM FRENTZEN
S. WAQAR HASIB
Assistant United States Attorneys