BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
SUSAN E. BADGER (CABN 124365)
S. WAQAR HASIB (CABN 234818)
Assistant United States Attorneys

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
FAX: (415) 436-7234
William.frentzen@usdoj.gov
Susan.badger@usdoj.gov
Waqar.hasib@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>KWOK CHEUNG CHOW, et al.,<br><br>Defendants. | No.: CR 14 0196 CRB<br><br>UNITED STATES' SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS<br><br>Date: December 30, 2015<br>Time: 9:00 a.m.<br>Court: Honorable Charles R. Breyer |

The government hereby respectfully supplements its prior submission to the Court (Government's First Proposed Jury Instructions). In these Supplemental Instructions, the government seeks to clarify some of the previously filed Instructions based upon the evidence that was produced during trial and to deal with specific legal issues that may have been raised through the evidence.

In summary, the government has made the following alterations and modifications in these Supplemental Jury Instructions:

1. Modifying Model Jury Instruction ("JI") 4.3 to fit the evidence presented as to prior crimes.
2. Specifying the witnesses impeached – defendant Chow, Elaine Woo, Chung Szto, and Dr. Bennet Bronson – for JI 4.8, Impeachment.
3. Specifying JI 4.9 to fit the witnesses who testified pursuant to plea agreements.
4. Specifying the undercover agents for JI 4.10, there were no informants who testified.
5. Specifying the crimes that aiding and abetting applies to for JI 5.1, Aiding and Abetting. The specific crimes are Count Two – Violent Crime in Aid of Racketeering, Murder – and Counts 4 through 133 and Counts 139 through 162 – Money Laundering. With respect to those Counts, the government has also added "aiding and abetting" language with respect to the language of the elements to make those instructions more clear.
6. Specifying JI 5.6, Knowingly – Defined.
7. Specifying JI 5.7, Deliberate Ignorance.
8. Correcting a typo in JI 8.20, RICO Conspiracy, as the conspiracy was alleged to have run up through March 26, 2014, instead of March 24, 2014, as stated in the Government's First Proposed Jury Instructions.
9. The government has inserted the specific date of February 27, 2006, as to Count Two.
10. The government has supplemented JI 8.152 Racketeering Enterprise – Defined due to issues raised by the defense evidence. The portion in bold is the new language proposed by the government. Contrary to defense suggestions, the racketeering enterprise and its membership need not be motivated by profit. *National Organization for Women, Inc. v. Sheidler*, 510 U.S. 249 (1994) ("Nowhere in either § 1962(c) or the RICO definitions in § 1961 is there any indication that an economic motive is required"). Furthermore, a RICO enterprise "need not have a hierarchical structure or a 'chain of command.'" *United States v. Bingham*, 653 F.3d 983, 992 (9th Cir. 2011) (quoting *Boyle v. United States*, 556 U.S. 938 (2009)). "The enterprise does not need a formalized decision-making method, nor must it assign members specific roles and duties." *Id.* "A group that does nothing but engage in extortion through old-fashioned, unsophisticated, and brutal means may fall squarely within the statute's reach." *Id.*

11. Specifying all of the potential racketeering activity that was demonstrated through the evidence at trial in JI 8.153, Racketeering Activity – Defined."
12. Specifying which substantive counts fall under the theory of Pinkerton liability for JI 8.25, Conspiracy – Pinkerton Liability. Also pointing out that the government's theory for Pinkerton liability for the substantive offenses stems from the RICO Conspiracy charged in Count One.
13. As discussed above, including the aiding and abetting language in JI 8.151, Violent Crime in Aid of Racketeering – Murder.
14. As discussed above, including the aiding and abetting language for Reverse Money Laundering, Pattern Crim. Jury Instr. 11th Cir. OI 74.4 (2010); Federal Jury Practice And Instructions; Pattern Jury Instructions: Eleventh Circuit, Criminal Cases With Annotations and Comments; Prepared by Committee on Pattern Jury Instructions of the Judicial Council of the Eleventh Circuit.
15. As discussed above, including the aiding and abetting language for Money Laundering, JI 8.146 and 8.147.

