BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
SUSAN E. BADGER (CABN 124365)
S. WAQAR HASIB (CABN 234818)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    William.frentzen@usdoj.gov
    Susan.badger@usdoj.gov
    Waqar.hasib@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No.: CR 14-0196 CRB |
| v. | ) UNITED STATES' MEMORANDUM OF LAW REGARDING LAY OPINION AS TO AUDIO RECORDING 1D346 |
| KWOK CHEUNG CHOW, et al. | ) |
| Defendants. | ) Court:  Honorable Charles R. Breyer |

1  The government hereby submits this Memorandum of Law regarding the potential use of lay
2  opinion testimony, pursuant to Fed. R. Evid. 701, to permit witness Olivia Leung to testify regarding the
3  appropriate pronunciation of her father's name and her recognition of that name spoken on 1D346.

4  Despite having heard recording 1D346 in court twice previously, and having listened to Special
5  Agent David Jordan testify twice that defendant Chow was stating "Allen Leung" on 1D346 and that
6  testimony going unchallenged on cross-examination, defendant Chow recently claimed that he could not
7  understand or recall what he was saying. Following a night of consultation with counsel, defendant
8  Chow returned to the stand and proclaimed that he had not stated "Allen Leung," but had instead stated
9  "I learned." Olivia Leung is the daughter of Allen Leung. Olivia Leung requested of the government
10 that she be permitted to review that audio recording herself. Ms. Leung was provided access to the
11 recording and allowed to listen to the recording, 1D346, with headphones.

12 Ms. Leung speaks both Cantonese and English. Ms. Leung is very familiar with the
13 pronunciation of her name, her father's name, and their family name by English speakers, Cantonese
14 speakers, and native-Cantonese speakers who are speaking English. The government intends to call Ms.
15 Leung to testify (1) as to the proper pronunciation of her name by native-Cantonese speakers, and (2)
16 that on 1D346, she recognized defendant Chow stating her father's name using the Cantonese
17 pronunciation of the last name.

18 Obviously, Ms. Leung should be permitted to testify regarding the pronunciation of her father's
19 name by Cantonese speakers. Otherwise, the jury may be left with the false impression that defendant
20 Chow is stating "I learned" due to the pronunciation of "Leung" by Cantonese speakers that is distinctly
21 different than when it is pronounced by native-English speakers.

22 Furthermore, however, Ms. Leung should be permitted to testify based upon her life-long
23 familiarity with the pronunciation of her father's name and her family name to her lay opinion regarding
24 what was stated by defendant Chow in 1D346. Such testimony is proper and admissible pursuant to
25 Fed. R. Evid. 701. That Rule provides "[i]f a witness is not testifying as an expert, testimony in the
26 form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful
27 to clearly understand the witness's testimony or to determining a fact in issue; and (c) not based on
28 scientific, technical, or other specialized knowledge within the scope of Rule 702."

USA MEMORANDUM OF LAW
CR 14-0196 CRB                                                1

1    Ms. Leung's testimony satisfies Rule 701 and should, therefore, be admitted.  First, Ms. Leung's
2 testimony will be based on her perception.  She is familiar with her father's name being pronounced and
3 she has listened to 1D346 repeatedly, at high volume, and with headphones.  Ms. Leung need not have
4 been present for the conversation itself to be able to perceive it and testify about it.  *United States v.*
5 *Chavez*, 603 Fed. Appx. 649 (9th Cir. 2015) (witness can offer lay opinion regarding audio recordings
6 even if the witness interprets conversations in which he did not participate) (citing *United States v.*
7 *Freeman*, 498 F.3d 893, 902, 904-05 (9th Cir. 2007)).  Second, Ms. Leung's opinion will be helpful to
8 the jury to decide a fact in issue: what defendant Chow stated on 1D346.  While the jurors can simply
9 listen to the recording for themselves, they cannot have the benefit of Ms. Leung's life-long familiarity
10 with the pronunciation of her family name and her father's name.  As all people with hearing recognize,
11 the audio recognition of one's own name is like an intuitive reflex unlike hearing anything else.
12 Furthermore, the jurors almost certainly are not as familiar with the proper and common pronunciation
13 of Ms. Leung's father's name by native-Cantonese speakers, such as defendant Chow.  *Id.*  Finally, Ms.
14 Leung's opinion would not be based upon "scientific, technical, or otherwise specialized knowledge"
15 under Fed. R. Evid. 702.  Ms. Leung's opinion would be based upon her familiarity as described above.

16    What the government proposes is similar to circumstances in other cases in which lay witnesses
17 were permitted to testify regarding their opinion regarding codes, *Freeman*, 498 F.3d at 902, 904-05;
18 interpretations of vague or unclear statements, *United States v. Simas*, 937 F.2d 459, 464 (9th Cir. 1991);
19 voice recognition, *United States v. Axselle*, 604 F.2d 1330, 1338 (10th Cir. 1979); or identifying the
20 speaker based on an overall analysis of audio recordings, *United States v. Diaz-Arias*, 717 F.3d 1, 19 (1st
21 Cir. 2013).

22 \\
23 \\
24 \\
25 \\
26 \\
27 \\
28 \\

USA MEMORANDUM OF LAW
CR 14-0196 CRB                                                2

1  For the above reasons, the government respectfully submits that the Court should exercise "the
2  broad discretion of the trial judge" to rule on admission of lay opinion testimony, *Simas* at 464, and
3  permit Ms. Leung to testify to the matters described above.

DATED: December 30, 2015          Respectfully submitted,

                                  BRIAN J. STRETCH
                                  Acting United States Attorney

                                         /s/
                                  SUSAN E. BADGER
                                  WILLIAM FRENTZEN
                                  S. WAQAR HASIB
                                  Assistant United States Attorneys

USA MEMORANDUM OF LAW
CR 14-0196 CRB                               3