BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
SUSAN E. BADGER (CABN 124365)
S. WAQAR HASIB (CABN 234818)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    William.frentzen@usdoj.gov
    Susan.badger@usdoj.gov
    Waqar.hasib@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.: CR 14-0196 CRB |
| v. | UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR MISTRIAL |
| KWOK CHEUNG CHOW, et al. | |
| Defendants. | Court:  Honorable Charles R. Breyer |

## I. INTRODUCTION

Defendant Chow moves for a mistrial based on alleged "prejudicial judicial misconduct." The government respectfully submits that Chow's Motion should be denied as inaccurate and meritless.

## II. ARGUMENT

Defendant Chow claims that the Court has picked a side and provided no instructions to the jury regarding the role of the Court during a trial. He is wrong on both fronts.

Much of defendant Chow's complaints relate to the Court's efforts to manage the appropriateness of the questioning by counsel and the responses by witnesses. Of course, Fed. R. Evid. 611(a) specifically calls upon the Court to give proper structure to the presentation of evidence. That Rule provides:

> **(a) Control by the Court; Purposes.** The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:
>
> **(1)** make those procedures effective for determining the truth;
>
> **(2)** avoid wasting time; and
>
> **(3)** protect witnesses from harassment or undue embarrassment.

Fed. R. Evid. 611(a). Where questioning is improper and/or where witnesses are unresponsive or wasting time, the Court acts appropriately to make sure that the testimony is proceeding properly.

Denial of a mistrial motion is reviewed for abuse of discretion. *United States v. Crisco*, 725 F.2d 1228, 1233 (9th Cir. 1984). Litigants are entitled to a trial in front of a fair, detached and impartial judge. The Court may not express an opinion regarding an ultimate issue of fact in front of the jury or argue on behalf of one side. *Shad v. Dean Witter Reynolds, Inc.*, 799 F.2d 525, 531 (9th Cir. 1986). "Generally, isolated comments that relate to counsel's skill rather than good faith or integrity are not prejudicial." *Id.*

In *United States v. Scott*, 642 F.3d 791, 799 (9th Cir. 2011) the Ninth Circuit described the standards for this type of motion:

> We will reverse a trial court for excessive judicial intervention only in cases of actual bias . . . or if "the judge's remarks and questioning of witnesses projected to the jury an appearance of advocacy or partiality," and the alleged misconduct had a prejudicial effect on the trial. *Shad v. Dean Witter Reynolds, Inc.,* 799 F.2d 525, 531 (9th Cir.1986) (internal

quotation marks and citation omitted). "Before a jury's verdict will be overturned because of the conduct of a trial judge in rebuking or punishing an attorney or otherwise intervening in the proceedings, it must appear that the conduct measured by the facts of the case presented together with the result of the trial, was clearly prejudicial to the rights of the party." *United States v. Bennett,* 702 F.2d 833, 836 (9th Cir.1983) (internal quotation marks omitted). "The assessment is to be made, moreover, in light of the evidence of guilt." *Id.*

*Scott* involved a racketeering trial during which the Ninth Circuit found that the trial judge had criticized defense counsel 100 times during the one week trial. That was not held to have been improper by the Ninth Circuit. By comparison, in this case, defendant Chow cannot point to a single criticism of counsel in front of the jury that was not solicited by counsel because he elected to argue with the Court in front of the jury. And always when defense counsel was legally incorrect.

In *Scott*, the Ninth Circuit also addressed the Court's ability to control the presentation of evidence to the jury during trial:

> the record indicates that the majority of the district court's comments to defense counsel were pursuant to the court's supervisory role, in that they were aimed at stopping defense counsel from engaging in irrelevant, repetitive, or otherwise improper questioning or editorializing. Insofar as the judge's rebukes pertained to this kind of conduct, they were within his discretion to ensure the orderly and efficient presentation of evidence and to control the pace of trial. *Shad,* 799 F.2d at 531. Neither did the trial judge's questioning of witnesses exceed the bounds of propriety. A district judge has the undeniable authority to examine witnesses and call the jury's attention to important evidence. *Id.* Even in cases where a district judge's "questioning was not marked by complete indifference [and instead sometimes was] quite pointed and intemperate," reversal was not required. *Kennedy v. Los Angeles Police Dep't,* 901 F.2d 702, 709 (9th Cir.1990) (as amended), *overruled on other grounds by Act Up!/Portland v. Bagley,* 988 F.2d 868, 873 (9th Cir.1993). Here, although the judge's questioning was pointed, it was generally for the purpose of "clarifying the evidence, confining counsel to evidentiary rulings, controlling the orderly presentation of the evidence, and preventing undue repetition of testimony." *United States v. Mostella,* 802 F.2d 358, 361 (9th Cir.1986). Moreover, because the trial judge's questioning comprised less than 20 pages of a 1291–page trial transcript, it did not preempt counsel's examination. *See Kennedy,* 901 F.2d at 709 (concluding that when a trial judge's questioning filled only eight pages of a 400–page trial transcript, the "court [did not] dominate questioning of the witnesses so as to preempt counsel's function").

