1  BRIAN J. STRETCH (CABN 163973)
   Acting United States Attorney
2
   DAVID R. CALLAWAY (CABN 121782)
3  Chief, Criminal Division

4  WILLIAM FRENTZEN (LABN 24421)
   SUSAN E. BADGER (CABN 124365)
5  S. WAQAR HASIB (CABN 234818)
   Assistant United States Attorneys
6
        450 Golden Gate Avenue, Box 36055
7       San Francisco, California 94102-3495
        Telephone: (415) 436-7200
8       FAX: (415) 436-7234
        William.frentzen@usdoj.gov
9       Susan.badger@usdoj.gov
        Waqar.hasib@usdoj.gov
10
11 Attorneys for United States of America

12                  UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14                    SAN FRANCISCO DIVISION

15

16 UNITED STATES OF AMERICA,          )  No.:  CR 14-0196 CRB
                                      )
17     v.                             )  UNITED STATES' MOTION FOR PERMISSION
                                      )  TO CALL FINAL REBUTTAL WITNESS
18 KWOK CHEUNG CHOW, et al.           )
                                      )  Court:  Honorable Charles R. Breyer
19     Defendants.                    )
                                      )
20                                    )
                                      )
21                                    )
                                      )
22 _____

23

24

25

26

27

28

1    As government counsel indicated might be necessary, the government hereby requests permission to

2  call one final, and very brief, witness in its rebuttal case on the morning of January 4, 2016.  The

3  government does not anticipate direct testimony by this witness of longer than 15 minutes.  Throughout

4  defendant Chow's case, he indicated that he wanted to submit records from BI GEO, Inc., reflecting

5  monitoring of his ankle monitor during the period from November of 2005 through the murder of Allen

6  Leung in late February of 2006.  The government expected that such a witness would testify during the

7  defendant's case and the defendant provided notice of two separate potential witnesses – Kevin Kwong

8  and Jose Trevino.  The government was not amenable to a stipulation to the records themselves solely

9  because it believed that the records needed to be explained and not just put into evidence.  Eventually,

10  defendant Chow dropped the witnesses.  Chow's counsel had represented that he would fill the week of

11  December 28-30, 2015, with witnesses – which would have meant that the government's rebuttal case

12  would not have begun until January 4, 2016.

13    After defendant Chow's case only filled December 29, 2015 (even though the day of December 28,

14  2015 was lost to a sick juror), the government had to call a rebuttal case on short notice.  For the

15  government's rebuttal case, the government attempted to call a representative from BI GEO, Inc.  Due to

16  their location in Denver, Colorado, the government could not secure a witness for Wednesday,

17  December 30, 2015 on 24 hours notice.  The government did locate an appropriate witness for the

18  records in question on Wednesday, December 30, 2015.  Over the weekend, that witness had a serious

19  family complication and traveling for testimony would have been a severe hardship.  The government

20  has now located an alternative witness from BI.

21    The government has the following expectation regarding the testimony.  The proposed witness,

22  Dustin Petit, would introduce records from BI that were also provided approximately a month ago to

23  defendant Chow.  The records are from defendant Chow's ankle monitor.  The records show that

24  defendant Chow had a curfew on weekdays of approximately 1800 hours (6:00 p.m.) during November

25  2005 through mid-February of 2006, and on weekends of approximately 2200 hours (10:00 p.m.).

26  Around mid-February 2006, the curfew was extended on weekdays to approximately 2200 hours (10:00

27  p.m.) and on weekends to 2400 hours (12:00 a.m.).

28    The witness is also expected to testify to a large number of "alerts" demonstrating that the equipment

USA MOT. RE: REBUTTAL WITNESS
CR 14-0196 CRB                                                    1

1    showed that defendant Chow's ankle monitor showed "transmitter out of range" as well as "did not

2    return" on many, many different nights.  This would demonstrate that, assuming the equipment was

3    functioning, defendant Chow was unaccounted for on many nights that he was supposed to be at his

4    residence.  Sometimes defendant Chow was only unaccounted for during very brief periods of time, but

5    on occasion it was for three to five hours at a time.

6         This evidence is essential in the view of the government to rebut the notion from defendant Chow

7    that his curfew was at 9:00 p.m. nightly and that he was in compliance throughout that period of time.

8    The government currently anticipates that defendant Chow intends to argue that his curfew contradicts

9    witness Joe Chanthavong regarding the time of night that Mr. Chanthavong said he met in Oakland with

10   defendant Chow.  That defendant Chow's curfew was not strictly monitored and/or enforced and that

11   there are significant gaps during the time that defendant Chow was supposed to be at home would be

12   critical in demonstrating that his curfew does not contradict the testimony by Mr. Chanthavong.

13        In order to expedite the closing arguments, the government reached out to counsel for defendant

14   Chow on December 31, 2015, and invited a stipulation regarding the records and explaining the records.

15   Counsel for defendant Chow has not responded, necessitating this motion.

16

17   DATED: January 2, 2016                              Respectfully submitted,

18                                                       BRIAN J. STRETCH
                                                         Acting United States Attorney
19
                                                                    /s/
20                                                       SUSAN E. BADGER
                                                         WILLIAM FRENTZEN
21                                                       S. WAQAR HASIB
                                                         Assistant United States Attorneys
22

23

24

25

26

27

28