1  ALEX G. TSE (CABN 152348)
   Acting United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  WILLIAM FRENTZEN (LABN 24421)
   SUSAN BADGER (CABN 124365)
5  S. WAQAR HASIB (CABN 234818)
   Assistant United States Attorneys
6
       450 Golden Gate Avenue, Box 36055
7      San Francisco, California 94102-3495
       Telephone: (415) 436-7261
8      FAX: (415) 436-6982
       waqar.hasib@usdoj.gov
9
   Attorneys for United States of America
10
                          UNITED STATES DISTRICT COURT
11
                       NORTHERN DISTRICT OF CALIFORNIA
12
                              SAN FRANCISCO DIVISION
13

14 | UNITED STATES OF AMERICA,            ) No.: CR-14-0196 CRB
                                          )
15 |      Plaintiff,                      ) NOTICE OF RELATED CASES IN A CRIMINAL
                                          ) ACTION
16 |    v.                                )
                                          )
17 | KWOK CHEUNG CHOW, a/k/a "Raymond     )
   | Chow", a/k/a "Hai Jai", a/k/a "Shrimpboy", et. )
18 | al.                                  )
                                          )
19 |      Defendant.                      )
                                          )
20 | ---------------------------------------------- )
                                          ) No. CR-18-0152-SI
21 | UNITED STATES OF AMERICA,            )
                                          )
22 |      Plaintiff,                      )
                                          )
23 |    v.                                )
                                          )
24 | JIN MING YAN,                        )
                                          )
25 |      Defendant.                      )
                                          )
26 |                                      )

27

28
   NOTICE OF RELATED CASES
   CR-14-0196 CRB
   CR-18-0152-SI                              1

The government now gives notice to the Clerk of the Court pursuant to Criminal Local Rule 8-1(a).

Under Rule 8-1, a criminal action is related to another pending criminal action when (1) both actions concern one or more of the same defendants and the same alleged events, occurrences, or property, or  (2) both actions appear likely to entail substantial duplication of labor if heard by different Judges or might create conflicts and create unnecessary expenses if conducted before different Judges. Here, the cases meet both of these criteria.

In the first case, CR-14-0196-CRB, entitled *United States v. Kwok Cheung Chow*, *et. al.*, a total of 29 defendants were charged and arrested on March 26, 2014, with a variety of offenses ranging from racketeering and firearms trafficking to money laundering, drug trafficking, and transportation of stolen liquor.  One of the 29 defendants charged that day was an individual named Tina LIANG.   LIANG recently pled guilty pursuant to a plea agreement to drug trafficking and stolen liquor trafficking charges, and was sentenced to 18 months in prison.

In the second case, CR-18-0152-SI, Jin Ming YAN is the lone defendant charged in a one-count information alleging tax evasion for the 2011 tax year.  The government represents that this charge arose entirely out of the investigation in the *Chow* case that led to CR-14-0196-CRB.  Specifically, during that investigation agents identified a house at 5555 Merritt Drive in Richmond, California, that Tina LIANG was suspected of using as a marijuana grow.  Further investigation revealed that the house had been purchased by Bryan TILTON, another co-defendant in the *Chow* case, using cash provided by TILTON, Tina LIANG, and Jin Ming YAN.  As a result of this evidence, agents conducted a financial investigation on YAN, searching his residence and interviewing him on the same day, March 26, 2014, that Tina LIANG, TILTON and the rest of the defendants in *Chow* were arrested.  While the nature of the charge against YAN (tax evasion) is somewhat different from the charges against Tina LIANG, TILTON, and others involved in the *Chow* case, there is nevertheless some overlap in terms of events, occurrences and property.

The government expects the case against YAN in CR-18-0152-SI to resolve by way of a plea agreement.  Nonetheless, there would be substantial duplication of labor if the case were not related to

NOTICE OF RELATED CASES
CR-14-0196 CRB
CR-18-0152-SI                                                          2

the *Chow* case. For example, the Court in the *Chow* case is already familiar with TILTON and Tina LIANG, having recently sentenced them both, and thus would be in a better position to evaluate YAN's relative culpability with respect to them. Moroever, if the plea agreement between the parties fell apart and YAN went to trial, it is conceivable that at least some witnesses from the *Chow* trial would be called to repeat testimony that they have already given in CR-14-0196-CRB. *See*, *e.g.*, Trial Testimony of IRS Special Agent Bryan Wong, Vol. 22, Dec. 17, 2015, at pgs. 4017-4020.

DATED: April 16, 2018                    Respectfully submitted,

                                          ALEX G. TSE
                                          Acting United States Attorney

                                           /s/
                                          S. WAQAR HASIB
                                          SUSAN BADGER
                                          WILLIAM FRENTZEN
                                          Assistant United States Attorneys