IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br>v.<br>KWOK CHEUNG CHOW,<br>Defendant. | Case No. CR 14-0196 CRB<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |

Defendant Kwok Cheung Chow has moved for compassionate release under 18 U.S.C. § 3582. See generally Mot. (dkt. 2233). Because Chow has not satisfied the requirements of the applicable Sentencing Commission policy statement, his motion for compassionate release is denied. There is no need for oral argument on this matter.

A reduction in sentence under section 3582(c) must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); see also Dillon v. United States, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission policy statement applicable to 18 U.S.C. § 3582(c)(2) remains mandatory, even after United States v. Booker, 543 U.S. 220 (2005)). The applicable Sentencing Commission policy statement, U.S.S.G. § 1B1.13, directs that a court may only grant compassionate release if it determines that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."
Section 3142(g) sets out four factors for determining dangerousness: (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person," (3) the history and characteristics of the person," and (4) "the nature and seriousness of the

1  danger to any person or the community that would be posed by the person's release."

2  Following a lengthy trial, see Jury Trial (dkt. 1120) (trial began 11/9/2015); Jury Trial (dkt. 1284) (trial ended 1/8/2016), a jury convicted Chow of conspiracy to conduct the affairs of an enterprise through a pattern of racketeering activity, murder in aid of racketeering, conspiracy to commit murder in aid of racketeering, money laundering, and conspiracy, see Special Verdict Form (dkt. 1256) (recording guilty verdicts); Judgment (dkt. 1536) (adjudicating Chow guilty on all 162 counts).  At Chow's sentencing, the Court observed that "[t]he murder in this case that requires the life sentence was particularly callous, because it was the removal of an obstacle to [Chow's] ascension to power."  See Transcript of 8/4/2016 (dkt. 1590) at 75.  The evidence against Chow was overwhelming and included the testimony of an undercover agent who had infiltrated Chow's inner circle.  See USCA Order (dkt. 2315) at 2 (discussing Chow's objection to the Court's having withheld agents' identities).  At sentencing, the Court noted that the trial had included "a parade of witnesses" who testified against Chow, who had been "brought in by [Chow], influenced by [Chow], directed by [Chow] and corrupted by [Chow]," which was "extraordinarily dangerous."  See Transcript of 8/4/2016 at 74–75.  Chow committed these crimes after a lifetime of committing other, often violent crimes.  See, e.g., USCA Order at 4 (noting that "[p]ursuant to a plea agreement in a prior criminal case, Chow admitted that he was involved in ordering several murders.").  The nature and seriousness of the danger that Chow would pose to the community if released is significant—Chow has demonstrated that he will hurt others to obtain and maintain power.

The Court therefore cannot conclude that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  See U.S.S.G. § 1B1.13.

25  //
26  //
27  //
28  //

Accordingly, Chow's motion for compassionate release is denied.[1]

**IT IS SO ORDERED.**

Dated:  August 27, 2020

CHARLES R. BREYER
United States District Judge

---

[1] A court evaluating a motion under section 3582 must also consider the sentencing factors from 18 U.S.C. § 3553(a), "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A)(i). Chow has been in custody since 2014, see Mot. at 2, which is far short of a life sentence. Given the seriousness of Chow's conduct and the need to promote specific and general deterrence, granting Chow's motion would be inconsistent with the applicable sentencing factors.