UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 14-cr-00196-CRB-1 |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION FOR RECONSIDERATION OF DENIAL OF CERTIFICATE OF APPEALABILITY** |
| v. | |
| KWOK CHEUNG CHOW, | Dkt. No. 2399 |
| Defendant. | |

Defendant Raymond Chow seeks partial reconsideration of the Court's order denying Chow's first amended motion to vacate under 28 U.S.C. § 2255. Dkt. No. 2399 (motion for reconsideration); Dkt. No. 2398 (order denying amended motion to vacate). Specifically, Chow seeks reconsideration of the Court's denial of a certificate of appealability as to Claim One, Ineffective Assistance of Counsel. Dkt. No. 2399 at 1. The Court GRANTS the motion for the following reason.

A certificate of appealability requires a substantial showing of the denial of a constitutional right. 22 U.S.C. § 2253(c)(2). The Supreme Court has set forth guidelines for determining whether to issue a certificate of appealability. Specifically, if the district court rejected the petitioner's constitutional claim on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. Slack v. McDaniel, 529 U.S. 473 (2000). Thus, to obtain a certificate of appealability, a habeas corpus petitioner need only make a preliminary showing that his constitutional claim was "debatable"; it is not necessary to establish that the appeal will succeed. Buck v. Davis, 580 U.S. 100, 116–17 (2017) (holding that the Fifth Circuit incorrectly decided the merits of an appeal, placing "too heavy a burden on the prisoner" at the certificate of appeal stage.); Miller-El v.

Cockrell, 537 U.S. 322, 342 (2003) ("The question is the debatability of the underlying constitutional claim, not the resolution of that debate").

Under this low standard, Chow's constitutional claim of ineffective assistance of trial counsel is debatable. The Court's prior order denying Chow's first amended motion to vacate at Dkt. No. 2398 indeed describes both Chow's and the Government's arguments as to various issues regarding trial counsel's performance—pretrial litigation strategy, pretrial discovery review and investigation, continuance, the Government's case-in-chief, the Defense's case, the jury instructions, and cumulative prejudice. Only Chow's Claim Two, Denial of Right to Conflict-Free Counsel, was entirely meritless, but it is not at issue here. See Dkt. No. 2398 at 42–43.

Therefore, the Court, upon reconsideration, grants a certificate of appealability as to Chow's Claim One, Ineffective Assistance of Counsel as to all issues. Cf. Furman v. Wood, 190 F.3d 1002, 1005 (9th Cir. 1999) (construing a certificate of appealability that emphasized a particular issue but did not purport to exclude other issues as encompassing all issues not expressly excluded).

Chow's argument that the certificate of appealability violates the Fifth Amendment is meritless. See Dkt. No. 2399 at 3. Chow's sole support for his assertion is derived from pleadings filed in a case currently pending before the Ninth Circuit, Noor v. Melissa Andrewjeski, Case No. 23-1736. He fails to cite to any binding authority.

The Court therefore GRANTS reconsideration and GRANTS a certificate of appealability.

**IT IS SO ORDERED**.

Dated: July 2, 2024

_____
Charles M. Breyer
United States District Judge