The government will provide a Proposed Verdict Form under separate cover.

Respectfully submitted,

BRIAN J. STRETCH
ACTING UNITED STATES ATTORNEY

By: __________/s/____________________
William Frentzen
Susan Badger
S. Waqar Hasib
Assistant United States Attorneys

**4.3 OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT**

You have heard evidence that the defendant committed other crimes not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, plan, knowledge, absence of mistake, and absence of accident, and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

**4.8 IMPEACHMENT EVIDENCE—WITNESS**

You have heard evidence that Raymond Chow, Elaine Woo, Chung Szto, and Dr. Bennet Bronson were impeached by prior testimony under oath and by prior statements. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

**4.9 TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES—ACCOMPLICE, PLEA**

You have heard testimony from Joe Chanthavong, Andy Li, Kam Wong, Thau Benh Cam, and Al Nhingsavath, witnesses who

admitted being accomplices to some of the crimes charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime; and who

pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability.

For these reasons, in evaluating the testimony of these witnesses, you should consider the extent to which or whether their testimony may have been influenced by any of these factors. In addition, you should examine the testimony of these witnesses with greater caution than that of other witnesses.

**4.10 GOVERNMENT'S USE OF UNDERCOVER AGENTS AND INFORMANTS**

You have heard testimony from an undercover agent who was involved in the government's investigation in this case. Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, in order to investigate criminal activities. Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

**5.1 AIDING AND ABETTING**

A defendant may be found guilty of Violent Crime in Aid of Racketeering – Murder, as charged in Count Two, and money laundering as charged in Counts Four through 133 and Counts 139-162, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, the crime charged was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the crime charged; and

Third, the defendant acted before the crime was completed. It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime charged.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

**5.6 KNOWINGLY—DEFINED**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**5.7 DELIBERATE IGNORANCE**

You may find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant:

1. was aware of a high probability that the crime was being committed, and

2. deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that the crime was not being committed, or if you find that the defendant was simply careless.

**8.20 RACKETEERING CONSPIRACY—ELEMENTS**

The defendant is charged in Count One of the indictment with conspiring to conduct the affairs of an enterprise through a pattern of racketeering activity, in violation of Section 1962(d) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, beginning on or about 2005, and ending on or about March 26, 2014, there was an agreement between two or more persons to commit the crime of conducting the affairs of an enterprise through a pattern of racketeering activity. The elements of that crime are:

> One, there was an on-going enterprise with some sort of formal or informal framework for carrying out its objectives consisting of a group of persons associated together for a common purpose of engaging in a course of conduct;
>
> Two, the defendant was employed by or associated with the enterprise;
>
> Three, the defendant conducted or participated, directly or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity. To conduct or participate means that the defendant had to be involved in the operation or management of the enterprise; and
>
> Four, the enterprise engaged in or its activities in some way affected commerce between one state and another state, or between the United States and a foreign country;

and

**Second**, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed. A conspiracy to commit a crime does not require completion of the intended underlying offense.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand,

one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

**8.152 RACKETEERING ENTERPRISE—ENTERPRISE AFFECTING INTERSTATE COMMERCE—DEFINED (18 U.S.C. § 1959)**

With respect to the term "enterprise" that was engaged in or had an effect on interstate commerce, an enterprise is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. This group of people, in addition to having a common purpose, must have an ongoing organization, either formal or informal. The personnel of the enterprise, however, may change and need not be associated with the enterprise for the entire period alleged in the indictment. This group of people does not have to be a legally recognized entity, such as a partnership or corporation. This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose. The name of the organization itself is not an element of the offense and does not have to be proved.