*Id.* at 799-800. The instant case does not even come close to the situations described in *Scott*, or in *Kennedy*. As described below, defendant Chow has been unable to specifically describe a single instance of judicial misconduct or even judicial intemperance – which would not necessarily be

inappropriate in any event.

Defendant Chow essentially imagines that the Court has picked on one particular defense attorney. It certainly cannot be said that the Court has had any negative interactions with lead defense counsel, J. Tony Serra, either in front of the jury or outside of their presence. Instead, defendant Chow cites a few incidents that he alleges were criticisms of defense counsel Curtis Briggs in front of the jury. Defendant Chow, however, conveniently excludes from many of the citations the questioning conducted by Mr. Briggs that preceded the interactions. And, most important, not one of the cited interactions constitutes anything other than the Court properly controlling the admissibility of evidence pursuant to Fed. R. Evid. 611(a). Defendant Chow also fails to point out that many of the interactions he cites were not in front of the jury, but rather when the jurors were not present in the courtroom.

For example, the very first citation in defendant Chow's motion, Def.'s Mot. at 3, is an interaction between the Court and Mr. Briggs during which the Court was questioning counsel about potential contact with a represented witness, Thau Benh Cam. During that interaction, Mr. Briggs claimed that he did not know that the witness was represented, and then changed his story. He was also contradicted by his co-counsel, Tyler Smith, during the interaction – indicating that the Court was correct to be concerned about the conduct. That was, however, outside the presence of the jury and, therefore, neither an inappropriate comment by the Court nor prejudicial to defendant with the jury. Defendant Chow does not describe why he included an interaction outside the presence of the jury to make a claim that he was prejudiced with the jury.

Defendant Chow cites a number of interactions with the Court without including Mr. Briggs' questioning of the witness, Def.'s Mot. at 4, or the fact that it was Mr. Briggs who engaged the Court in argument in front of the jury, Def.'s Mot. at 4-6 – a tactic that the Court politely informed Mr. Briggs was likely a bad idea. Mr. Briggs, however, persisted in arguing with the Court before the jury, despite that Mr. Briggs was clearly wrong in each instance. Defendant Chow cannot expect that the Court will simply sit silent when counsel – who was legally on bad footing – argues with the Court during his questioning. Nor can defendant Chow expect that the Court is required to sit quietly and not guide the testimony during trial.

Defendant Chow cites an instance where the Court gave a proper instruction to the jury –

verbatim from the 9th Circuit Model Jury Instructions, Instruction 4.10, "Undercovers and Informants" – and Mr. Briggs made the inexplicable claim that the Court was misinstructing the jurors. Def.'s Mot. at 6-7. Defendant Chow then compounded the error by persisting to argue in his Motion for Mistrial that the instruction was an incorrect statement of the law. In truth, for those watching, Mr. Briggs appeared to have a minor temper tantrum – although he was legally incorrect – and then began arguing with the Court in front of the jury. The Court obviously is not required to sit quietly and permit counsel to make erroneous proclamations of law in front of the jurors.

Defendant Chow cites an example where Mr. Briggs asked a question that was inartful to say the least and the Court attempted to steer him from that question to a permissible area of questioning. Def.'s Mot. at 7-8. Mr. Briggs, again, began arguing with the Court in front of the jurors but the Court politely simply tried to redirect Mr. Briggs to proper questions. That defense counsel is not permitted to ask inappropriate questions is hardly a demonstration of judicial bias.

Defendant Chow also cites to an instance where Mr. Briggs elected not to ask a question of the witness, but instead began improperly making a general statement to the witness:

> Mr. Briggs: So I'm confused about the direct involvement. You say there was direct involvement by Mr. Chow. And I'm trying to determine how you come to that conclusion. And the reason I have a problem with it is because . . . .

Def.'s Mot. at 8. That was clearly an improper question, because it was not a question. Mr. Briggs was making a short speech and then inexplicably became upset when the Court interrupted him to inform him that he needed to be asking questions instead:

> The Court: You can ask the witness questions. If there's something that's unclear, you can ask a follow-up question to try to clarify it; but you don't have to go into a speech as to why you don't understand something.