To demonstrate an enterprise, the government must show a group of people (1) associated for a common purpose of engaging in a course of conduct; (2) that the association of these people was an ongoing formal or informal organization, and (3) the group was engaged in or had an effect upon interstate or foreign commerce. The government need not prove that the enterprise had any particular organizational structure. **The enterprise need not be operated for profit and its members do not need to be motivated by profits or sharing profits. An enterprise need not have a hierarchical structure or a chain of command. The enterprise does not need a formalized decision-making method, nor must it assign members specific roles and duties.**

Interstate commerce includes the movement of goods, services, money and individuals between states. These goods can be legal or illegal. Only a minimal effect on commerce is required and the effect need only be probable or potential, not actual. It is not necessary to prove that the defendant's own acts affected interstate commerce as long as the enterprise's acts had such effect.

**8.153 RACKETEERING ACTIVITY—DEFINED (18 U.S.C. § 1959)**

"Racketeering activity" means the commission of certain crimes. These include dealing in controlled substances (including marijuana, cocaine, and ecstasy), collection of unlawful debt through extortion, money laundering, interstate sale of stolen property and receipt of stolen property, dealing in contraband cigarettes, robbery, murder for hire, murder, and conspiracy to commit murder.

**8.25 CONSPIRACY - LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY COCONSPIRATOR (*PINKERTON* CHARGE)**

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find a defendant guilty of the substantive offenses charged in the Indictment – Counts Two, Three, Four through 133, and 139 through 162 – if the government has proved each of the following elements beyond a reasonable doubt:

1. a person committed the substantive crime charged in the Indictment;

2. the person was a member of a conspiracy charged in Count One of the Indictment;

3. the person committed the substantive crime charged in furtherance of the conspiracy charged in Count One;

4. the defendant was a member of the same conspiracy at the time the substantive crime was committed; and

5. the substantive offense charged fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

**8.151 VIOLENT CRIME IN AID OF RACKETEERING ENTERPRISE (18 U.S.C. § 1959)**

The defendant is charged in Count Two of the indictment with committing a crime of violence, specifically murder in aid of a racketeering enterprise in violation of Section 1959 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, on or about February 27, 2006, an enterprise affecting interstate commerce existed;

**Second**, the enterprise engaged in racketeering activity;

**Third**, the defendant committed or aided and abetted the following crime of violence: murder, as defined in California Penal Code Section 187 and 189, the elements of that offense are:

One, the defendant committed or aided and abetted an act that caused the death of another person; and

Two, when the defendant acted or aided and abetted, he had a state of mind called malice aforethought.  There are two kinds of malice aforethought, express malice and implied malice.  Proof of either is sufficient to establish the state of mind required for murder.
The defendant acted with express malice if he unlawfully intended to kill.
The defendant acted with implied malice if he committed an act; the natural and probable consequences of the act were dangerous to human life; at the time he acted he knew his act was dangerous to human life; and he deliberately acted with conscious disregard for human life.
Malice aforethought does not require hatred or ill will toward the victim.  It is a mental state that must be formed before the act that causes death is committed.  It does not require deliberation or the passage of any particular period of time.
An act causes death if the death is the direct, natural, and probable consequence of the act and the death would not have happened without the act.  A natural and probable consequence is one that a reasonable person would know is likely to happen if nothing unusual intervenes.  In deciding whether a consequence is natural and probable, consider all of the circumstances established by the evidence.  There may be more than one cause of death.  An act causes death only if it is a substantial factor in causing the death.  A substantial factor is more than a trivial or remote factor.  However, it does not need to be the only factor that causes the death.

**Fourth**, that the defendant's purpose in committing or aiding and abetting the murder was to gain entrance to, or to maintain, or to increase his position in the enterprise.

Authority: CALCRIM 520: Judicial Council of California Jury Instructions, updated May of 2015, "First or Second Degree Murder with Malice Aforethought (Pen. Code, § 187)

**8.153 RACKETEERING ACTIVITY—DEFINED (18 U.S.C. § 1959)**

With respect to the second element in Instruction 8.151, the government must prove that the enterprise was engaged in racketeering activity. “Racketeering activity” means the commission of certain crimes. These include dealing in controlled substances (including marijuana, cocaine, and ecstasy), collection of unlawful debt through extortion, money laundering, interstate sale of stolen property and receipt of stolen property, dealing in contraband cigarettes, robbery, murder for hire, murder, and conspiracy to commit murder.