Def.'s Mot. at 8. The Court clearly acted properly by cutting off improper questioning. In fact, it is confounding that defendant Chow would claim this as anything other than proper judicial functioning to maintain proper presentation of evidence.

Defendant Chow claims it was improper for the Court to interrupt during a question that could not properly be answered by any witness other than one with clairvoyance:

USA MEMORANDUM OF LAW
CR 14-0196 CRB                                                      4

      Mr. Briggs:    Of all the transactions that involved money laundering in this investigation that you supervised, my client wasn't on the phone with anybody at the time that they were doing the transactions?

Def.'s Mot. at 8-9. That question was obviously inappropriate and should not have been permitted but instead of moving on, Mr. Briggs decided again to argue with the Court about his inappropriate question.

      Next, defendant Chow cites an interaction with the Court in a misleading manner. Defendant Chow cites a long exchange between the Court and counsel as having prejudiced him with the jury due to comments regarding politics and fantasy camp – but those comments were predicated on Mr. Briggs' own arguments. Def.'s Mot. at 9-10. Contrary to defendant Chow's representations that the exchange prejudiced him with the jury, that exchange was not in the presence of the jurors. *See* Tr., Vol. 23, p. 4155 ("proceedings held outside the presence of the jury"). Defendant Chow has filed a Motion claiming prejudice with the jurors, but has included interactions that were not before the jurors. It is unclear if defendant Chow is confused, is intentionally trying to mislead, or is simply trying to raise interest from the media on a non-issue. In any event, the exchange could not possibly have prejudiced defendant Chow with a jury that was not in the room. Furthermore, the Court's comments were not inappropriate as Mr. Briggs' argument was that the witness could be "fantastic" for him if the Court would allow him to ask improper and irrelevant questions.

      Defendant Chow also filed a "Supplement" to his original motion in which he takes issue with the Court's efforts to (1) try to keep defendant Chow from filibustering during cross-examination (and direct examination for that matter), and (2) occasionally denying objections by counsel, J. Tony Serra. There is nothing disrespectful or inappropriate about the Court overruling objections. Similarly, there is nothing disrespectful or prejudicial about the Court attempting to guide the testimony to responsive answers to move the proceedings along. Fed. R. Evid. 611(a). There is no doubt that every spectator to the proceedings – or reader of the transcript – observed defendant Chow repeatedly being non-responsive and giving long, rambling, and repetitious answers. Government counsel attempted to keep things moving and did, admittedly, cut the witness off here and there once the witness was way off track.

Occasionally, the Court also stepped in to try to get responses from the defendant, or to move the testimony along when the defendant moved off subject. That is exactly what the Court is supposed to do with an unresponsive and long-winded witness under Rule 611(a). Defendant Chow cannot show anything untoward or inappropriate in any of those interactions. In fact, the government suspects that both the government and the Court permitted far more rambling and unresponsive answers by the defendant – because he was the defendant – than would have been permitted for any other witness.

The government need not get into the weeds of the appropriateness of every overruled objection, but clearly some of Mr. Serra's objections were designed to permit his client to continue his pattern of non-responsive filibuster. Those objections were properly overruled and the government is confident that the Court's rulings on evidence will be upheld on appeal.

Finally, contrary to defendant Chow's claims, the Court did provide the equivalent of a curative instruction in its opening remarks. Ninth Circuit Model Instruction 1.1 includes the following: "Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be – that is entirely up to you." The trial court in *Scott* gave similar instructions, and perhaps a few that were stronger than that. *Scott*, at 800. Clearly, however, this is not a case that requires any further curative instructions to the jury. In any event, none have been requested or proposed by defendant Chow. The government does not object to instructions that are a proper statement of the law should the Court see fit to give any.

III.   CONCLUSION

Contrary to defendant Chow's claims, the conduct of the Court has been appropriate throughout the trial. Mr. Briggs has elected to follow up a few inartful questions by arguing with the Court after appropriate sustained objections and/or the Court providing some guidance to Mr. Briggs. None of the Court's responses have been inappropriate nor could they prejudice the defendant with the jury in any way. Defendant Chow's Motion should be denied.

DATED: January 2, 2016                          Respectfully submitted,

                                                BRIAN J. STRETCH
                                                Acting United States Attorney

　　　　　　　　　　　　　　　　　　　　　　　　　/s/
SUSAN E. BADGER
WILLIAM FRENTZEN
S. WAQAR HASIB
Assistant United States Attorneys