The government must prove beyond a reasonable doubt that the enterprise was engaged in at least one of the crimes named above.

**74.4 MONEY LAUNDERING STING 18 U.S.C. § 1956(a)(3)(A) or (a)(3)(B)**

The defendant is charged in Counts 4 through 133 of the indictment with conducting a financial transaction to promote or conceal unlawful activity in violation of Section 1956(a)(3)(A) and (B) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, the defendant knowingly conducted or aided and abetted a financial transaction;

**Second**, the transaction involved property that a law-enforcement officer represented as coming from a specified unlawful activity; and

**Third**, the defendant engaged in the transaction or aided and abetted the transaction with the intent to promote the carrying on of specified unlawful activity.

or

**Third**, the defendant engaged in the transaction or aided and abetted the transaction with the intent to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of specified unlawful activity.

The Government alleges that the property involved in the financial transaction was represented as coming from narcotics trafficking and illegal gambling operations. For purposes of this case, narcotics trafficking and illegal gambling operations are a kind of specified unlawful activity.

The government also alleges that the Defendant was involved in the the transaction with the intent to promote the carrying on of and to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of narcotics trafficking and illegal gambling operations, which I remind you is a kind of specified unlawful activity.

A "representation" is any communication made by a law-enforcement officer or by another person directed by, or with the approval of, a federal official authorized to investigate or prosecute violations of this law.

To "conduct" a transaction means to start or finish a transaction or to participate in a transaction at any point.

A "transaction" means a purchase, sale, loan, promise, gift, transfer, delivery, or other disposition of money or property. A transaction with a financial institution also includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, use of a safe deposit box, or purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument.

A "financial transaction" means—

a transaction that in any way or to any degree affects interstate or foreign commerce by sending or moving money by wire or other means; or

a transaction that in any way or to any degree affects interstate or foreign commerce by involving one or more "monetary instruments." the phrase "monetary instruments" includes coins or currency of any country, travelers or personal checks, bank checks or money orders, or investment securities or negotiable instruments in a form that allows ownership to transfer on delivery; or

a transaction involving the use of a financial institution that is involved in interstate or foreign commerce, or whose activities affect interstate or foreign commerce, in any way or degree. The phrase "financial institution": includes [give appropriate reference from 31 U.S.C. § 5312(a)(2) or the regulations promulgated under it].

The term "with the intent to promote the carrying on of specified unlawful activity" means that the defendant must have conducted the financial transaction for the purpose of making easier or helping to bring about the specified unlawful activity.

Authority: Pattern Crim. Jury Instr. 11th Cir. OI 74.4 (2010); Federal Jury Practice And Instructions; Pattern Jury Instructions: Eleventh Circuit, Criminal Cases With Annotations and Comments; Prepared by Committee on Pattern Jury Instructions of the Judicial Council of the Eleventh Circuit.

**8.146, 8.147 FINANCIAL TRANSACTION TO PROMOTE UNLAWFUL ACTIVITY (18 U.S.C. § 1956(a)(1)(A)); MONEY LAUNDERING (18 U.S.C. § 1956(a)(1)(B))**

The defendant is charged in Counts 139 through 162 of the indictment with conducting a financial transaction to promote narcotics trafficking and with laundering money in violation of Section 1956(a)(1)(A) and (a)(1)(B) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, the defendant conducted or aided and abetted a financial transaction involving property that represented the proceeds of narcotics trafficking;

**Second**, the defendant knew that the property represented the proceeds of narcotics trafficking; and

**Third**, the defendant acted with the intent to promote the carrying on of narcotics trafficking;

or

**Third**, the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of narcotics trafficking.

A financial transaction is a transaction involving the movement of funds by wire or other means that, one or more monetary instruments that, the use of a financial institution that is engaged in, or the activities of which, affects interstate or foreign commerce in any way.

Proceeds means any property derived from, or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

With respect to the second element of the instruction, the government must prove that the defendant knew that the property represented the proceeds of the specific prior, separate criminal activity but need not prove that the defendant knew that the act of laundering the proceeds was unlawful.